Amy Jane Longo (SBN 198304)
Amy.Longo@ropesgray.com
ROPES & GRAY LLP
10250 Constellation Blvd.
Los Angeles, California 90067
Tel: 310-975-3000
Fax: 310-975-3400

David B. Hennes* (*pro hac vice* forthcoming)
Andrew S. Todres* (*pro hac vice* forthcoming)
David.Hennes@ropesgray.com
Andrew.Todres@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: 212-596-9000
Fax: 212-596-9090

Isaac C.H. Sommers* (*pro hac vice* forthcoming)
Isaac.Sommers@ropesgray.com
ROPES & GRAY LLP
2099 Pennsylvania Ave NW
Washington, DC 20006
Tel: 202-508-4600
Fax: 202-508-4650

*Attorneys for Petitioner*
ZYGMUNT SOLORZ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF ZYGMUNT SOLORZ FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | ) Misc. Action No.: 2:25-mc-112 <br>) <br>) ***EX PARTE* APPLICATION AND** <br>) **PETITION FOR AN ORDER TO** <br>) **CONDUCT DISCOVERY FOR** <br>) **USE IN FOREIGN** <br>) **PROCEEDINGS** <br>) **PURSUANT TO 28 U.S.C. § 1782** <br>) |

Mr. Zygmunt Solorz ("Mr. Solorz" or "Petitioner") respectfully petitions this Court for an Order pursuant to 28 U.S.C § 1782 and Federal Rules of Civil Procedure 26, 30, 34, and 45 (and C.D. Cal. L.R. 7-19) permitting Mr. Solorz to conduct discovery for use in foreign proceedings, such discovery being in the form of the Subpoena attached as Exhibit 1 to the Proposed Order attached as Exhibit A to the Declaration of Isaac C.H. Sommers. The Petition is based on the Memorandum of Points and Authorities contained herein; the accompanying Declarations of Isaac C.H. Sommers and Simon Ott and exhibits attached thereto; any reply papers that Petitioner may file; all other records and papers filed or to be filed in this action; and such further arguments as may be presented to the Court at or prior to any hearing on the Petition.

Petitioner further states as follows:

1. Through this Petition, Mr. Solorz seeks assistance of this Court to obtain relevant discovery from Aleksandra Żak for use in three foreign proceedings presently ongoing in Liechtenstein (the "Foreign Proceedings"), as described in the concurrently filed Memorandum of Points and Authorities and the Declaration of Simon Ott.

2. Petitioner's discovery requests are set forth in the Subpoena attached as Exhibit 1 to the Proposed Order.

3. Section 1782 permits litigants in foreign proceedings to obtain discovery in the United States to assist in foreign litigation. In particular, Section 1782 states:

> The district court of the district in which a person resides or is found may order him to give his testimony or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

4. The statutory requirements of Section 1782 are satisfied here. As explained in the accompanying submissions, (i) Respondent resides in this District; (ii) the requested discovery is to be used in the Foreign Proceedings; and (iii) Petitioner is an "interested person" in the Foreign Proceedings because he is a party to the Foreign Proceedings before the Liechtenstein courts.

5. The discretionary factors set forth by the Supreme Court concerning Section 1782 also weigh in favor of granting the Petition. As explained further in the accompanying submissions: (i) the requested discovery cannot be obtained from Respondent in the proceedings pending in Liechtenstein; (ii) the courts of Liechtenstein are receptive to judicial assistance from a U.S. court; (iii) Petitioner is not attempting to circumvent foreign proof-gathering restrictions; and (iv) the requested discovery is not intrusive or burdensome. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 524 U.S. 241, 244-45 (2011).

6. Petitioner therefore respectfully requests that this Court expeditiously grant this *ex parte* application for an Order granting Petitioner leave to serve Respondent with the proposed Subpoena.

7. WHEREFORE, Petitioner respectfully requests that this Court enter an Order:

a. granting the application for discovery under 28 U.S.C. § 1782;

b. authorizing Petitioner to take discovery from Respondent Aleksandra Żak by issuing the proposed Subpoena;

c. directing Respondent to comply with the Subpoena issued in this case in accordance with the Federal Rules of Civil Procedure and the Rules of this Court;

d. directing Respondent to preserve all documents, electronic or otherwise, and any evidence in her possession, custody, or control that contains information potentially relevant to the subject matter of the Foreign Proceedings at issue in this Petition; and

e. retaining jurisdiction over this matter to hear any disputes arising out of or relating to the proposed Subpoena, including without limitation any party's motion to quash, motion for a protective order, or supplemental request for discovery assistance.

Dated: October 29, 2025    Respectfully submitted,


*/s/ Amy Jane Longo*
Amy Jane Longo (SBN 198304)
Amy.Longo@ropesgray.com
ROPES & GRAY LLP
10250 Constellation Blvd.
Los Angeles, California 90067
Tel: 310-975-3000
Fax: 310-975-3400

David B. Hennes* (*pro hac vice* forthcoming)
Andrew S. Todres* (*pro hac vice* forthcoming)
David.Hennes@ropesgray.com
Andrew.Todres@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: 212-596-9000
Fax: 212-596-9090

Isaac C.H. Sommers* (*pro hac vice* forthcoming)
Isaac.Sommers@ropesgray.com
ROPES & GRAY LLP
2099 Pennsylvania Ave NW
Washington, DC 20006
Tel: 202-508-4600
Fax: 202-508-4650

*Attorneys for Petitioner*
ZYGMUNT SOLORZ

Amy Jane Longo (SBN 198304)
Amy.Longo@ropesgray.com
ROPES & GRAY LLP
10250 Constellation Blvd.
Los Angeles, California 90067
Tel: 310-975-3000
Fax: 310-975-3400

David B. Hennes* (*pro hac vice* forthcoming)
Andrew S. Todres* (*pro hac vice* forthcoming)
David.Hennes@ropesgray.com
Andrew.Todres@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: 212-596-9000
Fax: 212-596-9090

Isaac C.H. Sommers* (pro hac vice forthcoming)
Isaac.Sommers@ropesgray.com
ROPES & GRAY LLP
2099 Pennsylvania Ave NW
Washington, DC 20006
Tel: 202-508-4600
Fax: 202-508-4650

*Attorneys for Petitioner*
ZYGMUNT SOLORZ

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF ZYGMUNT SOLORZ FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Misc. Action No.: 25-mc-112<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S EX PARTE APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782** |

1

# **TABLE OF CONTENTS**

2
PRELIMINARY STATEMENT ..................................................................6

3
I.  FACTUAL BACKGROUND ...........................................................9

4
   A.  Relevant Individuals..............................................................9

5
       1.  Petitioner Zygmunt Solorz...........................................9

6
       2.  Mr. Solorz's Children .................................................10

7
       3.  Jaroslaw Grzesiak ......................................................10

