# EXHIBIT A

Amy Jane Longo (SBN 198304)
Amy.Longo@ropesgray.com
ROPES & GRAY LLP
10250 Constellation Blvd.
Los Angeles, California 90067
Tel: 310-975-3000
Fax: 310-975-3400

David B. Hennes (*pro hac vice* forthcoming)
Andrew S. Todres (*pro hac vice* forthcoming)
David.Hennes@ropesgray.com
Andrew.Todres@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: 212-596-9000
Fax: 212-596-9090

Isaac C.H. Sommers* (*pro hac vice* forthcoming)
Isaac.Sommers@ropesgray.com
ROPES & GRAY LLP
2099 Pennsylvania Ave NW
Washington, DC 20006
Tel: 202-508-4600
Fax: 202-508-4650

*Attorneys for Petitioner*
ZYGMUNT SOLORZ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF ZYGMUNT SOLORZ FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | ) Misc. Action No.: <br> ) <br> ) **[PROPOSED] ORDER** <br> ) **GRANTING *EX PARTE*** <br> ) **APPLICATION OF ZYGMUNT** <br> ) **SOLORZ FOR AN ORDER TO** <br> ) **TAKE DISCOVERY FOR USE IN** <br> ) **FOREIGN PROCEEDINGS** <br> ) **PURSUANT TO 28 U.S.C. § 1782** |

Upon consideration of the *Ex Parte* Application and Petition for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (the "Petition"), submitted by Petitioner Mr. Zygmunt Solorz, and all filings submitted in support thereof, this Court finds that (1) the statutory requirements of 28 U.S.C. § 1782 are satisfied, and (2) the factors identified by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), weigh in favor of granting the Petition.

It is therefore ORDERED that:

(a) the Petition is granted;

(b) Petitioner is authorized to serve the subpoena attached as Exhibit 1 to this Order upon Aleksandra Żak ("Respondent" or "Ms. Żak"); and

(c) Petitioner is authorized to use any evidence obtained pursuant to the subpoena in any additional proceeding arising out of the same facts or transactions underlying Petitioner's Petition; and

(d) Respondent is directed to respond to the subpoena pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

(e) Until further Order by this Court, Respondent shall preserve all documents, electronic or otherwise, and any evidence in her possession, custody, or control that contains information potentially relevant to the subject matter of the Foreign Proceedings at issue in this Petition.

(f) This Order is made without prejudice to any motion to quash by Respondent, or any motion for protective order by the parties, and this Court retains

///

///

///

jurisdiction over any such motions arising out of or relating to the subpoena. Any motion seeking such relief shall be filed under this case number.

**SO ORDERED.**

Date: _____    _____

UNITED STATES MAGISTRATE/
DISTRICT JUDGE

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| In re Ex Parte Application of Zygmunt Solorz for an Order to Take Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                               Aleksandra Żak

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment A

| Place: 10250 Constellation Boulevard, 21st Floor Los Angeles, CA US 90067-6257 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      10/29/2025

*CLERK OF COURT*

OR

_____          /s/ Amy Jane Longo
*Signature of Clerk or Deputy Clerk*          _____
                                                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Zygmunt Solorz

, who issues or requests this subpoena, are:

7

Amy Jane Longo (SBN 198304), 10250 Constellation Blvd. Los Angeles, California 90067, Amy.Longo@ropesgray.com, 310-975-3000

David B. Hennes *(Pro Hac Vice application forthcoming)*, 1211 Avenue of the Americas New York, NY 10036, David.Hennes@ropesgray.com, 212-596-9000

Andrew S. Todres *(Pro Hac Vice application forthcoming)*, 1211 Avenue of the Americas New York, NY 10036, Andrew.Todres@ropesgray.com, 212-596-9000

Isaac C.H. Sommers *(Pro Hac Vice application forthcoming)*, 2099 Pennsylvania Ave NW, Washington, DC 20006, Isaac.Sommers@ropesgray.com, 202-508-4600

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

8

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

9

## ATTACHMENT A

## **DEFINITIONS**

1.      The following definitions apply to the document requests herein, and the following words shall have the definitions set forth below.  Terms not defined herein shall have the meanings ascribed to them, if any, by the Federal Rules of Civil Procedure (the "Federal Rules") or the Local Rules of the Central District of California.

