# EXHIBIT L

| Delivered: *08/18/2025* | | *JAGU* |
|---|---|---|
| ~~Deadline~~ Expirydate: *09/15/2025* | | |
| Registered: | *CHAM* | Checked: *ANSA* |

[coat of arms]
PRINCIPALITY OF LIECHTENSTEIN
**PRINCELY COURT OF JUSTICE**

08/18/2025
*[Initials]*

Please always quote the file number
06 HG.2025.22
ON 12

**DECISION**

The Princely Court of Justice in Vaduz, represented by Princely Court of Justice Judge Diana Kind in the

**Non-contentious matter**

**Petitioner:**     Zygmunt Jozef Solorz, Haldenweg 18, LI-9495 Triesen
represented by Schurti Partners Rechtsanwälte AG,
Zollstrasse 2, LI-9490 Vaduz

**Defendant:**     1. Solkomtel Foundation, c/o BlueRidge Management AG,
Industriering 14, LI-9491 Ruggell
represented by Ritter Schierscher RAE AG, Gewerbeweg 5, LI-9490 Vaduz

2. Piotr Mateusz Zak, ul. Ostrobramska 83 m. 1801A, PL-04-175 Warsaw
represented by Roth + Partner Rechtsanwälte AG,
Landstrasse 40, LI-9495 Triesen

3. Aleksandra Jadwiga Zak, 9950 Toluca Lake Ave, US-91602 North Hollywood CA
represented by Gasser Partner Attorneys at Law, Feldkircher Strasse 31, P.O.Box 246, LI-9494 Schaan

[coat of arms]
PRINCIPALITY OF LIECHTENSTEIN
PRINCELY COURT OF JUSTICE

08/18/2025
*[Initials]*

Please always quote the file number
<u>06 HG.2025.22</u>
ON 12

**DECISION**

The Princely Court of Justice in Vaduz, represented by Princely Court of Justice Judge Diana Kind in the

**Non-contentious matter**

**Petitioner:**          Zygmunt Jozef Solorz, Haldenweg 18, LI-9495 Triesen
represented by Schurti Partners Rechtsanwälte AG,
Zollstrasse 2, LI-9490 Vaduz

**Defendant:**          1. Solkomtel Foundation, c/o BlueRidge Management AG,
Industriering 14, LI-9491 Ruggell
represented by Ritter Schierscher RAE AG, Gewerbeweg 5, LI-9490 Vaduz

2. Piotr Mateusz Zak, ul. Ostrobramska 83 m. 1801A, PL-04-175 Warsaw
represented by Roth + Partner Rechtsanwälte AG,
Landstrasse 40, LI-9495 Triesen

3. Aleksandra Jadwiga Zak, 9950 Toluca Lake Ave, US-91602
North Hollywood CA
represented by Gasser Partner Attorneys at Law, Feldkircher
Strasse 31, P.O. Box 246, LI-9494 Schaan

SPANIAGASSE 1 9490 VADUZ TELEPHONE +423 236 61 11 FAX +423-236 65 39

310

Page 2

4. Tobias Markus Solorz, Haldenweg 18, LI-9495 Triesen
represented by Marxer & Partner Attorneys at Law,
Heiligkreuz 6, P.O. Box 484, LI-9490 Vaduz

**because of:**                              Foundation supervision
(Value in dispute: CHF 100'000.00)

on appeal by the defendant no. 4. against the order of the Princely Court of Justice of 04/29/2025 (ON 5)

**decided**

1.      **The appeal is upheld in part and the contested decision is amended to read as follows:**

**The present proceedings 06 HG.2025.22 are interrupted until a legally binding decision on the (essential) facts in proceedings 06 HG.2024.210 has been made. The proceedings will only be continued upon application.**

2.      **The costs are offset against each other.**

**Reason**

1.      With the now contested decision dated 04/29/2025, the Court of Justice interrupted the present proceedings until the final settlement of the high court proceedings 06 HG.2024.210". The main reason given for this was that the two proceedings essentially raised the same legal issues.

Page 3

2.      An appeal against this decision, which was served on 04/14/2025, was lodged on 06/02/2025 by
defendant no. 4. (ON 6), resulting in the application to set aside the contested order without
substitution, or alternatively to amend it so that the proceedings are only interrupted until the final
decision on the (essential) facts in proceedings 06 HG.2024.210. In his response to the appeal (ON
11), respondent no. 2 joins this appeal.

