# EXHIBIT O

[Pages 1-5]

**Document No. 53:    Affidavit**

Part 32 Regulation 15(1)

_____

| | |
|---|---|
| **Entered on behalf of the Applicant** | |
| **Name of the deponent:** | Eleftheria Pavlou |
| **Affidavit No.:** | 1 |
| **Evidence:** | EP1 – EP59 |
| **Date:** | 10/09/2025 |

**To the District Court of Limassol**

**Scale: Above 2.000.000**

~~**Under €10.000**~~ **/ Above €10.000**

| | |
|---|---|
| **Application Number** | 26/2025 |
| **Applicant** | TOBIAS MARKUS SOLORZ, of 1901, Volante Tower, Marasi Drive, Business Bay, Dubai, United Arab Emirates |
| **Respondents** | 1. ZYGMUNT JOZEF SOLORZ, of Meierhofstrasse 8, FL-9495, Triesen, Liechtenstein<br>2. WETWO FOUNDATION of FL-002.728.272-7 c/o GANTEN TRUSTEES LTD, PHLUGSTRASSE 20 9490 VADUZ, Liechtenstein<br>3. SAVERIOUS INVESTMENTS LTD of Limassol, 332, Agiou Andreou, PATRICIAN CHAMBERS, 3035<br>4. LIOCENSA INVESTMENTS LTD of Limassol, 332, Agiou Andreou, PATRICIAN CHAMBERS, 3035<br>5. BERTH LTD of Limassol, 332, Agiou Andreou, PATRICIAN CHAMBERS, 3035<br>6. MARDINIO LTD of Limassol, 332, Agiou Andreou, PATRICIAN CHAMBERS, 3035<br>7. SUPREMONTO LTD of Limassol, 332, Agiou Andreou, CHAMBERS, 3035 |

[Seal: District Court of Limassol / Cyprus / [Coat of Arms]]
[Stamp: TRUE COPY / [Signature] / The Senior Registrar]

1

603

|  | 8. REXON OVERSEAS LTD of Limassol, 332, Agiou Andreou, PATRICIAN CHAMBERS, 3035<br>9. WE PAX FOUNDATION of Lichtenstein, c/o CONCORDANZ ANSTALT, Austrasse 42, 9490 Vaduz |
|---|---|

| **AFFIDAVIT OF MS. ELEFTHERIA PAVLOU** |
|---|

I, the undersigned ELEFTHERIA PAVLOU of Limassol, 10, Chrisanthou Mylona, MAGNUM HOUSE, take an oath and state the following:

**(I) PREAMBLE**

1. I am a lawyer with the Firm Sotiris Pittas & Co LLC, who represent the Applicant Tobias Markuz Solorz (the "**Applicant**" or "**Tobias**") in the Originating Application under the above number and title, to issue free-standing injunctions to assist and support the Prosecution, which the Applicant intends to bring before the Court of the Principality of Liechtenstein (**"the Lichtenstein Lawsuit"**).

2. The present affidavit is made by me and not by the Applicant, as the Applicant lives abroad and was unable to come to Cyprus due to other urgent business obligations.

3. I am duly authorized by the Applicant to take an oath on his behalf for this affidavit in support of his Application for the following interim remedy to assist and support the Lichtenstein Lawsuit:

   3.1 Freezing injunctions for the assets that directly or indirectly belong to Respondents 1 – 2 and 9 through Respondents 3 – 8 against Mr. Zygmunt Josef Solorz and the WETWO Foundation and which are listed in TABLE A of the Application to

[Seal: District Court of Limassol / Cyprus / [Coat of Arms]]
[Stamp: TRUE COPY / [Signature] / The Senior Registrar]

2

604

ensure that the said assets shall not be dissipated or restructured and render any decision regarding the Lichtenstein Lawsuit in favour of the Applicant, without a subject or nugatory.

3.2 An interim injunction prohibiting the amendment of the corporate structure of Respondents 3 – 8 and of their subsidiaries listed in TABLE A of the Application, preventing the Lichtenstein Lawsuit from being nugatory.

3.3 Other ancillary orders to the freezing injunctions that are referred to in paragraphs 3.1 – 3.2 above ("**the Application**").

4. I acquired personal knowledge of the facts of this case from information and documents that I received from the following individuals:

4.1 The Applicant, who is the eldest of the three (3) children of Respondent 1, namely Mr. Zygmunt Jozef Solorz.

4.2 Mr. Pawel Rymarz, Mr. Krzysztof Sajchta and Ms. Kinga Duda of the Polish law firm Rymarz, Zdort, Maruta, who advise the Applicant about the disputes between Respondent 1 and the Applicant and of the other children of Respondent 1 brought before the Courts of Lichtenstein, as explained in detail hereinafter.

5. Regarding Lichtenstein law, I consulted Mr. Jochen Schreiber of MARXER & PARTNER law firm of Lichtenstein, who is an Attorney licensed to practice in Lichtenstein and who prepared the Legal Expert Opinion attached hereto as **EXHIBIT EP1** for the purpose of the Application. Regarding Lichtenstein law, I consulted Professor Dr Eric

[Seal: District Court of Limassol / Cyprus / [Coat of Arms]]
[Stamp: TRUE COPY / [Signature] / The Senior Registrar]

3

Wagner and Dr Andreas Duttig of the German law firm GLEISS, LUTZ, HOOTZ of Stuttgart, Germany, who prepared the Legal Expert Opinion attached hereto as **EXHIBIT EP2** for the purpose of this Application. Regarding Polish law, I consulted Mr. PAWEL RYMARZ and KRZYSZTOF SAJCHTA of the Polish Firm RYMARZ, ZDORT, MARUTA of Warsaw, Poland, who prepared the Expert Opinion attached hereto as **EXHIBIT EP57.**

The English translations of the German documents attached hereto were made by the Applicant's lawyers in Lichtenstein and the English translations of the Polish documents by the Applicant's Polish lawyers.

6.  As regards the Cypriot law, I consulted Mr. Sotiris Pittas.

7.  Wherever I make reference to any such legal advice, I do it explicitly, without waiving any privileges pertaining to said advice.

8.  The Application is submitted without notifying the Respondents (for the reasons listed in detail hereinafter), due to the likelihood of any notification may result in the dissipation of the assets of Respondents 1 – 9 and of their subsidiaries, whose names are listed (among others but not limited to) in TABLE A attached to the Application or the placement of said assets outside the Applicant's and this Court's jurisdiction before restrictive measures are ordered by this Court, which shall render the Lichtenstein Lawsuit nugatory.