8
   B.  Mr. Solorz's Children's Attempted Takeover of the Foundations ........10

9
   C.  The Foreign Proceedings.......................................................12

10
   D.  Ms. Żak Has in Her Possession, Custody, and Control Information Directly Relevant to the Various Claims At Issue in the Foreign Proceedings ........................................................13

11

12

13

14
II.  LEGAL STANDARD ....................................................................14

15
III.  ARGUMENT.................................................................................16

16
   A.  Petitioner Satisfies the 28 U.S.C. § 1782 Statutory Requirements........16

17
       1.  Ms. Żak "Resides or Is Found" in the Central District of California. ........................................................................16

18

19
       2.  The Discovery Sought Is for Use in Foreign Proceedings. .........17

20
       3.  Petitioner is an "Interested Person." ...........................17

21
   B.  All of the Discretionary Factors of Section 1782 Weigh in Favor of Permitting the Discovery Petitioner Seeks. ........................................17

22

23
       1.  The First *Intel* Favors Granting Discovery or Is, at Minimum, Neutral. ........................................................18

24

25
       2.  The Second *Intel* Factor Favors Granting Discovery. .................20

26
       3.  The Third *Intel* Factor Favors Granting Discovery. ....................22

27
       4.  The Fourth *Intel* Factor Favors Granting Discovery. .................23

28

IV.   CONCLUSION ................................................................................................25

MEMORANDUM OF POINTS AND AUTHORITIES  IN SUPPORT OF PETITIONER'S EX PARTE
APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS
PURSUANT TO 28 U.S.C. § 1782

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*507 Summit LLC v. Roth Cap. Partners, LLC*,
  2023 WL 9319003 (C.D. Cal. Dec. 7, 2023) ......................................................20

*Absolute Activist Value Master Fund Ltd. v. Devine*,
  2025 WL 764608 (11th Cir. Mar. 11, 2025) .....................................................17

*Advanced Micro Devices, Inc. v. Intel Corp.*,
  292 F.3d 664 (9th Cir. 2002), *aff'd*, 542 U.S. 241 (2004)..............................13

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*,
  793 F.3d 1108 (9th Cir. 2015) ..........................................................................13

*In re Align Tech., Inc.*,
  2022 WL 18460717 (C.D. Cal. Dec. 15, 2022)....................................10, 11, 16

*In re Ex Parte Apple Inc.*,
  2015 WL 5838606 (S.D. Cal. Oct. 7, 2015) ......................................................13

*In re Application Pursuant to 28 U.S.C. 1782 of Japan Display Inc.*,
  2021 WL 4391882 (C.D. Cal. Apr. 5, 2021) .........................................16, 18, 19

*de Leon v. Clorox Co.*,
  2020 WL 4584204 (N.D. Cal. Aug. 10, 2020) ...................................................19

*de Leon v. Clorox Co.*,
  2021 WL 718840 (N.D. Cal. Feb. 24, 2021) ......................................................20

*In re Gliner*,
  133 F.4th 927 (9th Cir. 2025) .....................................................................11, 20

*In re H.M.B. Ltd.*,
  2018 WL 4778459 (S.D. Fla. July 2, 2018) .......................................................16

*In re Hattori*,
  2021 WL 4804375 (N.D. Cal. Oct. 14, 2021) ....................................................19

*HRC-Hainan Holding Co., LLC v. Yihan Hu*,
  2020 WL 906719 (N.D. Cal. Feb. 25, 2020)......................................................18

iii

MEMORANDUM OF POINTS AND AUTHORITIES  IN SUPPORT OF PETITIONER'S EX PARTE
APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS
PURSUANT TO 28 U.S.C. § 1782

*In re Ibrahim,*
    2002 WL 35660985 (C.D. Cal. Oct. 31, 2002) ................................................. 18

*In re ex parte Application of Dr. André von Moos,*
    3:21-mc-80258-SK (N.D. Cal. Dec. 7, 2021)............................................. 13, 17

*In re ex parte Application of Ontario Principals' Council,*
    2013 WL 6073517 (N.D. Cal. Nov. 8, 2013) .................................................. 10

*In re § 1782 Application of Xiaomi Corp.*, 2025 WL 2772693 (N.D. Cal.
    Sept. 29, 2025) ................................................................................................ 15

*Intel Corp. v. Advanced Micro Devices, Inc.,*
    542 U.S. 241 (2004)....................................................................................*passim*

*Japan Display Inc. v. Tianma Am., Inc.,*
    2021 WL 5990191 (C.D. Cal. Oct. 1, 2021) .................................................. 10

*Khrapunov v. Prosyankin,*
    931 F.3d 922 (9th Cir. 2019) .......................................................................... 11

*In re Koninklijke Philips N.V.,*
    2018 WL 620414 (S.D. Cal. Jan. 30, 2018) ................................................... 19

*In re Letter of Request from Liechtenstein,*
    Docket No. 1:03-cv-21637 (S.D. Fla. Jun 17, 2003)...................................... 17

*In re Letters Rogatory from Tokyo Dist.,*
    539 F.2d 1216 (9th Cir. 1976) ........................................................................ 10

*Matter of Lufthansa Technick AG,*
    2019 WL 280000 (W.D. Wash. Jan. 22, 2019) .............................................. 15

*Matter of Lufthansa Technik AG,*
    2011 WL 13586068 (W.D. Wash. Oct. 6, 2011).............................................. 15

*Lufthansa Technik AG v. Thales Avionics, Inc.,*
    2024 WL 3996618 (C.D. Cal. Aug. 2, 2024) .................................................. 13

*In re McKillen,*
    2024 WL 3679548 (C.D. Cal. July 30, 2024) ................................................. 19

*In re Murchinson Ltd.,*
    2024 WL 489175 (C.D. Cal. Jan. 26, 2024)..................................................... 18

*Novalpina Cap. Partners I GP S.A.R.L v. Read*,
   149 F.4th 1092 (9th Cir. 2025) ........................................................... 12

*Palantir Technologies, Inc. v. Abramowitz*,
   415 F. Supp. 3d 907 (N.D. Cal. 2019) ................................................. 15

*In re Republic of*,
   2011 WL 4434816 (N.D. Cal. Sept. 23, 2011) ..................................... 20

*In re Republic of Ecuador*,
   2010 WL 3702427 (N.D. Cal. Sept. 15, 2010) ............................. 10, 20

*In re Roanoke Ins. Grp., Inc.*,
   2021 WL 1753810 (N.D. Cal. May 4, 2021) ........................................ 20

*Siemens AG v. W. Digital Corp.*,
   2013 WL 5947973 (C.D. Cal. Nov. 4, 2013) ....................................... 15

*Smoothline LTD v. N. Am. Foreign Trading Corp.*,
   2000 WL 1015949 (S.D.N.Y. July 24, 2000) ...................................... 17

*Smoothline Ltd. v. N. Am. Foreign Trading Corp.*,
   249 F.3d 147 (2d Cir. 2001) ................................................................ 17

*In re Tenenbaum*,
   2018 WL 10451506 (C.D. Cal. Nov. 19, 2018) ................................... 11

*United States v. Google LLC*,
   690 F. Supp. 3d 1011 (N.D. Cal. 2023) ................................... 12, 17, 18

*USA v. Gushlak*,
   1:03-cr-833 (E.D.N.Y. Feb. 13, 2013) .......................................... 13, 17

**Statutes**

28 U.S.C. § 1782 ................................................................................. *passim*

**Other Authorities**

Local Rule 7-19.1 .................................................................................. 10

Petitioner Zygmunt Solorz ("Mr. Solorz" or the "Petitioner") respectfully submits this Memorandum of Points and Authorities in support of his *ex parte* Application and Petition (the "Petition") pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order authorizing him to obtain limited discovery from Alexandra Żak ("Ms. Żak") pursuant to the Subpoena attached as Exhibit 1 to the Proposed Order (which is attached as Exhibit A to the Declaration of Isaac C.H. Sommers).