2.      "Attempted Appointments" shall refer to any and all actions, events, or Communications related to any attempt to appoint Zofia Jędrzejewska and Piotr Żak to the boards of the Foundations on or around August 14, 2024.

3.      "Attempted Dismissals" shall refer to any and all actions, events, or Communications related to any attempt to dismiss Jaroslaw Grzesiak and/or Tomasz Szelag from the boards of the Foundations on or around August 14, 2024.

4.      "Communication(s)" shall refer to all transmissions of information (in the form of facts, ideas, inquiries, or otherwise), including, but not limited to, in person, in writing, via email, via instant messaging or social media platforms, via app-based messages (including, but not limited to, ephemeral messaging apps like Signal or WhatsApp), or via telephone, and any responses thereto whether written or oral.

5.      "Corrective Actions" shall refer to the actions Zygmunt Solorz undertook, beginning on August 3, 2024, to revoke the Declarations, restore any aspects of his control over the Foundations, and execute further amendments to the Foundations' statutes, by-laws, or other governing documents, including, but not limited to, the actions identified at Exhibits E-H to the Ott Declaration.

10

6.      "Declarations" shall refer to the declarations related to the Foundations executed by Zygmunt Solorz on August 2, 2024, including but not limited to, Exhibits B-C to the Ott Declaration.

7.      "Document(s)" is used in the broadest sense consistent with Federal Rule of Civil Procedure 34(a), including but not limited to Communications, audio or video recordings, and other electronic or paper material.

8.      "Foundations" shall refer to the TiVi Foundation and Solkomtel Foundation.

9.      "Ott Declaration" shall refer to the Declaration of Simon Ott, dated October 28, 2025, accompanying the Petition.

10.     "Petition" shall refer to the *Ex Parte* Application and Petition for an Order to Conduct Discovery for Use in Foreign Proceedings filed by Zygmunt Solorz on October 29, 2025.

11.     "2023 Revoked Declaration of Death" shall refer to the 2023 Declarations described in paragraph 12 of the Ott Declaration and referred to in paragraphs 8-11 of Your affidavit, attached as Exhibit A to the Ott Declaration.

12.     "Solkomtel Foundation" shall refer to the foundation established by Zygmunt Solorz on February 12, 2013, with its registered address at c/o BlueRidge Management AG, lndustriering L4, Ll-9491 Ruggell, Liechtenstein and registration number FL-0002.419.785-2.

13.     "Standstill Agreement" shall refer to the agreement that You entered into with Zygmunt Solorz, Piotr Żak, and Tobiaz Solorz on August 3, 2024, which is attached to the Ott Declaration as Exhibit I.

14.     "TiVi Foundation" shall refer to the foundation established by Zygmunt Solorz on March 7, 2012, with its registered address at c/o BlueRidge Management AG, lndustriering L4, Ll-9491 Ruggell, Liechtenstein and registration number FL-0002.394.367-5.

11

15.    "You" or "Your" shall refer to Respondent Aleksandra Żak.

16.    The terms "including," "include," or "includes" mean that the following list contains illustrative examples of the types of Documents responsive to the request, but the list is without limitation and does not constitute an exclusive or all-encompassing listing of every type of Document responsive to the request.

17.    The terms "concern," or "concerning," shall mean—in addition to the customary and usual meaning—mentioning, concerning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, constituting (in whole or in part), containing, relevant to, relating to, recording, noting, supporting, memorializing, summarizing, analyzing, demonstrating, regarding, and/or constituting, in whole or in part, as the context makes appropriate.

18.    To the extent necessary to bring within the scope of the requests contained herein any information that might otherwise be construed to be outside their scope (a) the word "or" means "and/or"; (b) the word "and" means "and/or"; (c) the word "all" means "any and all"; (d) the word "and" means "any and all"; (e) the singular includes the plural and the plural includes the singular; (f) masculine pronouns denote the correlative feminine pronouns; and (g) the use of a verb in any tense shall be construed as the use of that verb in all other tenses.

19.    Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

## INSTRUCTIONS

1.    Each request solicits all Documents in Your possession, custody, or control, however obtained.

2.    When responding to each request, You must comply with the requirements of the Federal Rule of Civil Procedure 34(b)(2).