In his response to the appeal (ON 10), the petitioner opposes this appeal and requests that it be
dismissed with costs.

3.      The appeal proves to be justified.

3.1     According to Art 50 AussStrG [Non-Contentious Proceedings Act], the court of first instance may
grant an appeal itself if it is directed against a procedural order, insofar as this is independently
contestable. The order ordering the interruption of the proceedings or refusing to continue the
interrupted proceedings is independently appealable (Art 26 para 4 AussStrG). The court of first
instance can grant the appeal itself.

3.2     When deciding on the interruption of proceedings, the court must assess all circumstances from
the point of view of expediency. The interruption is justified in particular if the prejudicial
proceedings are expected to be concluded in a timely manner; the interruption can avoid
extensive, time-consuming taking of evidence and/or an overall improvement in procedural
economy is achieved.

3.3     In this regard, the appellant Tobias Solorz rightly argued that in the parallel proceedings 06
HG.2024.210 concerning the TiVi Foundation essentially the same facts as in the present case
have to be clarified, but that there is at least one difference in that the articles of association of the
Solkomtel Foundation of 06/15/2023 applicable before 08/02/2024 do not provide in Art 13 for a
revocation of the declaration of death (as with the TiVi Foundation). It is therefore possible that in
TiVi proceedings 06 HG.2024.210, certain legal issues that are no longer relevant to the present
proceedings will be negotiated long after the basic facts have been clarified. The interruption of
the proceedings in question until the legally binding conclusion of the TiVi proceedings was
therefore excessive. However, the interruption is expedient for obtaining the results of the evidence
or the legally binding decision on the facts of the case (which are essential for the decision).

312

Page 4

3.4      The appeal was therefore to be upheld and the contested decision was to be dismissed as can be seen from the award.

3.5      The decision on costs is based on Art 78 AussStrG. Pursuant to para. 2 of the aforementioned provision, the costs necessary for the appropriate prosecution or legal defense of a party are to be reimbursed insofar as it has been successful in its prosecution or legal defense against other parties who have pursued opposing interests, and this is only to be deviated from insofar as this is necessary in equity, in particular due to the factual or legal difficulties of the matter or due to expenses attributable to the conduct of individual parties. The petitioner and respondent must agree that the interruption was announced to the parties in the now corrected wording and that the parties did not comment on this within the deadline. It therefore appears justified to set off the costs of this legal dispute against each other, despite the fact that the defendants no. 2 and no. 4 prevailed.

314

Page 5

Princely Court of Justice
Vaduz, 08/13/2025
Diana Kind
Princely Court of Justice Judge

For the correctness of the copy
*[Signature]*
Sidonia Aggeler

[stamp: PRINCELY COURT OF JUSTICE]

314

Page 6

**Information on legal remedies**

09/15/2025
Date reserved
*[Initials]*

An appeal against this decision may be lodged with the Princely High Court in Vaduz within a non-extendable period of 4 weeks from the date of service. The appeal must be submitted in writing in duplicate to the Court of Justice. It may also be declared orally for the record by parties who are not represented by a lawyer. The appeal must contain the name of the case, the first and last name and address of the appellant and the name of the decision against which the appeal is lodged. The appeal does not have to contain a specific request, but must sufficiently indicate the grounds on which the party considers itself to be aggrieved and which other decision it is seeking (appeal request); in case of doubt, the decision against which the appeal has been lodged is deemed to be contested in its entirety.