9.  I have in my possession a copy of the Application and I fully support all pleas and grounds stated therein.

[Seal: District Court of Limassol / Cyprus / [Coat of Arms]]
[Stamp: TRUE COPY / [Signature] / The Senior Registrar]

4

10. I confirm that the Applicant, under the circumstances of this case, shall exercise his rights under any competent jurisdiction, if it becomes necessary.

11. A batch of true copies of documents, marked as **EXHIBITS EP1 – EP59**, was brought and presented to me, which I shall refer to in the present affidavit.

**(II) SUMMARY**

12. In brief, the Applicant's case (as far as I know, from what I was told by the individuals mentioned in paragraph 4 above and as I was advised by Mr. Sotiris Pittas), is the following:

12.1 Through the Lichtenstein Lawsuit, the Applicant seeks to trace and recover assets which are covered by the so-called Berlin Court Decision, assets which were held in trust by Mr. Solorz for the benefit and on behalf of his son Tobias, and which, in breach of this trust and fiduciary relationship, Mr. Solorz, under circumstances which are explained below, had transferred to a new Foundation he had established in Lichtenstein, and which was registered on or around August 1, 2024 under the name **WETWO Foundation** (here Respondent 2), the primary beneficiary of which is Mr. Solorz and the secondary beneficiary is Ms. Kulka, (namely the 4th wife of Mr. Solorz, and in the event of her death, Ms. Kulka's son, that is Mr. Stanislaw Kulka, who is not Mr. Solorz's child.

It was only yesterday that the Applicant found that Mr. ZYGMUNT SOLORZ established on 9/2/2025 a new Foundation, namely **WE PAX FOUNDATION** (see para. 105 – 106 below) which may possibly be used by Mr. Solorz and Ms. Kulka

[Seal: District Court of Limassol / Cyprus / [Coat of Arms]]
[Stamp: TRUE COPY / [Signature] / The Senior Registrar]

5

607

[Pages 59-63]

71. After submitting the above statements, Zygmunt Solorz amended the restitution requested in the lawsuit filed in the "Princely District Court of Vaduz", seeking furthermore to establish that the Articles of Association and the Additional Acts of the Foundations, as formulated on September 24, 2024, are legally strong and binding.

I attach hereto as **EXHIBIT EP47 and EP48**, copies of Zygmunt Solorz lawsuits about TIVI and SOLKOMTEL along with its English translation.

72. As a result of the proceedings that Zygmunt Solorz initiated against the children and the TiVi Foundation, on May 19, 2025, the Princely District Court of Lichtenstein issued a decision on case 06 HG.2024.210, dismissing the case of Zygmunt Solorz in its entirety and confirming the content of the TIVI Foundation's Articles of Association in the wording of August 2, 2024 and the Death Declaration submitted on August 2, 2024, and acknowledging all declarations and amendments made by Zygmunt Solorz after this date to the TIVI Foundation's Articles of Association as invalid (hereinafter: "**TiVi Decision**"(see EXHIBIT EP5 hereof).

73. On June 18, 2025, Zygmunt Solorz appealed against the TiVi decision. The case is currently pending before the appellate court. The proceedings regarding the Solkomtel Foundation have been suspended until the final and binding completion of the proceedings concerning the TiVi Foundation regarding the real facts of the case.

### (G) Effort to put pressure on Zygmunt Solorz children

74. From the beginning of the Lichtenstein proceedings, Zygmunt Solorz – (under the influence and complete control of Ms. Kulka) – and his inner circle have proceeded to multiple actions in order to force his children

[Seal: District Court of Limassol / Cyprus / [Coat of Arms]]
[Stamp: TRUE COPY / [Signature] / The Senior Registrar]

and persuade them to agree to overturn the amendments of August 2, 2024. The children, remaining convinced – which was confirmed by the TiVi Decision - that the amendments of August 2, 2024 reflected their father's volition and constituted the culmination of a succession plan that had been prepared many years ago, and that the measures taken after August 2, 2024 were the result of pressure by their father's inner circle, refused to cancel these amendments voluntarily.

75. On November 30, 2024, Zygmunt Solorz - (who is under the influence and complete control of Ms. Kulka) – submitted a statement revoking all previous gifts to his children and invited all of them, including Tobias Solorz, to return the amounts they received from him as gifts. The gifts that are mentioned in the present statement included the gifts that constitute the execution of the agreements between Zygmunt Solorz and Tobias Solorz since 2021, of a total amount of USD 75.000.000,00, which are included in the TS Statement (see EXHIBIT EP36 hereinafter). The basis of this statement was the so-called gross ingratitude of the children (a case which, according to the Polish law, allows the donor to request the return of the gifts). Zygmunt Solorz's children challenged their father's position regarding the so-called ingratitude and, consequently, challenged the effectiveness of revoking the gifts.

I attach as **EXHBIT EP49** hereto, a copy of Respondent No. 1, regarding the revocation of gifts dated November 30, 2024 with an English translation.

76. Until the date of the present account of events, Zygmunt Solorz has not proceeded to court proceedings requesting the return of the amount Tobias Solorz has received as a gift.

[Seal: District Court of Limassol / Cyprus / [Coat of Arms]]
[Stamp: TRUE COPY / [Signature] / The Senior Registrar]

60

77. Since October 2024, Zygmunt Solorz – (being under the influence and complete control of Ms. Kulka) – has caused the removal of Tobias Solorz from all positions he held in the corporate bodies of companies which indirectly belonged to the TiVi Foundation and the Solkomtel Foundation. The only exception is three companies managed by Telewizja Polsat sp. z.o.o., the Chairman of which is Piotr Zak, who refused to consent to his brother's removal from the position, preventing therefore the breach of the decree issued by the Limassol Court on October 10, 2024 at the Originating Application No. 31/2024.

78. Being aware of his weak judicial position in the proceedings pending in Lichtenstein, particularly after the adverse TiVi decision, Zygmunt Solorz – (being under the influence and complete control of Ms. Kulka) – has engaged in multiple attempts to detach assets from companies controlled by the Foundations. After the TiVi Decision, which was rendered on May 19, 2025, Zygmunt Solorz submitted on July 30, 2025 a request to the Solkomtel Foundation as beneficiary to distribute assets in the form of transferring to him 100% of the stakes in three companies belonging to the Solkomtel Foundation: (i) through Karswell Limited, namely: Aviat Investment Limited, with registered offices in Limassol, JET STORY sp. z.o.o. based in Warsaw and, (ii) through ZS Aviation Establishment, BLUE JET CHARTERS sp. z.o.o., based in Warsaw. These companies hold assets of considerable value, including, inter alia, jet aircrafts and properties located at Warsaw's Chopen airport. It should be underlined that these companies were already part of Karswell Limited at the time of the Berlin Court Decision, according to which, half of Karswell Limited shares should have been relinquished to Tobias Solorz.