## PRELIMINARY STATEMENT

Petitioner Zygmunt Solorz brings this Petition to obtain discovery from his daughter, Ms. Żak—a resident of Los Angeles—in aid of three proceedings pending in Liechtenstein (the "Foreign Proceedings") arising out of a scheme to oust him from the business empire that he built. As detailed herein, the Petition easily satisfies the three statutory requirements of Section 1782, and the discretionary factors that courts have been instructed to consider when evaluating Section 1782 discovery requests weigh in favor of permitting discovery here. Accordingly, the Petition should be granted.

Mr. Solorz is a Polish entrepreneur who founded Poland's first private television station and many other successful businesses. His core business assets are held by two Liechtenstein-based "foundations" (roughly comparable to "trusts" in the U.S.) known as the "TiVi Foundation" and the "Solkomtel Foundation" (together, the "Foundations"). Mr. Solorz is the sole founder and sole primary beneficiary of those Foundations. In August 2024, Mr. Solorz's children—working with Jaroslaw Grzesiak, who had previously served as a legal advisor to various companies owned by the Foundations and serves on the Foundations' boards—attempted to obtain control over those Foundations by inducing him to execute certain written declarations (the "Declarations") to amend the Foundations' governing documents. While his children represented to him that the Declarations were intended to protect the Foundations and their family, the Declarations were actually designed to permanently

strip Mr. Solorz of certain control over the Foundations and to instead transfer such control to his children.

After discovering that he had been misled into executing these Declarations—which did not reflect his intended plans for the Foundations—Mr. Solorz undertook prompt actions to revoke the Declarations, restore his control over the Foundations, and execute further amendments to the Foundations' governing documents (the "Corrective Actions"). Dozens of legal proceedings throughout Europe relating to the validity of the Declarations and the Corrective Actions have ensued since August 2024.

In this Petition, Mr. Solorz seeks narrowly tailored discovery from Ms. Żak in aid of three such proceedings currently pending in the Princely District Court of Vaduz, Liechtenstein: (i) a proceeding in which Mr. Solorz seeks to invalidate the Declarations that purported to vest his children with certain control over the Solkomtel Foundation (the "Solkomtel Application"), (ii) a proceeding in which Mr. Solorz seeks the dismissal of Mr. Grzesiak from the board of the TiVi Foundation (the "Grzesiak Dismissal Motion"), and (iii) a proceeding in which Mr. Solorz seeks to invalidate resolutions that purported to remove him as the Chairman of the Supervisory Boards of certain Polish companies held by the TiVi Foundation (the "Solorz Removal Application"). It is beyond dispute that Ms. Żak possesses documents and information that are directly relevant to core issues in dispute in each of the Foreign Proceedings, all of which arise from and relate to efforts by Mr. Solorz's children—including Ms. Żak—to gain control over the Foundations.

The Petition easily satisfies the three statutory requirements of Section 1782. *First*, Ms. Żak—a resident of Los Angeles—is "found" within the Central District of California. *Second*, the requested discovery is sought for use in ongoing civil proceedings pending before the courts of Liechtenstein. And *third*, the Petitioner is a

party to each of the Foreign Proceedings and is thus an "interested person" in those proceedings.

Moreover, the discretionary factors for evaluating Section 1782 requests set forth in the Supreme Court's *Intel* decision weigh strongly in the Petitioner's favor. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

***Party Status***.  The first factor—whether the person from whom discovery is sought is a party to the Foreign Proceedings—weighs in favor of granting the Petition or is, at minimum, neutral.  As explained in the accompanying declaration of Liechtenstein attorney Simon Ott, (the "Ott Declaration" or "Ott Decl."), while Ms. Żak is a party to two of three Foreign Proceedings, Liechtenstein courts do not have U.S.-style civil pre-trial discovery procedures, and in any event cannot compel a U.S.-based party (or non-party) to provide discovery.  Courts routinely permit Section 1782 discovery to be served on parties to proceedings pending in these circumstances and—in similar European jurisdictions where no civil discovery is available, such as Germany—have held this first *Intel* factor to weigh in favor of Petitioner or be neutral.

***Receptivity to 1782 Discovery***.  The second factor—whether the foreign court will be receptive to the evidence obtained via Section 1782 discovery—weighs in favor of granting the Petition.  U.S. courts have consistently permitted Section 1782 discovery in aid of proceedings pending in Liechtenstein courts, including requests for 1782 discovery made ***by Liechtenstein courts.***  And, as set forth in the Ott Declaration, any documents or information obtained pursuant to the Petition can be introduced and admitted as evidence in the Foreign Proceedings.

***Foreign Proof-Gathering Policies***.  The third factor—whether the Petition seeks to circumvent any foreign proof-gathering restrictions or other policies—also weighs in favor of granting the Petition.  As explained in the Ott Declaration, Liechtenstein courts do not prohibit obtaining evidence through Section 1782 proceedings or other lawful procedures in jurisdictions outside of Liechtenstein.

***Discovery Burdens***.   Finally, the fourth factor—whether the Section 1782 discovery sought is unduly burdensome or intrusive—also weighs in favor of granting the Petition.  Mr. Solorz's proposed discovery requests are narrowly tailored, seeking documents and communications over a limited period of time relating to the execution of the Declarations and subsequent Corrective Actions by Mr. Solorz.  In any event, as courts have recognized, any burden-related objections can be resolved through standard Rule 45 practice once the Subpoena has been issued, and Petitioner is prepared to meet-and-confer regarding the scope of the proposed document requests to attempt to reduce any claimed burden as and when appropriate.

For all of these reasons, and as set forth more fully below, Mr. Solorz respectfully requests that this Court grant the Petition.