3.      A request for a Document shall be deemed to include a request for all envelopes, transmittal sheets, cover letters, cover emails, exhibits, enclosures, or attachments to the Document, in addition to the Document itself.

4.      Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the requests in accordance with the Federal Rules of Civil Procedure.

5.      If it is contended that any Document requested to be produced is protected from discovery by the attorney-client privilege, work product doctrine, or some other ground of privilege or immunity, each such Document shall be identified in a log in accordance with Federal Rule of Civil Procedure 26(b)(5), specifying for each such Document at least (a) the Document's date; (b) the Document's signatory/signatories; (c) the Document's author(s); (d) the Document's addressee(s); (e) each other person who received a copy of the Document; (f) the subject matter of the Document; (g) the Document's location and custodian; and (h) the basis for the claim of privilege.  Such information shall be supplied in sufficient detail to permit Petitioner to assess the applicability of the privilege claimed.

6.      If You are aware that a Document or group of Documents responsive to any of these requests was, but is no longer, in Your possession or subject to Your control, for each such Document or group of Documents, You shall identify the Document or group of Documents including what disposition was made of the Document or group of Documents when the Document or group of Documents was transferred from Your possession or control, the person to whom the Document or group of Documents was transferred, and the person most knowledgeable about the contents of the Document or group of Documents, and You shall additionally explain the circumstances and reasons for such disposition.

7.      For any Document or any portion thereof responsive to any request in that has been lost, discarded, destroyed, redacted in whole or in part (unless such

13

redaction was done for the purpose of withholding the redacted portion from production, in which case see Instruction No. 5), or is otherwise not available for production by You for any reason, You shall identify each such Document or any portion thereof as completely as possible by stating, without limitation, (a) the date of disposal, (b) the manner of disposal, (c) the circumstances and reason(s) for disposal, (d) any person, firm, or corporation that has possession, custody, or control of a partial or complete identical or near-identical copy of such Document or portion thereof, (e) the location of the files where the Document or portion thereof was maintained prior to its disposal, (f) the identity of each person having had access to those files prior to their disposal, and (g) the identities of all persons who participated in the disposal or who have knowledge of the date and circumstances surrounding the disposal.

8.    Each request shall operate and be responded to independently and, unless otherwise indicated, no request limits the scope of any other request.

9.    The requests shall be considered continuing in nature, and in responding to these requests, You shall produce all responsive Documents available at the time of production, and any information or Documents obtained subsequent to the service of the answers and responses that would have been included in the answers and responses had they been known shall promptly be supplied by supplemental answers and responses whenever You find, locate, acquire, create, or become aware of such information or Documents in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## **RELEVANT TIME PERIOD**

Unless otherwise stated, all requests refer to Documents created during the period June 1, 2024 to the present, unless otherwise specified in the request.

## **DOCUMENTS REQUESTED**

1.      All Documents and Communications concerning (i) the Declarations; (ii) the control or change of control of the Foundations; (iii) changes or potential changes to the statutes, bylaws, or other governing documents of the Foundations; or (iv) the Corrective Actions.

2.      All Documents and Communications, from July 1, 2023 to the present, concerning the 2023 Revoked Declaration of Death.

3.      All Documents and Communications concerning the Standstill Agreement.

4.      All Documents and Communications concerning the Attempted Dismissals and the Attempted Appointments.

5.      All Documents and Communications concerning the appointment of Jarosław Grzesiak to the boards of the Foundations on or around March 4, 2025.

6.      All Communications, from January 1, 2023 to the present, concerning actual or contemplated plans to remove, eliminate, dilute, reduce, or otherwise affect in any way Zygmunt Solarz's direct or indirect ownership or control over any foundations, businesses, assets, or any other things.

7.      All Documents and Communications concerning (i) the removal of Zygmunt Solorz from any supervisory board of Cyfrowy Polsat S.A., Telewizja Polsat Sp. z.o.o., Polkomtel Sp. z.o.o., or Netia S.A. or (ii) appointment of any replacement to any supervisory board of Cyfrowy Polsat S.A., Telewizja Polsat Sp. z.o.o., Polkomtel Sp. z.o.o., or Netia S.A.