P.P.
**LI-9490 Vaduz**

Liechtensteinische Post AG

[coat of arms]
PRINCIPALITY OF
LIECHTENSTEIN PRINCELY
COURT OF JUSTICE

The address sheet must be detached after the court document has been served by the delivery service

9490 VADUZ

| | [barcode: 9494 Schaan BZ Annahme R-Inl<br>98.00.949467.00777449 |
|---|---|
| | Copy recipient |
| Confirmation of receipt<br><br>The undersigned certifies receipt of the consignment with the following content:<br><br>06 HG.2025.22<br>ON 12 with GS ON 11 (16.) Aug. 18, 2025<br><br>Location. *Vaduz* Date: 08/18/2025<br><br>Signature:<br>                              [illegible stamp]<br>                Short quote from the deliverer<br>[ ] Receiver<br>[x] Authorized representative<br>[ ] Roommate<br>[ ] Employer/employee<br>[ ]<br>[ ] Refusal of acceptance by<br><br>[ ] Document inserted in the dispenser | **Court document** to be served:<br><br>Schurti Partners<br>Attorneys at law AG<br>Zollstrasse 2<br>LI-9490 Vaduz<br><br><br><br><br><br>Princely Court of Justice<br>P.O. Box 684<br>FL-9490 Vaduz |

316

Case 2:25-mc-00112-MEMF-JC    Document 3-12    Filed 10/29/25    Page 10 of 18   Page ID #:389





**1 8. Aug. 2025**

Zugestellt: 18.08.2025  JAGU
~~Termin~~/Fristablauf: 15.09.25
Eingetragen: CHAM  Kontrolle: AHSA

FÜRSTENTUM LIECHTENSTEIN
**FÜRSTLICHES**
LANDGERICHT

Aktenzeichen bitte immer anführen
<u>06 HG.2025.22</u>
ON 12

# BESCHLUSS

Das Fürstliche Landgericht in Vaduz hat durch die Fürstliche Landrichterin Diana Kind in der

## Ausserstreitsache

| | | |
|---|---|---|
| **Antragsteller:** | | Zygmunt Jozef Solorz, Haldenweg 18, LI-9495 Triesen<br>vertreten durch Schurti Partners Rechtsanwälte AG, Zollstrasse 2, LI-9490 Vaduz |
| **Antragsgegner:** | 1. | Solkomtel Foundation, c/o BlueRidge Management AG, Industriering 14, LI-9491 Ruggell<br>vertreten durch Ritter Schierscher RAE AG, Gewerbeweg 5, LI-9490 Vaduz |
| | 2. | Piotr Mateusz Zak, ul. Ostrobramska 83 m. 1801A, PL-04-175 Warschau<br>vertreten durch Roth + Partner Rechtsanwälte AG, Landstrasse 40, LI-9495 Triesen |
| | 3. | Aleksandra Jadwiga Zak, 9950 Toluca Lake Ave, US-91602 North Hollywood CA<br>vertreten durch Gasser Partner Rechtsanwälte, Feldkircher Strasse 31, P.O.Box 246, LI-9494 Schaan |

SPANIAGASSE 1 · 9490 VADUZ · TELEFON +423 - 236 61 11 · TELEFAX +423 - 236 65 39

317



FÜRSTENTUM LIECHTENSTEIN
**FÜRSTLICHES**
LANDGERICHT

**1 8. Aug. 2025**

Aktenzeichen bitte immer anführen
06 HG.2025.22
ON 12

# BESCHLUSS

Das Fürstliche Landgericht in Vaduz hat durch die Fürstliche Landrichterin Diana Kind in der

## Ausserstreitsache

| | | |
|---|---|---|
| **Antragsteller:** | | Zygmunt Jozef Solorz, Haldenweg 18, LI-9495 Triesen<br>vertreten durch Schurti Partners Rechtsanwälte AG, Zollstrasse 2, LI-9490 Vaduz |
| **Antragsgegner:** | 1. | Solkomtel Foundation, c/o BlueRidge Management AG, Industriering 14, LI-9491 Ruggell<br>vertreten durch Ritter Schierscher RAE AG, Gewerbeweg 5, LI-9490 Vaduz |
| | 2. | Piotr Mateusz Zak, ul. Ostrobramska 83 m. 1801A, PL-04-175 Warschau<br>vertreten durch Roth + Partner Rechtsanwälte AG, Landstrasse 40, LI-9495 Triesen |
| | 3. | Aleksandra Jadwiga Zak, 9950 Toluca Lake Ave, US-91602 North Hollywood CA<br>vertreten durch Gasser Partner Rechtsanwälte, Feldkircher Strasse 31, P.O.Box 246, LI-9494 Schaan |



Seite 2

4.    Tobias Markus Solorz, Haldenweg 18, LI-
9495 Triesen
vertreten durch Marxer & Partner
Rechtsanwälte, Heiligkreuz 6, Postfach 484, LI-
9490 Vaduz