I attach hereto a copy of the distribution application dated July 30, 2025 as **EXHIBIT EP50**.

[Seal: District Court of Limassol / Cyprus / [Coat of Arms]]
[Stamp: TRUE COPY / [Signature] / The Senior Registrar]

61

79. In addition, on August 1, 2024, Zygmunt Solorz - (who is under the influence and complete control of Ms. Kulka) – established a new foundation in Lichtenstein – the WeTwo Foundation (namely, Respondent No. 2). Beneficiaries of this foundation are Zygmunt Solorz as primary beneficiary and his fourth wife, Justyna Kulka, as secondary beneficiary. As of December 2024, Zygmunt Solorz contributes to this foundation assets that had not been contributed earlier to the TiVi Foundation and the Solkomtel Foundation. These assets, had they not been contributed to the WeTwo Foundation, would have constituted the estate inherited to Zygmunt Solorz's children and wife. These assets included, inter alia, stakes in companies that held properties in Poland, Greece and Italy, as well as 100% of the stakes of Saverious Investments Limited, with registered offices in Limassol (a holding for yachts owning entities and docking location in Malta), and Rexon Overseas Limited, holding properties in France. Pursuant to the Berlin Decision, 50% of the Saverious Investments Limited stakes and 50% of the Rexon Overseas Limited stakes should have been relinquished to Tobias Solorz.

I attach hereto a copy of the abstract from the WeTwo Foundation's register as **EXHIBIT EP51** and as **EXHIBIT EP52**, copy of Tomasz Szelag's electronic message as well as a translation thereof.  Moreover, I make reference to EXHIBIT EP19 which is copies of the relevant abstracts of the Beneficiaries Register (UBO REGISTER) of the above Cypriot companies.

80. As a result, as of September 19, 2024, Zygmunt Solorz - (who is under the influence and complete control of Ms. Kulka) – has taken measures which may cancel the terMs. of the 2021 verbal settlement (see paragraph 52 above), by making Tobias Solorz lose his capacity as secondary beneficiary of the TiVi Foundation and returning monetary gifts amounting to 75.000.000,00 USA dollars. This way, Zygmunt Solorz

[Seal: District Court of Limassol / Cyprus / [Coat of Arms]]
[Stamp: TRUE COPY / [Signature] / The Senior Registrar]

62

is attempting to deny Tobias Solorz of his share in the joint property from Zygmunt Solorz's first wedding, as well as the benefits from this property.

81. Moreover, the contribution of assets to the WeTwo Foundation covered by the Berlin Decision and this entity's authorization to manage such assets undermine Zygmunt Solorz's obligations towards Tobias Solorz which derive from the Berlin Court Decision.

**(G) The fate of the assets covered by the Berlin Court Decision**

82. According to the content of the Berlin Court Decision, Zygmunt Solorz was obliged to relinquish the assets listed therein to Tobias Solorz, which include stakes in companies controlled by Zygmunt Solorz and cash.

83. Zygmunt Solorz never carried out the provisions ordered by the decision above. However, in the context of the 2012 arrangements, it was implied that assets in the form of shares or stakes in companies would be transferred to the foundations where Tobias Solorz would be secondary beneficiary. Yet, this did not occur; only a part of the assets reached the foundations' structures. The table below shows the statement of assets covered by the Berlin Court Decision at the time of its issue and at the date of filing hereof.

| Company | Situation until 1 November 2016 | Situation until September 2025 |
|---|---|---|
| Plus Bank S.A. (Poland) | | Company controlled by the Foundation |

[Seal: District Court of Limassol / Cyprus / [Coat of Arms]]
[Stamp: TRUE COPY / [Signature] / The Senior Registrar]

63

612

[Pages 98-99]

assets of the WeTwo Foundation covered by the Berlin Court Decision, the most recent being the attempt to sell (at an enormous discount), the vessel "HERE COMES THE SUN", justify the issuance of the freezing injunctions against Respondent No. 9 WE PAX FOUNDATION as well, as the Applicant has reasonable grounds to believe that the recent establishment of the WE PAX FOUNDATION on September 2, 2025, has as its exclusive scope the transfer of all assets of Respondent No. 2, under the name of Respondent No. 2, so as to render them inaccessible to the Applicant.

For this reason – (as advised by the persons mentioned in paragraphs 4-5 above) – all statements regarding the liability of WeTwo Foundation as holder of the assets covered in the Berlin Arbitration Decision towards the Applicant, fully apply to the WE PAX Foundation as well.

**(XV) CROSS UNDERTAKING IN DAMAGES**

108. The Applicant is ready to provide any reasonable guarantee ordered by the Honourable Judge of the Court in the event the requested orders are rendered.

**CONCLUSION**

109. I honestly believe that this case justifies the unilateral issuance of the junctures requested. Moreover, I note that the Applicant shall suffer serious losses if these injunctions are not issued, as the Lichtenstein Lawsuit shall be rendered nugatory.

110. In the circumstances of this case, I request the issuance of the injunctions as the Applicant's Application.

[Seal: District Court of Limassol / Cyprus / [Coat of Arms]]
[Stamp: TRUE COPY / [Signature] / The Senior Registrar]

The present Affidavit has been drafted in support of the Application with the above number and title.

| | |
|---|---|
| **Full Name** | ELEFTHERIA PAVLOU |
| *(and capacity where necessary)* | |

| | | | |
|---|---|---|---|
| **Signature of the person declaring under oath** | | **Position or Title** (if signed by a | Attorney |

**Date** | 1 | 0 | / | 0 | 9 | / | 2 | 0 | 2 | 5 |

---

**For court use**

**Sworn and signed before me on _____ [date] and time _____ at the District Court of _____**

**Signature / Seal of the Registrar**

[Seal: District Court of Limassol / Cyprus / [Coat of Arms]]
[Stamp: TRUE COPY / [Signature] / The Senior Registrar]