## I.    FACTUAL BACKGROUND[1]

### A.    Relevant Individuals

#### 1.    Petitioner Zygmunt Solorz

The Petitioner, Zygmunt Solorz, is a Polish entrepreneur who is known for establishing the first private television station in Poland and numerous other successful media and telecommunications businesses.  *See* Ott Decl. ¶ 6.  He is one of the wealthiest individuals in Europe.  *See* Ott Decl. ¶ 6.  Mr. Solorz contributed his core business assets—including the television station—to two Liechtenstein-based foundations known as the "TiVi Foundation" and the "Solkomtel Foundation."  *See* Ott Decl. ¶ 6.  The Foundations are formed under Liechtenstein law and based in Vaduz, Liechtenstein.  *See* Ott Decl. ¶ 6.  Mr. Solorz is the sole founder, sole primary beneficiary, and sole curator of the Foundations.  *See* Ott Decl. ¶ 6.

---

[1] The factual background is drawn from the Ott Declaration, which summarizes and attaches evidence submitted in the Foreign Proceedings.  *See* Ott Decl. ¶¶ 11-38.

### 2.    Mr. Solorz's Children

Mr. Solorz has three children: Piotr Żak, who resides in Poland; Tobias Solorz, who resides in Dubai; and Ms. Żak, who resides in Los Angeles, California.  *See* Ott Decl. ¶ 7-8.  All of Mr. Solorz's children purport to be secondary beneficiaries of the Foundations.  *See* Ott Decl. ¶ 7.  His sons have sought to be involved in and have held various positions at the businesses owned indirectly by the Foundations.  *See* Ott Decl. ¶ 7.  By contrast, Ms. Żak left Poland several years ago and has resided in the United States since at least 2019, and has not been involved in the day-to-day operations of the businesses owned indirectly by the Foundations.  *See* Ott Decl. ¶ 7.  According to publicly available information, she owns or operates an animal shelter in the Los Angeles, California area.  *See* Ott Decl. ¶ 7.

Ms. Żak is the person from whom discovery is sought in this Petition.  Based on publicly available information and Ms. Żak's own testimony in the Foreign Proceedings, Ms. Żak presently resides at 9950 Toluca Lake Avenue, North Hollywood, CA, 91602.  *See* Ott Decl. ¶¶ 7-8.

### 3.    Jaroslaw Grzesiak

Jaroslaw Grzesiak is Mr. Solorz's former friend and confidante, and he had previously served as a legal advisor to various companies owned by the Foundations. *See* Ott Decl. ¶ 10.  As detailed in the Ott Declaration, Mr. Grzesiak has both previously served on and is currently serving on the boards of the Foundations.  *See* Ott Decl. ¶ 10.

### B.    Mr. Solorz's Children's Attempted Takeover of the Foundations

In late July 2024, during a family gathering, Mr. Solorz's children—including Ms. Żak—began having discussions with Mr. Solarz regarding testamentary matters, including in relation to Mr. Solorz's will.  *See* Ott Decl. ¶ 15.

On August 1, 2024, Mr. Solorz, his children, and Mr. Solorz's attorney, Jerzy Modrzejewski, met to follow up on the topics discussed during the gathering.  *See* Ott

Decl. ¶ 16.   The children also raised the possibility of potential changes to the Foundations' governing documents.   *See* Ott Decl. ¶ 16.   At the end of the day's discussions, Mr. Modrzejewski informed Mr. Solorz and his children that he was planning to travel on vacation the next day, suggesting that he either postpone his travel plans or that the group postpone more detailed discussions regarding changes to the governing documents until such time as he was able to participate.  *See* Ott Decl. ¶ 16.   However, Ms. Żak encouraged him to keep his travel plans, stated that his presence for any potential further discussions was not necessary, and stated that if any further discussions regarding changes to the governing documents occurred without him during his vacation, Mr. Solorz and the children could update him on those discussions once he returned.  *See* Ott Decl. ¶ 16.

Then, on August 2, 2024, with Mr. Solorz's legal advisor on vacation, the children met with Mr. Solorz and advised him that they had drafted legal declarations intended to effect changes to the Foundations' governance.  *See* Ott Decl. ¶ 17.  His children insisted that executing the Declarations was in his interests and those of the Foundations, and they further assured him that he would not lose any control over the Foundations by executing the Declarations.  *See* Ott Decl. ¶ 18.  Mr. Solorz's notary then called Mr. Modrzejewski so that Mr. Solorz could speak with him about the Declarations being proposed by his children.  *See* Ott Decl. ¶ 18.  But Ms. Żak stated that it was urgent that Mr. Solorz execute the Declarations and that there was no time for Mr. Solorz to consult with his counsel.  *See* Ott Decl. ¶ 18.  The call with Mr. Modrzejewski was then terminated, and Mr. Solorz then executed the Declarations that day, as his children urged him to do.  *See* Ott Decl. ¶ 18.

While Mr. Solorz executed the Declarations on the basis of his children's representations to him that the Declarations were intended to protect the Foundations and their family, it would later become clear to Mr. Solorz that the Declarations were actually designed to permanently strip Mr. Solorz of certain control over the

Foundations and to instead transfer such control to his children.  *See* Ott Decl. ¶ 13. Moreover, Mr. Solorz later learned that Ms. Żak had been in communication with Mr. Grzesiak—a long-time advisor to Mr. Solorz and his businesses—regarding potential changes of control over the Foundations.  *See* Ott Decl. ¶ 19.  Specifically, Mr. Grzesiak has testified in the Foreign Proceedings that Ms. Żak and her husband sought advice from him regarding a change of control of the Foundations and that Ms. Żak and her husband had asked Mr. Grzesiak to speak with their U.S. counsel regarding the U.S. tax implications if certain rights of control concerning the Foundations were to transfer to Ms. Żak.  *See* Ott Decl. ¶ 19.

After discovering that he had been improperly induced into executing these Declarations, which did not reflect his intended plans for the Foundations, Mr. Solorz undertook prompt Corrective Actions to revoke the Declarations, restore his control over the Foundations, and execute further amendments to the Foundations' governing documents.  *See* Ott Decl. ¶ 21 and Exhibits E, F, G, and H.  His children and certain of his advisors, including Mr. Grzesiak—his former confidante and friend—have rejected the Corrective Actions as invalid under Liechtenstein law.  *See* Ott Decl. ¶ 21.

## C.    The Foreign Proceedings

The execution of the Declarations and subsequent Corrective Actions to revoke them have led to the initiation of dozens of legal proceedings by various parties in Liechtenstein and other foreign jurisdictions, which generally relate to the validity of the Declarations, the Corrective Actions, and the control and governance of the Foundations and the companies held by them.  *See* Ott Decl. ¶ 22.