**wegen:**    Stiftungsaufsicht
(StW: CHF 100'000.00)

über Rekurs des Antragsgegners zu 4. gegen den Beschluss des Fürstlichen Landgerichtes vom 29.04.2025 (ON 5)

# beschlossen

1.    **Dem Rekurs wird teilweise Folge gegeben und der angefochtene Beschluss dahin abgeändert, dass er zu lauten hat wie folgt:**

**Das gegenständliche Verfahren 06 HG.2025.22 wird bis zur rechtskräftigen Entscheidung des (entscheidungswesentlichen) Sachverhalts im Verfahren 06 HG.2024.210 unterbrochen. Das Verfahren wird nur über Antrag fortgesetzt.**

2.    **Die Kosten werden gegeneinander aufgehoben.**

# Begründung

1.    Mit dem nun angefochtenen Beschluss vom 29.04.2025 unterbrach das Landgericht das vorliegende Verfahren „bis zur rechtskräftigen Erledigung des hg Verfahrens 06 HG.2024.210". Dies wurde im Wesentlichen damit begründet, dass sich in den beiden Verfahren im Wesentlichen dieselben Rechtsfragen stellten.

319

■    Seite 3    ■

2.    Gegen diesen am 14.04.2025 zugestellten Beschluss richtet sich der am 02.06.2025 überreichte und somit rechtzeitige Rekurs des Antragsgegners zu 4. (ON 6), der im Antrag mündet, den angefochtenen Beschluss ersatzlos aufzuheben, hilfsweise diesen dahin abzuändern, dass das Verfahren nur bis zur rechtskräftigen Entscheidung des (entscheidungswesentlichen) Sachverhalts im Verfahren 06 HG.2024.210 unterbrochen wird. In seiner Rekursbeantwortung (ON 11) tritt der Antragsgegner zu 2. diesem Rekurs bei.

In seiner Rekursbeantwortung (ON 10) tritt der Antragsteller diesem Rekurs entgegen und beantragt, diesem kostenpflichtig keine Folge zu geben.

3.    Der Rekurs erweist sich als berechtigt.

3.1    Nach Art 50 AussStrG kann das Gericht erster Instanz einem Rekurs selbst stattgegeben, wenn sich dieser gegen einen verfahrensleitenden Beschluss richtet, soweit dieser selbständig anfechtbar ist. Der Beschluss, mit dem die Unterbrechung des Verfahrens angeordnet oder die Fortsetzung des unterbrochenen Verfahrens verweigert wird, ist selbständig anfechtbar (Art 26 Abs 4 AussStrG). Das Erstgericht kann dem gegenständlichen Rekurs im Ergebnis selbst stattgeben.

3.2    Das Gericht hat bei seiner Entscheidung über die Unterbrechung eines Verfahrens alle Umstände unter dem Gesichtspunkt der Zweckmässigkeit zu beurteilen. Die Unterbrechung ist insbesondere gerechtfertigt, wenn die Beendigung des präjudiziellen Verfahrens zeitnah zu erwarten ist; durch die Unterbrechung umfangreiche, aufwendige Beweisaufnahmen vermieden werden können und/oder insgesamt eine verfahrensökonomische Verbesserung erzielt wird.

3.3    Gegenständlich wurde vom Rekurswerber Tobias Solorz zu Recht vorgebracht, dass im Parallelverfahren 06 HG.2024.210 betreffend die TiVi Foundation im Wesentlichen derselbe Sachverhalt wie vorliegend zu klären ist, es allerdings zumindest insofern einen Unterschied gibt, als die vor dem 02.08.2024 anwendbaren Statuten der Solkomtel Foundation

320

vom 15.06.2023 in Art 13 keine Möglichkeit für einen Widerruf der Ablebenserklärung (wie bei der TiVi Foundation) vorsehen. Es besteht daher die Möglichkeit, dass im TiVi Verfahren 06 HG.2024.210 noch lange nach der Klärung des grundlegenden Sachverhalts über bestimmte Rechtsfragen verhandelt wird, die für das vorliegende Verfahren nicht mehr relevant sind. Die Unterbrechung des gegenständlichen Verfahrens bis zum rechtskräftigen Abschluss des TiVi Verfahrens war daher überschiessend. Zweckmässig ist die Unterbrechung hingegen zur Erlangung der Beweisergebnisse resp der rechtskräftigen Entscheidung über den (entscheidungswesentlichen) Sachverhalt.