99

614

Έντυπο αρ.53:        Ένορκη Δήλωση

Μέρος 32 Κανονισμός 15(1)

| Καταχωρίζεται εκ μέρους του Αιτητή | |
|---|---|
| Όνομα ενόρκως δηλούντα: | Ελευθερία Παύλου |
| Αρ. Ένορκης Δήλωσης | 1 |
| Τεκμήρια : | ΕΠ1-ΕΠ59 |
| Ημερομηνία : | 09/10/2025 |

| Στο Επαρχιακό Δικαστήριο Λεμεσού | |
|---|---|
| Κλίμακα: Άνω 2.000.000 | |
| ~~Κάτω των €10.000~~ /Άνω των €10.000 | |
| Αριθμός Απαίτησης | 26/2025 |
| Αιτητής | TOBIAS MARKUS SOLORZ, από Volante Tower 1901, Marasi Drive, Business Bay, Dubai, United Arab Emirates |
| Καθ' ών η Αίτηση | 1. ZYGMUNT JÓZEF SOLORZ, από Meierhofstrasse 8, FL-9495, Triesen, Liechtenstein<br>2. WETWO FOUNDATION από FL-002.728.272-7 c/o GANTEN TRUSTEES LTD, PHLUGSTRASSE 20 9490 VADUZ, Liechtenstein<br>3. SAVERIOUS INVESTMENTS LTD από Λεμεσό, Αγίου Ανδρέου 332, PATRICIAN CHAMBERS, 3035<br>4. LIOCENSA INVESTMENTS LTD από Λεμεσό, Αγίου Ανδρέου 332, PATRICIAN CHAMBERS, 3035<br>5. BERTH LTD από Λεμεσό, Αγίου Ανδρέου 332, PATRICIAN CHAMBERS, 3035<br>6. MARDINIO LTD από Λεμεσό, Αγίου Ανδρέου 332, PATRICIAN CHAMBERS, 3035<br>7. SUPREMONTO LTD από Λεμεσό, Αγίου Ανδρέου 332, PATRICIAN CHAMBERS, 3035 |

1

615

| | 8. REXON OVERSEAS LTD από Λεμεσό, Αγίου Ανδρέου 332, PATRICIAN CHAMBERS, 3035<br>9. WE PAX FOUNDATION από Λιχτενστάιν, Φ/δι CONCORDANZ ANSTALT, Austrasse 42, 9490 Vaduz |
|---|---|

### ΕΝΟΡΚΗ ΔΗΛΩΣΗ Κ. ΕΛΕΥΘΕΡΙΑΣ ΠΑΥΛΟΥ

Εγώ, η κάτωθι υπογεγραμμένη ΕΛΕΥΘΕΡΙΑ ΠΑΥΛΟΥ από τη Λεμεσό, Χρυσάνθου Μυλωνά 10, MAGNUM HOUSE, ορκίζομαι και λέω τα ακόλουθα:

### (I)   ΕΙΣΑΓΩΓΗ

1. Είμαι δικηγόρος στο Δικηγορικό Γραφείο των κ.κ. Σωτήρης Πίττας & Σία Δ.Ε.Π.Ε., οι οποίοι είναι οι δικηγόροι του Αιτητή Tobias Markuz Solorz (ο «**Αιτητής**» ή ο «**Tobias**») στην Εναρκτήρια Αίτηση με τον πιο πάνω αριθμό και τίτλο, για την έκδοση ενδιάμεσων διαταγμάτων (free-standing injunctions) προς υποβοήθηση και υποστήριξη της Πολιτικής Αγωγής, που ο Αιτητής προτίθεται να καταχωρίσει ενώπιον του Δικαστηρίου του Πριγκιπάτου του Λιχτενστάιν («**η Αγωγή Λιχτενστάιν**»).

2. Η παρούσα ένορκη δήλωση γίνεται από εμένα και όχι από τον Αιτητή, επειδή ο Αιτητής διαμένει στο εξωτερικό και δεν μπορούσε να έρθει στην Κύπρο, λόγω άλλων επειγουσών επαγγελματικών υποχρεώσεων που είχε.

3. Είμαι δεόντως εξουσιοδοτημένη από τον Αιτητή να ορκιστώ εκ μέρους του την παρούσα ένορκη δήλωση προς υποστήριξη της Αίτησής του, για τη λήψη της ακόλουθης ενδιάμεσης θεραπείας προς υποβοήθηση και υποστήριξη της Αγωγής Λιχτενστάιν:

   3.1   Παγοποιητικά διατάγματα (freezing injunctions) επί των περιουσιακών στοιχείων που ανήκουν άμεσα ή έμμεσα στους Καθ' ων η Αίτηση 1-2 και 9 μέσω των Καθ' ων η Αίτηση 3-8 εναντίον του κ. Zygmunt Josef Solorz και του Ιδρύματος WETWO και τα οποία αναφέρονται στον ΠΙΝΑΚΑ Α της Αίτησης, προκειμένου να

2

616

διασφαλιστεί ότι τα εν λόγω περιουσιακά στοιχεία δεν θα διασκορπιστούν ή δεν θα αναδιαρθρωθούν (dissipated or restructured) και να καταστεί, η οποιαδήποτε απόφαση που θα εκδοθεί στην Αγωγή του Λιχτενστάιν υπέρ του Αιτητή, χωρίς θέμα ή άνευ αντικειμένου (without a subject or nugatory).

3.2   Ενδιάμεσο διάταγμα που να απαγορεύει την αλλαγή της εταιρικής δομής (corporate structure) των Καθ' ων η Αίτηση 3-8 και των θυγατρικών αυτών που αναφέρονται στον ΠΙΝΑΚΑ Α της Αίτησης, προκειμένου να μην καταστεί η Αγωγή του Λιχτενστάιν, χωρίς αντικείμενο.

3.3 Άλλα επικουρικά διατάγματα (ancillary orders) των παγοποιητικών διαταγμάτων που αναφέρονται στις παραγράφους 3.1-3.2 ανωτέρω («η **Αίτηση**»).

4  Απέκτησα προσωπική γνώση των γεγονότων της υπόθεσης από πληροφορίες και έγγραφα που έλαβα από τα ακόλουθα πρόσωπα:

4.1  Τον Αιτητή, ο οποίος είναι το μεγαλύτερο από τα τρία (3) παιδιά του Καθ' ου η Αίτηση 1, ήτοι του κ. Zygmunt Józef Solorz.