Relevant to the Petition here are three proceedings presently pending in Liechtenstein, detailed in the Ott Declaration:  (i) the Solkomtel Application, in which Mr. Solorz seeks to invalidate the Declarations that purported to vest his children with certain control over the Solkomtel Foundation, *see* Ott Decl. ¶¶ 24-31, (ii) the Grzesiak Dismissal Motion, in which Mr. Solorz seeks the dismissal of Mr. Grzesiak from the

board of the TiVi Foundation, *see* Ott Decl. ¶¶ 32-35, and (iii) the Solorz Removal Application, in which Mr. Solorz seeks to invalidate resolutions that purported to remove him as the Chairman of the Supervisory Boards of certain Polish companies held by the TiVi Foundation, *see* Ott Decl. ¶¶ 36-38.  Each of these proceedings is currently pending at the trial court level. *See* Ott Decl. ¶¶ 31, 32, 36.[2]

### D. Ms. Żak Has in Her Possession, Custody, and Control Information Directly Relevant to the Various Claims At Issue in the Foreign Proceedings

Although, unlike her brothers, Ms. Żak has not been involved in the day-to-day operations of the businesses owned indirectly by the Foundations, she has—as detailed above and in the Ott Declaration—played a critical role in the events which took place on and around August 2, 2024, and has been in close communication with her brothers and with Mr. Grzesiak regarding those events. *See, e.g.*, Ott Decl. ¶¶ 7, 15-21, 31, 35, 38, 52.  Those events are central to the Foreign Proceedings.

Ms. Żak has documents and information directly relevant to each of the three Foreign Proceedings because, as demonstrated through evidence already submitted in those proceedings, including her own affidavit, the testimony of Mr. Grzesiak, and certain other related actions in which she has been involved (including the appointment of Mr. Grzesiak to the TiVi Foundation board), she has personal knowledge regarding: (i) the efforts by Ms. Żak and her brothers to improperly induce Mr. Solorz into signing declarations ceding certain control of the Foundations to his children (relevant to all of the Foreign Proceedings), (ii) related efforts to strip Mr. Solorz of oversight or control over the businesses he founded, and (iii) Mr. Grzesiak's service on the TiVi

---

[2] The Solkomtel Application is presently stayed pending the resolution of matters being litigated in separate application relating to the TiVi Foundation; however, Mr. Solorz will have the ability to submit new evidence in the Solkomtel Application once the stay is lifted. *See* Ott Decl. ¶¶ 26-30.  In all events, Mr. Solorz reserves the right to seek discovery in support of any other foreign proceedings relating to or arising from the Declarations and Corrective Actions, including, but not limited to, the above-mentioned proceedings concerning the TiVi Foundation.

Foundation board and actions taken in that capacity.  *See* Ott Decl. ¶¶ 7, 15-21, 31, 35, 38, 52.  Accordingly, the discovery requested from Ms. Żak through this Petition will aid the Liechtenstein courts in their consideration of the disputed matters.  *See* Ott Decl. ¶¶ 31, 35, 38.

## II.    <u>LEGAL STANDARD</u>

28 U.S.C. § 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . .  The order may be made . . . upon the application of any interested person . . . .  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).

*Ex parte* applications are an "'acceptable method'" for pursuing discovery under Section 1782, and it is indeed "common for parties to request and obtain orders authorizing discovery ex parte."  *In re Application Pursuant 28 U.S.C. § 1782 of Japan Display Inc. v. Tianma Am., Inc.*, 2021 WL 5990191, at *7 (C.D. Cal. Oct. 1, 2021) (granting in part motion to compel respondent's compliance with subpoena issued pursuant to Section 1782); *In re ex parte Application of Ontario Principals' Council*, 2013 WL 6073517, at *1 (N.D. Cal. Nov. 8, 2013).  *Ex parte* applications are appropriate because "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'"  *In re Republic of Ecuador*, 2010 WL 3702427, at *3 (N.D. Cal. Sept. 15, 2010) (citations omitted); *see, e.g.*, *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976) (rejecting objections to *ex parte* Section 1782 discovery because subpoenaed parties may "raise[] objections and exercise[] their due process rights by motions to quash").[3]

---

[3] Ms. Żak is understood to be represented in certain matters by Bartosz Krużewski and Łukasz Piergies of the law firm Clifford Chance, whose contact information is Norway House, ul. Lwowska 19, Warsaw, 00-660 Poland, +48224299514 and +48224299433,

Federal courts employ a two-stage inquiry to determine whether to grant a motion under Section 1782. *See, e.g.*, *In re Align Tech., Inc.*, 2022 WL 18460717, at *3 (C.D. Cal. Dec. 15, 2022) (granting Section 1782 petition), *report and recommendation adopted*, 2023 WL 405316 (C.D. Cal. Jan. 24, 2023). ***First***, the court must determine "if [it] has the authority to grant the [Section 1782] Application." *Id.* Section 1782 has three "statutory requirements" which must be satisfied for the court to have authority to grant a petition: "(1) the person from whom discovery is sought must reside or be found in the Central District; (2) the applicant must be an "'interested party'" in the foreign proceeding; and (3) the discovery must be for use in the foreign tribunal." *In re Tenenbaum*, 2018 WL 10451506, at *1 (C.D. Cal. Nov. 19, 2018) (granting Section 1782 discovery), *modified*, 2019 WL 7997234 (C.D. Cal. July 11, 2019) (granting petitioner's request to broaden scope of discovery); *see In re Gliner*, 133 F.4th 927, 932 (9th Cir. 2025) (vacating denial of Section 1782 petition and finding abuse of discretion where district court failed to consider statutory and discretionary factors); *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (listing statutory factors).

***Second***, the district court must exercise "discretion to decide whether to grant discovery under Section 1782" by considering four "non-exhaustive factors" articulated by the Supreme Court. *In re Gliner*, 133 F.4th at 932-33. These factors are "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) whether the discovery request 'conceals an attempt to circumvent foreign proof-gathering

and                          bartosz.kruzewski@cliffordchance.com                          and lukasz.piergies@cliffordchance.com. *See* L.R. 7-19. As set forth in the Declaration of Isaac C.H. Sommers, Mr. Solorz's counsel has provided notice of this Petition to counsel for Ms. Żak, as required by Local Rule 7-19.1. *See* Sommers Decl. ¶¶ 5-6.

restrictions or other policies of a foreign country or the United States'; and (4) whether the discovery request is 'unduly intrusive or burdensome.'" *Id.* at 933 (quoting *Intel*, 542 U.S. at 264-65).

Courts consider these factors in light of Congress's intent behind Section 1782, which is "to provide 'efficient assistance to participants in international litigation.'" *Id.* at 932 (quoting *Intel*, 542 U.S. at 252); *see In re Align Tech., Inc.*, 2022 WL 18460717, at \*3 (citing purpose of Section 1782 as articulated in *Intel*); *United States v. Google LLC*, 690 F. Supp. 3d 1011, 1019 (N.D. Cal. 2023) (citing purpose of Section 1782 as articulated in *Intel* and granting Section 1782 petition). Over the years, Section 1782 has experienced "continuous expansion—rather than retraction—of the kind of assistance federal courts can provide to foreign tribunals," as Section 1782's scope has "'substantially broadened'" over time. *Novalpina Cap. Partners I GP S.A.R.L v. Read*, 149 F.4th 1092, 1102-04 (9th Cir. 2025) (permitting use of discovery obtained through Section 1782 "in other proceedings absent an order to the contrary") (quoting *Intel*, 542 U.S. at 247).