3.4    Dem Rekurs war sohin Folge zu geben und der angefochtene Beschluss wie auch dem Spruch ersichtlich abzuweisen.

3.5    Die Kostenentscheidung stützt sich auf Art 78 AussStrG. Zwar sind gemäss Abs 2 der genannten Bestimmung die zur zweckentsprechenden Rechtsverfolgung oder Rechtsverteidigung notwendigen Kosten einer Partei zu ersetzen, soweit sie mit ihrer Rechtsverfolgung oder Rechtsverteidigung gegenüber anderen Parteien, die entgegengesetzte Interessen verfolgt haben, Erfolg hatte, und ist davon nur abzuweichen, soweit dies nach Billigkeit, insbesondere wegen der tatsächlichen oder rechtlichen Schwierigkeiten der Sache oder wegen eines dem Verhalten einzelner Parteien zuzurechnenden Aufwands, erforderlich ist. Gegenständlich ist dem Antragsteller und Rekursgegner zuzustimmen, dass die Unterbrechung im nun berichtigten Wortlaut den Parteien angekündigt wurde und sich die Parteien hierzu binnen Frist nicht geäussert haben. Es scheint daher gerechtfertigt, die Kosten dieses Rechtsstreites trotz Obsiegen der Antragsgegner zu 2. und 4. gegeneinander aufzuheben.

321

■ Seite 5 ■

322

Fürstliches Landgericht
Vaduz, 13.08.2025
Diana Kind
Fürstliche Landrichterin
Für die Richtigkeit der Ausfertigung

Sidonia Aggeler



Seite 6

## Rechtsmittelbelehrung



Gegen diesen Beschluss ist binnen der unerstreckbaren Frist von 4 Wochen ab Zustellung das Rechtsmittel des Rekurses an das Fürstliche Obergericht in Vaduz zulässig. Der Rekurs ist schriftlich in zweifacher Ausfertigung beim Landgericht einzubringen. Er kann von Parteien, die nicht durch einen Rechtsanwalt vertreten sind, auch mündlich zu Protokoll erklärt werden. Der Rekurs hat die Bezeichnung der Sache, Vor- und Familiennamen und Anschrift des Rekurswerbers und die Bezeichnung des Beschlusses zu enthalten, gegen den er erhoben wird. Der Rekurs muss kein bestimmtes Begehren enthalten, aber hinreichend erkennen lassen, aus welchen Gründen sich die Partei beschwert erachtet und welche andere Entscheidung sie anstrebt (Rekursbegehren); im Zweifel gilt der Beschluss, gegen den Rekurs erhoben worden ist, als zur Gänze angefochten.

323



P.P.
LI-9490 Vaduz

Liechtensteinische Post AG



IRSTENTUM LIECHTENSTEIN
**FÜRSTLICHES**
ANDGERICHT

9490 VADUZ

Das Adressblatt ist nach Zustellung der Gerichtsurkunde durch den Zustelldienst abzutrennen



9494 Schaan BZ Annahme        R-Inl

98.00.949467.00777449

Kopie Empfänger

## Empfangsbestätigung

Der Unterzeichnende bescheinigt den Empfang der
Sendung mit folgendem Inhalt:

06 HG.2025.22
ON 12 mit GS ON 11      (16.) 18. Aug. 2025

Ort _Vaduz_   Datum _13.08.2025_

Unterschrift _____

**SCHURTI ¦ PARTNERS**

☐ Empfänger
☒ Bevollmächtigter
☐ Mitbewohner      Kurzzeichen des Zustellers
☐ Arbeitgeber/Arbeitnehmer

☐ Annahmeverweigerung durch

☐ Dokument in der Abgabeeinrichtung eingelegt

## Gerichtsurkunde zuzustellen an:

Schurti Partners
Rechtsanwälte AG
Zollstrasse 2
LI-9490 Vaduz

Fürstliches Landgericht
Postfach 684
FL-9490 Vaduz

324