4.2  Τον κ. Paweł Rymarz,   τον κ. Krzysztof Sajchta και της κας. Kinga Duda της Πολωνικής δικηγορικής εταιρείας Rymarz, Zdort, Maruta, οι οποίοι συμβουλεύουν τον Αιτητή στις διαφορές που έχουν εγερθεί μεταξύ του Καθ' ου η Αίτηση 1 και του Αιτητή και των άλλων παιδιών του Καθ' ου η Αίτηση 1 ενώπιον των Δικαστηρίων του Λιχτενστάιν, ως εξηγείται λεπτομερώς κατωτέρω.

5  Για θέματα δικαίου του Λιχτενστάιν, έχω συμβουλευθεί τον κ. Jochen Schreiber του δικηγορικού γραφείου MARXER & PARTNER εκ Λιχτενστάιν, ο οποίος είναι αδειούχος Δικηγόρος για άσκηση επαγγέλματος στο Λιχτενστάιν και ο οποίος ετοίμασε τη Νομική Γνωμάτευση που επισυνάπτεται στην παρούσα ως **ΤΕΚΜΗΡΙΟ ΕΠ1** για τον σκοπό της Αίτησης. Για θέματα γερμανικού δικαίου, έχω συμβουλευθεί τον Καθηγητή Δρ. Eric

3

617

Wagner και τον Dr. Andreas Duttig  του Γερμανικού Δικηγορικού Γραφείου των κ.κ.
GLEISS LUTZ HOOTZ εκ Στουτκάρδης, Γερμανίας, οι οποίοι ετοίμασαν τη Νομική
Γνωμάτευση που επισυνάπτεται στην παρούσα ως **ΤΕΚΜΗΡΙΟ ΕΠ2** για τον σκοπό της
παρούσας Αίτησης.  Για θέματα Πολωνικού δικαίου, έχω συμβουλευθεί από τον κ.
PAWEL RYMARZ και KRZYSZTOF SAJCHTA του Πολωνικού Γραφείου RYMARZ ZDORT
MARUTA από την Βαρσοβία Πολωνίας, που ετοίμασαν την Γνωμοδότηση που
επισυνάπτεται ως **ΤΕΚΜΗΡΙΟ ΕΠ57** στην παρούσα.

Οι αγγλικές μεταφράσεις των γερμανικών εγγράφων που επισυνάπτονται στην
παρούσα, έγιναν από τους δικηγόρους του Αιτητή στο Λιχτενστάιν και οι αγγλικές
μεταφράσεις των πολωνικών εγγράφων από τους Πολωνούς δικηγόρους του Αιτητή.

6  Για θέματα Κυπριακού Δικαίου, έχω συμβουλευθεί τον κ. Σωτήρη Πίττα.

7  Όπου αναφέρομαι σε οποιαδήποτε τέτοια νομική συμβουλή, το κάνω ρητά, χωρίς να
παραιτούμαι από οποιοδήποτε προνόμιο μπορεί να υπάρχει σε σχέση με τις εν λόγω
συμβουλές.

8  Η Αίτηση γίνεται χωρίς ειδοποίηση προς τους Καθ' ων η Αίτηση (για τους λόγους που
αναφέρονται αναλυτικά κατωτέρω), ένεκα της πιθανότητας η οποιαδήποτε ειδοποίηση
να έχει ως αποτέλεσμα τον διασκορπισμό των περιουσιακών στοιχείων των Καθ' ων η
Αίτηση 1-9 και των θυγατρικών αυτών, των οποίων τα ονόματα αναφέρονται (*μεταξύ
άλλων, αλλά όχι εξαντλητικά*) στον ΠΙΝΑΚΑ Α που επισυνάπτεται στην Αίτηση,  ή την
τοποθέτηση των εν λόγω περιουσιακών στοιχείων πέρα από την εμβέλεια του Αιτητή
και του παρόντος Δικαστηρίου, προτού τεθούν σε εφαρμογή περιοριστικά μέτρα από
το παρόν Δικαστήριο, που θα καταστήσει την Αγωγή Λιχτενστάιν χωρίς αντικείμενο.

9  Έχω στην κατοχή μου αντίγραφο της Αίτησης και υιοθετώ πλήρως όλους τους
ισχυρισμούς (pleas and grounds) που αναφέρονται σε αυτήν.

4

10  Επιβεβαιώνω ότι ο Αιτητής, υπό τις περιστάσεις της παρούσας υπόθεσης, θα ασκήσει τα δικαιώματά του σε οποιαδήποτε κατάλληλη δικαιοδοσία, εάν καταστεί απαραίτητο.

11  Μου προσκομίζεται και μου παρουσιάζεται μια δέσμη από πιστά αντίγραφα εγγράφων, σημειούμενα ως **ΤΕΚΜΗΡΙΑ ΕΠ1 – ΕΠ59** στα οποία θα αναφερθώ στην παρούσα ένορκη δήλωση.

(II)  **ΠΕΡΙΛΗΨΗ**

12  Εν συντομία, η υπόθεση του Αιτητή (εξ όσων γνωρίζω, ως με πληροφόρησαν τα πρόσωπα που αναφέρονται στην παράγραφο 4 ανωτέρω και ως με συμβουλεύει ο κ. Σωτήρης Πίττας), έχει ως εξής:

12.1 Με την Αγωγή Λιχτενστάιν, ο Αιτητής επιδιώκει να ιχνηλατήσει και ανακτήσει περιουσιακά στοιχεία (tracing assets), τα οποία καλύπτονται από την λεγόμενη Δικαστική Απόφαση Βερολίνου, τα οποία περιουσιακά στοιχεία είχαν κρατηθεί ως καταπίστευμα (held in trust) από τον κ. Solorz προς όφελος και για λογαριασμό του γιου του, Tobias, και τα οποία, κατά παράβαση αυτής της σχέσης εμπιστοσύνης και καταπιστεύματος (trust and fiduciary relationship), ο κ. Solorz, υπό τις συνθήκες που εξηγούνται πιο κάτω, τα είχε μεταβιβάσει, σε ένα νέο Ίδρυμα του Λιχτενστάιν που δημιούργησε, και το οποίο ενεγγράφη κατά ή περί την 1/8/2024 με το όνομα **WETWO Foundation** (που είναι Καθ' ου η Αίτηση 2), του οποίου ο κύριος δικαιούχος (primary beneficiary) είναι ο κ. Solorz και ο δευτερεύων δικαιούχος (secondary beneficiary) είναι η κα Kulka (δηλαδή η 4η σύζυγος του κ. Solorz), και σε περίπτωση θανάτου της, ο γιος της κας Kulka, δηλαδή ο κ. Stanislaw Kulka, ο οποίος δεν είναι παιδί του κ. Solorz.