## III. <u>ARGUMENT</u>

### A. **Petitioner Satisfies the 28 U.S.C. § 1782 Statutory Requirements.**

Petitioner satisfies the three statutory requirements of Section 1782. First, Ms. Żak "resides or is found" within the Central District of California. Second, the requested discovery is sought for use in Foreign Proceedings that Mr. Solorz is engaged in. And third, Mr. Solorz, as the movant in the Foreign Proceedings, is an "interested person" in those proceedings.

### 1. **Ms. Żak "Resides or Is Found" in the Central District of California.**

First, Ms. Żak is a person who is found in the Central District of California, because she resides at 9950 Toluca Lake Avenue, North Hollywood, CA, 91602, which is located in this District, as reflected in her own submissions in the Foreign

Proceedings and as confirmed through publicly available information.  *See* Ott Decl. ¶ 7-8.

### 2.    The Discovery Sought Is for Use in Foreign Proceedings.

Second, the discovery sought is for use in foreign proceedings in Liechtenstein. *See* Ott Decl. ¶ 23.  The ongoing actions in Liechtenstein courts qualify as "foreign proceedings" for purposes of Section 1782, as it is well established that judicial proceedings in Liechtenstein satisfy Section 1782's "foreign tribunal" requirement. *See, e.g.*, *In re ex parte Application of Dr. André von Moos*, 3:21-mc-80258-SK (N.D. Cal. Dec. 7, 2021), ECF No. 14 at 2 and ECF Nos. 1 at 2, 1-1 at 12 (permitting Section 1782 discovery "in aid of Petitioner's prosecution of claims pending in a court in Liechtenstein"); *USA v. Gushlak*, 1:03-cr-833 (E.D.N.Y. Feb. 13, 2013), Feb. 13, 2013 Order and ECF No. 114 (permitting use of Section 1782 discovery in "Liechtenstein litigation against the trust which she established").

### 3.    Petitioner is an "Interested Person."

The third requirement is met because Mr. Solorz, who is a "party to the foreign proceedings underlying this case," is unquestionably a "interested person" within the meaning of Section 1782, as he is a "'litigant[] before foreign or international tribunals.'"  *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (quoting *Intel*, 542 U.S. at 257 and affirming grant of Section 1782 discovery).

### B.    All of the Discretionary Factors of Section 1782 Weigh in Favor of Permitting the Discovery Petitioner Seeks.

After the three statutory requirements are met, courts must consider the four discretionary *Intel* factors.  It is well established that Section 1782 promotes the "allowance of liberal discovery."  *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 669 (9th Cir. 2002), *aff'd*, 542 U.S. 241 (2004); *see, e.g.*, *Lufthansa Technik AG v. Thales Avionics, Inc.*, 2024 WL 3996618, at *16 (C.D. Cal. Aug. 2, 2024) (noting "liberal discovery framework[] of section 1782" and granting discovery),

*report and recommendation adopted*, 2024 WL 3993847 (C.D. Cal. Aug. 29, 2024); *see also, e.g.*, *In re Ex Parte Apple Inc.*, 2015 WL 5838606, at *4 (S.D. Cal. Oct. 7, 2015) (noting that courts "favor broad discovery generally" under Section 1782). Here, the discretionary factors weigh in favor of granting the requested discovery for the Petitioner.

First, U.S.-style discovery is not available in the Foreign Proceedings under Liechtenstein civil litigation procedure, and Liechtenstein courts cannot compel discovery against a U.S.-based party like Ms. Żak.  In these circumstances, courts routinely permit Section 1782 discovery.  Second, Liechtenstein courts have historically been receptive to considering evidence obtained through Section 1782 discovery (as reflected by both U.S. courts' grants of Section 1782 petitions in aid of Liechtenstein proceedings, and Liechtenstein courts' own requests made pursuant to Section 1782), and any evidence obtained through Section 1782 discovery will be admissible in the Foreign Proceedings.  Third, Liechtenstein courts do not prohibit obtaining evidence through Section 1782 proceedings or other lawful procedures in jurisdictions outside of Liechtenstein; accordingly, the Petition is not an attempt to circumvent foreign rules or policies.  Fourth, Petitioner's discovery requests are not intrusive or burdensome, but are narrowly tailored—focusing on documents and communications over a limited period of time relating specifically to issues that are central to the Foreign Proceedings—and Petitioner is prepared to engage in good faith discussions with Respondent if necessary to address any claimed burden.

### 1. The First *Intel* Favors Granting Discovery or Is, at Minimum, Neutral.

The first *Intel* factor—which considers whether "the person from whom discovery is sought is a participant in the foreign proceeding," 542 U.S. at 264—weighs in favor of granting the Petition or is, at minimum, neutral.  That is because, although Ms. Żak is a party to two of the three Foreign Proceedings, *see* Ott Decl. ¶¶

24, 34, 36, Liechtenstein courts do not have U.S.-style discovery procedures in civil proceedings, and in any event cannot compel a U.S.-based party (or non-party) to provide discovery. *See* Ott Decl. ¶ 41. Accordingly, this case does not fall within the line of cases where the first *Intel* factor militates against discovery on the ground that "the foreign or international tribunal can exercise its own jurisdiction [over the respondent] to order production of the evidence." *Intel*, 542 U.S. at 264 (citations omitted). Instead, where, as here, the "discovery sought in a § 1782 application is not within the foreign tribunal's jurisdictional reach, the need for § 1782 discovery is ***more*** apparent." *In re § 1782 Application of Xiaomi Corp.*, 2025 WL 2772693, at *2 (N.D. Cal. Sept. 29, 2025) (emphasis added).

To that end, courts have consistently held that where discovery is sought from a party to a proceeding pending in a foreign jurisdiction where U.S.-style discovery is not available (such as Germany), the first *Intel* factor weighs in favor of the petitioner or is, at minimum, neutral. For instance, in *Palantir Technologies, Inc. v. Abramowitz*, the court held that the first *Intel* factor weighed in favor of petitioner and permitted discovery on a party to a German proceeding because the German court "[could not] order the discovery sought," and thus the petitioner could not obtain discovery absent Section 1782. 415 F. Supp. 3d 907, 912 (N.D. Cal. 2019); *see also In re § 1782 Application of Xiaomi Corp.*, 2025 WL 2772693, at *2 (petitioner likely "cannot obtain" discovery in foreign proceeding as "German discovery procedures do not allow for 'even remotely comparable discovery' as in the United States").