Μόλις χθες ο Αιτητής έχει εντοπίσει ότι ο κ. ZYGMUNT SOLORZ δημιούργησε την 2/9/2025 ένα νέο Ίδρυμα, ήτοι το **WE PAX FOUNDATION** (βλέπε παράγρ. 105-106 κατωτέρω) που ενδεχόμενα θα χρησιμοποιηθεί από τον κ. Solorz και την κα Kulka

5

619

71. Μετά την υποβολή των ανωτέρω δηλώσεων, ο Zygmunt Solorz τροποποίησε την αιτούμενη αποκατάσταση στην αγωγή που κατατέθηκε στο Πριγκιπικό Περιφερειακό Δικαστήριο του Vaduz, ζητώντας επιπλέον να διαπιστωθεί ότι το Καταστατικό και οι Επιπρόσθετες Πράξεις (ADDITIONAL ACTS) των Ιδρυμάτων, όπως διατυπώθηκαν στις 24 Σεπτεμβρίου 2024, είναι νομικά ισχυροί και δεσμευτικοί.

Επισυνάπτω στην παρούσα ως **ΤΕΚΜΗΡΙΟ ΕΠ47 και ΕΠ48**, αντίγραφα των αγωγών του Zygmunt Solorz αναφορικά με το TIVI και το SOLKOMTEL αντίστοιχα με την αγγλική της μετάφραση.

72. Ως αποτέλεσμα της διαδικασίας που κίνησε ο Zygmunt Solorz κατά των παιδιών και του Ιδρύματος TiVi, στις 19 Μαΐου 2025 το Πριγκιπικό Περιφερειακό Δικαστήριο του Λιχτενστάιν εξέδωσε απόφαση στην υπόθεση 06 HG.2024.210, απορρίπτοντας την αγωγή του Zygmunt Solorz στο σύνολό της και επικυρώνοντας το περιεχόμενο του Καταστατικού του Ιδρύματος TIVI στη διατύπωση της 2ας Αυγούστου 2024 και τη Δήλωση Θανάτου που υποβλήθηκε στις 2 Αυγούστου 2024, και αναγνωρίζοντας όλες τις δηλώσεις και τις αλλαγές που έκανε ο Zygmunt Solorz μετά την ημερομηνία αυτή στο Καταστατικό του Ιδρύματος TIVI, ως ανίσχυρες (εφεξής: η **«Απόφαση TiVi»**) (βλ. ΤΕΚΜΗΡΙΟ ΕΠ5 του παρόντος).

73. Στις 18 Ιουνίου 2025, ο Zygmunt Solorz άσκησε έφεση κατά της απόφασης TiVi. Η υπόθεση εκκρεμεί επί του παρόντος ενώπιον του δευτεροβάθμιου δικαστηρίου. Η διαδικασία που αφορά το Ίδρυμα Solkomtel έχει ανασταλεί μέχρι την οριστική και δεσμευτική ολοκλήρωση της διαδικασίας που αφορά το Ίδρυμα TiVi ως προς τα πραγματικά γεγονότα της υπόθεσης.

### (Z) Προσπάθειες άσκησης πίεσης στα παιδιά του Zygmunt Solorz

74. Από την έναρξη της διαδικασίας στο Λιχτενστάιν, ο Zygmunt Solorz – (υπό την επίρρεια και πλήρη έλεγχο της κας. Kulka) - και ο στενός του κύκλος έχουν προβεί σε πολυάριθμες ενέργειες με στόχο την άσκηση πίεσης στα παιδιά του ώστε να τα

πείσουν να συμφωνήσουν στην ανατροπή των αλλαγών της 2ας Αυγούστου 2024. Τα παιδιά, παραμένοντας στην πεποίθηση – η οποία επιβεβαιώθηκε από την απόφαση TiVi – ότι οι αλλαγές της 2ας Αυγούστου 2024 αντανακλούσαν τη βούληση του πατέρα τους και αποτελούσαν το αποκορύφωμα ενός σχεδίου διαδοχής που είχε προετοιμαστεί εδώ και πολλά χρόνια, και ότι οι ενέργειες που ελήφθησαν μετά τις 2 Αυγούστου 2024 προέκυψαν από πιέσεις που άσκησε το στενότερο περιβάλλον του πατέρα τους, αρνήθηκαν να ανακαλέσουν οικειοθελώς τις αλλαγές αυτές.

75. Στις 30 Νοεμβρίου 2024, ο Zygmunt Solorz – (που βρίσκεται υπό την επίρρεια και πλήρη έλεγχο της κας. Kulka) - υπέβαλε δήλωση με την οποία ανακαλούσε όλες τις δωρεές που είχαν γίνει προηγουμένως στα παιδιά του και κάλεσε τον καθένα από αυτούς, συμπεριλαμβανομένου του Tobias Solorz, να επιστρέψουν τα ποσά που έλαβαν από αυτόν ως δωρεά. Μεταξύ των δωρεών που αναφέρονται στην παρούσα δήλωση ήταν οι δωρεές που συνιστούν την εκτέλεση των συμφωνιών μεταξύ του Zygmunt Solorz και του Tobias Solorz από το 2021, συνολικού ποσού 75.000.000,00 USD, που αναφέρονται στη Δήλωση TS (βλέπε ΤΕΚΜΗΡΙΟ ΕΠ36 στην παρούσα). Η βάση της δήλωσης ήταν η φερόμενη ως βαριά αχαριστία των παιδιών (μια περίσταση που, σύμφωνα με την πολωνική νομοθεσία, επιτρέπει στον δωρητή να απαιτήσει την επιστροφή των δωρεών). Τα παιδιά του Zygmunt Solorz αμφισβήτησαν τη θέση του πατέρα τους σχετικά με την φερόμενη αχαριστία και, κατά συνέπεια, αμφισβήτησαν την αποτελεσματικότητα της ανάκλησης των δωρεών.

Επισυνάπτω στην παρούσα ως **ΤΕΚΜΗΡΙΟ ΕΠ49**, αντίγραφο του Καθ' ου η Αίτηση Αρ. 1, για την ανάκληση δωρεών με ημερομηνία 30 Νοεμβρίου 2024 με αγγλική μετάφραση.

76. Μέχρι την ημερομηνία της παρούσας έκθεσης μειονότων, ο Zygmunt Solorz δεν έχει κινήσει δικαστικές διαδικασίες ζητώντας την επιστροφή των ποσών που έλαβε ο Tobias Solorz μέσω δωρεάς.