The same result is compelled here, where the appropriate and only feasible method for Mr. Solorz to obtain the highly relevant information in Ms. Żak's possession for use in Foreign Proceedings is to pursue that evidence through Section 1782. *See, e.g.*, *Matter of Lufthansa Technik AG*, 2011 WL 13586068, at *2 (W.D. Wash. Oct. 6, 2011) (first *Intel* factor weighed in favor of granting petition even though respondent was a party to the foreign proceeding because the foreign court "could not

order [respondent] to produce the subject materials even if it wanted to"); *Siemens AG v. W. Digital Corp.*, 2013 WL 5947973, at *2 (C.D. Cal. Nov. 4, 2013) (granting discovery and holding first *Intel* factor was neutral even though respondent was a defendant in the foreign proceeding because foreign court system "does not provide [petitioner] with the necessary discovery mechanisms"); *Matter of Lufthansa Technick AG*, 2019 WL 280000, at *2 (W.D. Wash. Jan. 22, 2019) (first *Intel* factor weighed in favor of granting petition even though respondent was a party to the foreign proceeding because of "lack of an effective discovery mechanism" in foreign proceeding).[4]

## 2.    The Second *Intel* Factor Favors Granting Discovery.

The second *Intel* factor—which evaluates "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," 542 U.S. at 264—clearly weighs in favor of granting the Petition.  That is because (i) U.S. courts have consistently permitted Section 1782 discovery in aid of proceedings

---

[4] Even if Liechtenstein courts had the power to exercise jurisdiction over and require U.S.-style discovery from parties residing outside of Liechtenstein—they do not—the first *Intel* factor would still favor granting Section 1782 discovery from Ms. Żak for use in the Solorz Removal Application given that she is not a party to that proceeding. *See* Ott Decl. ¶ 36; *see, e.g.*, *In re Align Tech., Inc.*, 2022 WL 18460717, at *5 ("[T]he first *Intel* factor weighs in favor of Section 1782 discovery" because respondent "is not a party to the [foreign] Action and, thus, outside the jurisdictional reach of the [foreign] tribunal.").  However, because Liechtenstein courts do not have the ability to compel such discovery—from parties or non-parties—in any of the Foreign Proceedings, discovery from Ms. Żak is appropriate in all three of them for all the reasons above.  *See also In re Application Pursuant to 28 U.S.C. 1782 of Japan Display Inc.*, 2021 WL 4391882, at *3 (C.D. Cal. Apr. 5, 2021) (first *Intel* factor favored granting petition "even if Respondent is found to be a party" because "discovery procedures in [the foreign court] are very limited"); *In re H.M.B. Ltd.*, 2018 WL 4778459, at *8 (S.D. Fla. July 2, 2018), *report and recommendation adopted*, 2018 WL 4776382 (S.D. Fla. Aug. 24, 2018) (first *Intel* factor weighed in favor of petition even if respondent was equivalent to a party in one of three foreign proceedings).

pending in Liechtenstein courts, including requests for Section 1782 discovery made *by Liechtenstein courts*, and (ii) the Foreign Proceedings are all at stages of litigation in which any new evidence obtained through this Petition could be introduced and admitted as evidence in those proceedings.

*Liechtenstein Courts Are Receptive to Section 1782 Discovery.* U.S. courts have consistently permitted Section 1782 discovery in aid of claims pending in Liechtenstein courts. *See In re ex parte Application of Dr. André von Moos*, 3:21-mc-80258-SK (N.D. Cal. Dec. 7, 2021), ECF No. 14; *Gushlak*, 1:03-cr-833 (E.D.N.Y. Feb. 13, 2013), Feb. 13, 2013 Order; *see also Smoothline LTD v. N. Am. Foreign Trading Corp.*, 2000 WL 1015949, at *6 (S.D.N.Y. July 24, 2000), *rev'd on other grounds sub nom. Smoothline Ltd. v. N. Am. Foreign Trading Corp.*, 249 F.3d 147 (2d Cir. 2001) (although denying Section 1782 petition as too broad, holding that petitioner "is entitled to seek discovery" based on expert declaration that "'any evidence obtained could be considered by the Liechtenstein court'").

In fact, Liechtenstein courts have themselves invoked Section 1782 to obtain discovery in the United States for use in Liechtenstein courts. *See, e.g.*, *Absolute Activist Value Master Fund Ltd. v. Devine*, 2025 WL 764608, at *2 (11th Cir. Mar. 11, 2025) (Liechtenstein court initiated discovery request in aid of criminal proceedings pursuant to 28 U.S.C. § 1782); *In re Letter of Request from Liechtenstein*, Docket No. 1:03-cv-21637 (S.D. Fla. Jun 17, 2003), ECF No. 1 (discovery requested by the High Court of Liechtenstein in aid of criminal proceedings). This further indicates that Liechtenstein courts are "receptive to judicial assistance." *Google*, 690 F. Supp. 3d at 1020 (foreign jurisdiction "clearly receptive" to U.S. assistance when foreign courts themselves had initiated discovery requests).

*Any Discovery Obtained Through Section 1782 Can Be Admitted in the Foreign Proceedings.* As detailed in the Ott Declaration, given Liechtenstein courts' permissive evidentiary procedures in their trial courts and the current stages of the

Foreign Proceedings, any documents and communications obtained—including through Section 1782 discovery—may be introduced and admitted as evidence. *See* Ott Decl. ¶¶ 30, 32, 36, 43-50. This further tilts the second *Intel* factor toward granting discovery. *See, e.g.*, *In re Application Pursuant to 28 U.S.C. 1782 of Japan Display Inc.*, 2021 WL 4391882, at *4 (granting Section 1782 discovery and finding second *Intel* factor weighed in favor of petitioner where foreign lawyer's declaration established that sought-after evidence "likely will be admissible in [the foreign] proceedings"); *HRC-Hainan Holding Co., LLC v. Yihan Hu*, 2020 WL 906719, at *10 (N.D. Cal. Feb. 25, 2020) (second *Intel* factor weighed in favor of petitioner where foreign lawyer's declaration established that foreign tribunal "may consider new evidence").[5]

### 3.    The Third *Intel* Factor Favors Granting Discovery.

The third *Intel* factor also weighs in favor of granting the Petition because Mr. Solorz "does not attempt to circumvent any proof-gathering restrictions in the Foreign Proceedings and that to [his] knowledge, the discovery sought does not violate any restrictions under [foreign] law on evidence gathering." *In re Murchinson Ltd.*, 2024 WL 489175, at *4 (C.D. Cal. Jan. 26, 2024), *report and recommendation adopted*, 2024 WL 756297 (C.D. Cal. Feb. 21, 2024) (finding "no reason to conclude that the Application is an attempt to circumvent foreign proof-gathering restrictions or policies" based on representations in expert declaration and granting Section 1782 discovery).

---

[5] It also bears noting that second *Intel* factor "tends to support authorizing the requested discovery" as long as there is no "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of § 1782." *Google*, 690 F. Supp. 3d at 1020. And petitioners need not affirmatively show that the information sought would be discoverable or admissible in a foreign proceeding, nor must the petitioner even "[have] sought the discovery in the foreign proceedings in the first instance." *In re Ibrahim*, 2002 WL 35660985, at *4 (C.D. Cal. Oct. 31, 2002), *report and recommendation adopted,* 2022 WL 16973297 (C.D. Cal. Nov. 16, 2022).