77. Από τον Οκτώβριο του 2024, ο Zygmunt Solorz – (που βρίσκεται υπό την επίρρεια και πλήρη έλεγχο της κας. Kulka) - έχει προκαλέσει την απομάκρυνση του Tobias Solorz από σχεδόν όλες τις θέσεις που κατείχε στα εταιρικά όργανα εταιρειών που ανήκουν έμμεσα στο Ίδρυμα TiVi και στο Ίδρυμα Solkomtel. Οι μόνες εξαιρέσεις ήταν τρεις εταιρείες που ελέγχονται από την Telewizja Polsat sp. z o.o., της οποίας πρόεδρος είναι ο Piotr Żak, ο οποίος αρνήθηκε να συναινέσει στην απομάκρυνση του αδελφού του από το αξίωμα, αποτρέποντας έτσι την παραβίαση του διατάγματος που εξέδωσε το δικαστήριο της Λεμεσού στις 10 Οκτωβρίου 2024 στην Εναρκτήρια Αίτηση υπ' αριθμό 31/2024.

78. Γνωρίζοντας την αδύναμη δικαστική του θέση στις εκκρεμείς διαδικασίες στο Λιχτενστάιν, ιδίως μετά την έκδοση της δυσμενούς απόφασης TiVi, ο Zygmunt Solorz – (που βρίσκεται υπό την επίρρεια και πλήρη έλεγχο της κας. Kulka) - έχει προβεί σε πολλές προσπάθειες απόσπασης περιουσιακών στοιχείων από εταιρείες που ελέγχονται από τα Ιδρύματα. Μετά την Απόφαση TiVi που έλαβε χώρα την 19/5/2025, ο Zygmunt Solorz υπέβαλε την 30/7/2025 στο Ίδρυμα Solkomtel αίτημα δικαιούχου για διανομή περιουσιακών στοιχείων με τη μορφή μεταβίβασης σε αυτόν του 100% των μετοχών σε τρεις εταιρείες που ανήκουν στο Ίδρυμα Solkomtel: (i) μέσω της Karswell Limited, δηλαδή: Aviat Investment Limited με έδρα τη Λεμεσό, JET STORY sp. z o.o. με έδρα τη Βαρσοβία, και, (ii) μέσω της ZS Aviation Establishment, BLUE JET CHARTERS sp. z o.o. με έδρα τη Βαρσοβία. Αυτές οι εταιρείες κατέχουν περιουσιακά στοιχεία σημαντικής αξίας, συμπεριλαμβανομένων, μεταξύ άλλων, αεριωθούμενων αεροσκαφών και ακινήτων που βρίσκονται στο αεροδρόμιο Chopin της Βαρσοβία. Πρέπει να τονιστεί ότι αυτές οι εταιρείες αποτελούσαν ήδη μέρος της Karswell Limited κατά τον χρόνο της Δικαστικής Απόφασης του Βερολίνου, σύμφωνα με την οποία το ήμισυ των μετοχών της Karswell Limited έπρεπε να είχε παραδοθεί στον Tobias Solorz.

Επισυνάπτω στην παρούσα ως **ΤΕΚΜΗΡΙΟ ΕΠ50**, αντίγραφο του αιτήματος διανομής με ημερομηνία 30 Ιουλίου 2025.

79. Επιπλέον, την 1η Αυγούστου 2024, ο Zygmunt Solorz – (που βρίσκεται υπό την καθοδήγηση και πλήρη έλεγχο της κας. Kulka) - ίδρυσε ένα νέο ίδρυμα στο Λιχτενστάιν - το Ίδρυμα WeTwo (ήτοι τον Καθ' ου η Αίτηση Αρ. 2). Οι δικαιούχοι αυτού του ιδρύματος είναι ο Zygmunt Solorz ως πρώτος δικαιούχος και η τέταρτη σύζυγός του, Justyna Kulka, ως δευτερεύουσα δικαιούχος. Από τον Δεκέμβριο του 2024, ο Zygmunt Solorz συνεισφέρει σε αυτό το ίδρυμα περιουσιακά στοιχεία που δεν είχαν προηγουμένως συνεισφερθεί στο Ίδρυμα TiVi και στο Ίδρυμα Solkomtel. Αυτή η περιουσία, εάν δεν συνεισφερόταν στο Ίδρυμα WeTwo, θα υπόκειτο σε κληρονομιά από τα παιδιά και τη σύζυγο του Zygmunt Solorz. Μεταξύ αυτών των περιουσιακών στοιχείων ήταν, μεταξύ άλλων, μετοχές σε εταιρείες που κατείχαν ακίνητα στην Πολωνία, την Ελλάδα και την Ιταλία, καθώς και το 100% των μετοχών της Saverious Investments Limited, με έδρα τη Λεμεσό (εταιρεία χαρτοφυλακίου (HOLDING) για οντότητες που κατέχουν γιοτ (Yacht) και χώρο ελλιμενισμού στη Μάλτα), και της Rexon Overseas Limited, η οποία κατείχε ακίνητα στη Γαλλία. Σύμφωνα με την Απόφαση του Βερολίνου, το 50% των μετοχών της Saverious Investments Limited και το 50% των μετοχών της Rexon Overseas Limited έπρεπε να είχαν παραδοθεί στον Tobias Solorz.

Επισυνάπτω στην παρούσα ως **ΤΕΚΜΗΡΙΟ ΕΠ51**, αντίγραφο του αποσπάσματος από το μητρώο του Ιδρύματος WeTwo και ως **ΤΕΚΜΗΡΙΟ ΕΠ52**, αντίγραφο ηλεκτρονικού μηνύματος από τον Tomasz Szelag με Αγγλική μετάφραση αυτών· Περαιτέρω παραπέμπω στο ΤΕΚΜΗΡΙΟ ΕΠ19 που είναι αντίγραφα σχετικών αποσπασμάτων του Μητρώου Δικαιούχων (UBO REGISTER) των ανωτέρω Κυπριακών εταιρειών.

80. Ως αποτέλεσμα, από τις 19 Σεπτεμβρίου 2024, ο Zygmunt Solor – (που ευρίσκεται υπό την καθοδήγηση και πλήρη έλεγχο της κας. Kulka) - z έχει προβεί σε ενέργειες που ενδέχεται να ματαιώσουν τους όρους του προφορικού διακανονισμού του 2021 (βλ. παράγραφο 52 παραπάνω), μέσω της απώλειας από τον Tobias Solorz της ιδιότητάς του ως δευτερεύοντος δικαιούχου του Ιδρύματος TiVi και της επιστροφής χρηματικών δωρεών ύψους 75.000.000,00 δολαρίων ΗΠΑ. Με αυτόν τον τρόπο, ο Zygmunt Solorz

επιδιώκει να στερήσει από τον Tobias Solorz το μερίδιό του στην κοινή περιουσία του πρώτου γάμου του Zygmunt Solorz, καθώς και τα οφέλη αυτής της περιουσίας.