As set forth in the Ott Declaration, there is "no prohibition" in Liechtenstein courts "on obtaining discovery through lawful procedures in other jurisdictions, such as through Section 1782 petitions."  Ott Decl. ¶ 44.  Accordingly, the Petition is a plainly permissible manner of seeking discovery for use in the Foreign Proceedings, and the third *Intel* factor also supports granting the Petition.  *See, e.g.*, *In re Koninklijke Philips N.V.*, 2018 WL 620414, at *2 (S.D. Cal. Jan. 30, 2018) (third *Intel* factor weighed in favor of discovery where applicant was "unaware of any English rule or policy that prohibits the gathering of the evidence sought"); *In re Hattori*, 2021 WL 4804375, at *4 (N.D. Cal. Oct. 14, 2021) (granting discovery and holding that third *Intel* factor weighed in favor of granting petition in the absence of evidence of circumvention attempts and where foreign law expert is "aware of no restrictions or policies under [foreign] law that would limit the gathering of the evidence Applicant seeks here").[6]

### 4.    The Fourth *Intel* Factor Favors Granting Discovery.

Finally, the fourth *Intel* factor—whether the discovery sought is "unduly intrusive or burdensome," *Intel*, 542 U.S. at 265—weighs in favor of granting the Petition, both because the proposed discovery requests set forth in the Subpoena are narrowly tailored in subject matter and time period, and because Ms. Żak retains the ability to challenge the scope and burden of any resulting discovery.

---

[6] The fact that Liechtenstein lacks U.S.-style discovery does not render this Petition an attempt at circumventing foreign proof-gathering restrictions.  As this Court has explained, "[t]he fact that more evidence may be obtained via a § 1782 application than via the foreign discovery procedures does not amount to circumvention and does not militate against approval of the application."  *In re Application Pursuant to 28 U.S.C. 1782 of Japan Display Inc.*, 2021 WL 4391882, at *4 (granting *ex parte* Section 1782 petition) (citation omitted); *see, e.g.*, *In re McKillen*, 2024 WL 3679548, at *6 (C.D. Cal. July 30, 2024) (same and collecting Ninth Circuit cases); *de Leon v. Clorox Co.*, 2020 WL 4584204, at *8 (N.D. Cal. Aug. 10, 2020) (same, and denying motion to quash previously granted Section 1782 discovery).

The Petitioner seeks narrow and targeted documents and communications, limited to carefully defined time periods concerning topics central to the claims and defenses in the Foreign Proceedings. *See* Subpoena, Ex. 1 to Proposed Order (Ex. A to Sommers Decl.). By no means are the requests too broad for a Section 1782 petition; indeed, this Court has granted Section 1782 petitioners leave to serve considerably more expansive subpoenas. *See 507 Summit LLC v. Roth Cap. Partners, LLC*, 2023 WL 9319003, at *3 (C.D. Cal. Dec. 7, 2023) (granting Section 1782 discovery where petitioner sought "six categories of documents," comprising both forty-one different document requests and deposition testimony).

In all events, Ms. Żak "remains free to challenge the intrusiveness of the requests via a motion to quash or modify the subpoena." *Id.*; *see In re Gliner*, 133 F.4th at 930 n.1 (holding that "parties can contest § 1782 subpoenas by motions to quash or modify the subpoenas" and reversing denial of Section 1782 petition for failure to consider *Intel* factors). Courts in this Circuit have consistently recognized that the ability of Section 1782 respondents to raise objections and challenge the scope of is a sufficient safeguard against the specter of "unduly intrusive or burdensome" discovery. *See, e.g.*, *de Leon v. Clorox Co.*, 2021 WL 718840, at *8 (N.D. Cal. Feb. 24, 2021) (parties' litigating of respondent's motion to quash, and agreed revision of discovery requests as overseen by magistrate judge, sufficiently "ensur[ed] the subpoena is not unduly burdensome," and affirming grant of Section 1782 petition); *Ecuador, In re Republic of*, 2011 WL 4434816, at *5 (N.D. Cal. Sept. 23, 2011) (granting Section 1782 petition after trimming subpoena, describing additional overbreadth arguments as insufficient "reasons to deny the Application" because such issues are "best addressed in connection with a privilege log and some more detailed briefing"). Thus, any potential burden "question as to the scope of the subpoena[] would be best addressed by a motion to quash," not a denial of the Petition. *In re*

1  *Roanoke Ins. Grp., Inc.*, 2021 WL 1753810, at *3 & n.4 (N.D. Cal. May 4, 2021)

2  (granting petition).

3  **IV.    CONCLUSION**

4          For the foregoing reasons, Petitioner Mr. Zygmunt Solorz respectfully requests

5  that the Court enter the Proposed Order attached to this Memorandum and (i) grant the

6  *ex parte* Application and Petition for an Order to Conduct Discovery; (ii) authorize the

7  Petitioner, pursuant to 28 U.S.C. § 1782, to serve the Subpoena; (iii) direct the

8  Respondent to preserve all documents potentially relevant to the Foreign Proceedings;

9  (iv) retain jurisdiction over this matter to hear any disputes arising out of or relating to

10  the Subpoena; and (v) grant any and all other relief to the Petitioner as the Court deems

11  just and proper.

12

13

14

15

16  Dated: October 29, 2025              Respectfully submitted,

17

18                                      */s/ Amy Jane Longo*

19                                      Amy Jane Longo (SBN 198304)
                                        Amy.Longo@ropesgray.com
20                                      ROPES & GRAY LLP
                                        10250 Constellation Blvd.
21                                      Los Angeles, California 90067
22                                      Tel: 310-975-3000
                                        Fax: 310-975-3400
23

24                                      David B. Hennes* (*pro hac vice* forthcoming)
25                                      Andrew S. Todres* (*pro hac vice*
                                        forthcoming)
26                                      David.Hennes@ropesgray.com
27                                      Andrew.Todres@ropesgray.com
                                        ROPES & GRAY LLP
28                                      1211 Avenue of the Americas

New York, NY 10036-8704
Tel: 212-596-9000
Fax: 212-596-9090

Isaac C.H. Sommers* (*pro hac vice*
forthcoming)
Isaac.Sommers@ropesgray.com
ROPES & GRAY LLP
2099 Pennsylvania Ave NW
Washington, DC 20006
Tel: 202-508-4600
Fax: 202-508-4650

*Attorneys for Petitioner*
ZYGMUNT SOLORZ

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Petitioner Mr. Zygmunt Solorz, certifies that this brief contains 5,850 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 29, 2025          Respectfully submitted,

*/s/ Amy Jane Longo*
_____
Amy Jane Longo