81. Επιπλέον, η εισφορά περιουσιακών στοιχείων που καλύπτονται από την Δικαστική Απόφαση του Βερολίνου στο Ίδρυμα WeTwo και η εξουσιοδότηση αυτής της οντότητας να διαχειρίζεται τέτοια περιουσιακά στοιχεία υπονομεύει τις υποχρεώσεις του Zygmunt Solorz έναντι του Tobias Solorz που απορρέουν από την Δικαστική Απόφαση του Βερολίνου.

**(H) Τύχη των περιουσιακών στοιχείων που καλύπτονται από την Δικαστική Απόφαση του Βερολίνου**

82. Σύμφωνα με το περιεχόμενο της Δικαστικής Απόφασης του Βερολίνου, ο Zygmunt Solorz ήταν υποχρεωμένος να παραδώσει στον Tobias Solorz τα περιουσιακά στοιχεία που αναφέρονται σε αυτήν, τα οποία αποτελούνται από συμμετοχές σε εταιρείες που ελέγχονται από τον Zygmunt Solorz και μετρητά.

83. Ο Zygmunt Solorz ουδέποτε εκτέλεσε τις διαθέσεις που διατάχθηκαν με την ανωτέρω απόφαση. Ωστόσο, στο πλαίσιο των ρυθμίσεων που έγιναν από το 2012, υπονοήθηκε ότι τα περιουσιακά στοιχεία με τη μορφή μετοχών ή μεριδίων σε εταιρείες επρόκειτο να μεταβιβαστούν στα ιδρύματα στα οποία ο Tobias Solorz θα ήταν δευτερεύων δικαιούχος. Αυτό, ωστόσο, δεν συνέβη - μόνο ένα μέρος αυτών των περιουσιακών στοιχείων κατέληξε στις δομές των ιδρυμάτων. Ο παρακάτω πίνακας απεικονίζει την κατάσταση των περιουσιακών στοιχείων που καλύπτονται από την Δικαστική Απόφαση του Βερολίνου κατά τον χρόνο έκδοσής της και κατά την ημερομηνία της παρούσας υποβολής.

| Εταιρεία | Κατάσταση ως την 1 Νοεμβρίου 2016 | Κατάσταση ως τον Σεπτέμβρη 2025 |
|---|---|---|
| Plus Bank S.A. (Πολωνία) | | Εταιρεία που ελέγχεται από το Ίδρυμα |

624

στοιχείων του Ιδρύματος WeTwo Foundation που καλύπτονται από την Δικαστική Απόφαση Βερολίνου, με τελευταία την προσπάθεια πώλησης (με τεράστια έκπτωση), του Πλοίου "HERE COMES THE SUN", δικαιολογούν την έκδοση των παγοποιητικών διαταγμάτων και εναντίον του Καθ' ου η Αίτηση Αρ. 9 WE PAX FOUNDATION, γιατί ο Αιτητής έχει βάσιμους λόγους να πιστεύει ότι η πρόσφατη Ίδρυση του WE PAX FOUNDATION την 2/9/2025, έχει αποκλειστικό σκοπό την μεταβίβαση όλων των περιουσιακών στοιχείων του Καθ' ου η Αίτηση Αρ. 2, στο όνομα του Καθ' ου η Αίτηση Αρ. 2, για να τα θέσει εκτός της πρόσβασης του Αιτητή.

Γι' αυτόν τον λόγο – (ως με συμβουλεύουν τα πρόσωπα που αναφέρονται στις παραγράφους 4-5 ανωτέρω ) – όσα αναφέρονται για την ευθύνη έναντι του Αιτητή που έχει το WeTwo Foundation ως κατόχου των περιουσιακών στοιχείων που καλύπτονται από την Διαιτητική Απόφαση Βερολίνου, εφαρμόζονται πλήρως και στο WE PAX Foundation.

### (XV)  Η ΑΝΑΛΥΨΗ ΥΠΟΧΡΕΩΣΗΣ (CROSS UNDERTAKING) ΓΙΑ ΖΗΜΙΕΣ

108.  Ο Αιτητής είναι έτοιμος να παράσχει οποιαδήποτε εύλογη εγγύηση που θα διατάξει το Σεβαστό Δικαστήριο σε περίπτωση έκδοσης των αιτούμενων διαταγμάτων.

### ΚΑΤΑΛΗΞΗ

109.  Πιστεύω ειλικρινά ότι η παρούσα υπόθεση δικαιολογεί την μονομερή έκδοση των αιτούμενων διαταγμάτων. Επιπλέον, αναφέρω ότι ο Αιτητής θα υποστεί τεράστιες απώλειες εάν τα διατάγματα δεν εκδοθούν, επειδή η Αγωγή Λιχτενστάιν θα καταστεί άνευ αντικειμένου (nugatory).

110. Υπό τις περιστάσεις, αιτούμαι την έκδοση των διαταγμάτων ως Αίτηση του Αιτητή.

ΠΙΣΤΟΝ ΑΝΤΙΓΡΑΦΟ

ΑΝΩΤΕΡΗ ΠΡΩΤΟΚΟΛΛΗΤΗΣ

98

625

Η παρούσα Ένορκη Δήλωση έχει συνταχθεί προς υποστήριξη της Αίτησης με τον πιο πάνω αριθμό και τίτλο.

| | |
|---|---|
| **Πλήρες Όνομα**<br>*(και ιδιότητα όπου χρειάζεται)* | ΕΛΕΥΘΕΡΙΑ ΠΑΥΛΟΥ |

| **Υπογραφή Ενόρκως Δηλούντα** | | **Θέση ή Αξίωμα** (εάν υπογράφεται εκ | Δικηγόρος |
|---|---|---|---|
| | | **Ημερομηνία** | 0 9 / 1 0 / 2 0 2 5 |

---

**Για δικαστηριακή χρήση**

Ορκίστηκε και υπέγραψε ενώπιον μου στις ....................[ημερομηνία] και ώρα ......... στο Επαρχιακό Δικαστήριο ........................

Υπογραφή/ Σφραγίδα Πρωτοκολλητή