1   Gary S. Lincenberg (SBN 123058)
      glincenberg@birdmarella.com
2   William E. Johnston (SBN 287707)
      wjohnston@birdmarella.com
3   BIRD, MARELLA, RHOW, LINCENBERG, DROOKS, &
    NESSIM, LLP
4   1875 Century Park East, 23rd Floor
    Los Angeles, CA 90067-2561
5   Telephone:  (310) 201-2100
    Facsimile:  (310) 201-2110
6

7   Martin Weinstein (*Pro Hac Vice* pending)
      Martin.Weinstein@cwt.com
8   Hyungjoo Han (*Pro Hac Vice* pending)
      Hyungjoo.Han@cwt.com
9   CADWALADER, WICKERSHAM & TAFT LLP
    1919 Pennsylvania Ave NW
10  Washington, D.C. 20006
    Telephone:  (202) 862-2200
11

12  Matthew M. Karlan (*Pro Hac Vice* pending)
      Matthew.Karlan@cwt.com
13  CADWALADER, WICKERSHAM & TAFT LLP
    200 Liberty Street
    New York, NY 10281
14  Telephone:  (212) 504-6000

15  *Attorneys for Respondent*
    ALEKSANDRA ZAK
16

17                  **UNITED STATES DISTRICT COURT**

18                 **CENTRAL DISTRICT OF CALIFORNIA**

19                      **SOUTHERN DIVISION**

20

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF ZYGMUNT SOLORZ FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Misc. Action No.: 2:25-mc-112  Honorable Jacqueline Chooljian  **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PETITIONER'S *EX PARTE* APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782** |

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ............................................................................... 1

BACKGROUND ................................................................................................. 4

I.     THE PARTIES AND RELEVANT ENTITIES ................................... 4

    A.     The Parties ................................................................................ 4

    B.     The Foundations and the Declarations ............................... 5

II.    THE LIECHTENSTEIN PROCEEDINGS ................................. 7

    A.     The TiVi Proceeding.............................................................. 8

    B.     The Solkomtel Proceeding .................................................10

    C.     The Grzesiak Removal Application ...................................11

    D.     The Resolution Challenge Proceeding .............................13

III.   PETITIONER'S APPLICATION .....................................................14

LEGAL STANDARD..........................................................................................15

ARGUMENT.....................................................................................................16

I.     THE APPLICATION SHOULD BE DENIED BECAUSE IT FAILS TO SATISFY THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782. .16

II.    THE *INTEL* FACTORS WEIGH AGAINST GRANTING THE APPLICATION. ...................................................................................20

    A.     Ms. Żak Is a Participant in the Liechtenstein Proceedings.................21

    B.     The Nature and Status of the Liechtenstein Proceedings Counsel Against Granting Discovery Here. .....................................22

    C.     Petitioner Seeks to Circumvent Liechtenstein Proof-Gathering Restrictions. .........................................................24

    D.     The Discovery Sought Would Be Highly Burdensome to Ms. Żak. ..26

CONCLUSION ..................................................................................................28

-i-


# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Application of 2770095 Ontario, Inc.*,
    No. 2:21-MC-01004-CBM-JC, 2022 WL 18277968 (C.D. Cal. Jan.
    10, 2022) (Chooljian, J.) .................................................................. 17, 27, 28

*In re Align Tech., Inc.*,
    No. 2:22-MC-00236-SB-MAA, 2022 WL 18460717 (C.D. Cal.
    Dec. 15, 2022), *report and recommendation adopted*, No. 2:22-
    MC-00236-SB-MAA, 2023 WL 405316 (C.D. Cal. Jan. 24, 2023) .................. 22

*In re BonSens.org*,
    95 F.4th 75 (2d Cir. 2024) ................................................................ 19, 20, 21

*In re China Petrochemical Dev. Corp.*,
    No. 3:17-cv-02138 (SRU), 2018 WL 1320665 (D. Conn. Mar. 14,
    2018) ...................................................................................................... 17

*In re Degitechnic*,
    No. C07-414-JCC, 2007 WL 1367697 (W.D. Wash. May 8, 2007) ................ 26

*financialright GmbH v. Robert Bosch LLC*,
    294 F. Supp. 3d 721 (E.D. Mich. 2018) ................................................... 19

*In re Hedrick House Ltd.*,
    No. SA MC 20-00005-DOC (DMF), 2020 WL 3965999 (C.D. Cal.
    Mar. 31, 2020) ..................................................................................... 16, 20

*Illumina Cambridge Ltd. v. Complete Genomics, Inc.*,
    No. 19-mc-80215-WHO(TSH), 2020 WL 820327 (N.D. Cal. Feb.
    19, 2020) ............................................................................................... 24

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004) ........................................................................... *passim*

*In re Application Pursuant to 28 U.S.C. 1782 of Japan Display Inc.*,
    No. 2:21-mc-00374-MAAx, 2021 WL 4391882 (C.D. Cal. Apr. 5,
    2021) ..................................................................................................... 25

-ii-

*Khrapunov v. Prosyankin*,
  931 F.3d 922 (9th Cir. 2019)..................................................................2, 15, 16

*In re King.com Ltd.*,
  No. 16-MC-80070-JCS, 2016 WL 4364286 (N.D. Cal. Aug. 16, 2016) ......................................................................................................23, 24

*In re Kivisto*,
  521 F. App'x 886 (11th Cir. 2013)...................................................................28

*Matter of Lufthansa Technik AG*,
  No. C11-1386-JCC, 2011 WL 13586068 (W.D. Wash. Oct. 6, 2011) ...............................................................................................................22

*In re McKillen*, No. 2:24-MC-62-JFW-PD, 2024 WL 3679548 (C.D. Cal. July 30, 2024), *report and recommendation adopted*, No. 2:24-MC-00062-JFW-PD, 2024 WL 3678000 (C.D. Cal. Aug. 5, 2024) ...............................................................................................................25

*Med. Inc. Ass'n Smile Create*,
  547 F. Supp. 3d 894 (N.D. Cal. July 8, 2021) .....................................21, 23, 25

*In re Oh*, No. 22-MC-1649-DDL, 2023 WL 2890155 (S.D. Cal. Apr. 11, 2023), *report and recommendation adopted*, No. 22-MC-1649-DMS-DDL, 2023 WL 4047588 (S.D. Cal. Apr. 28, 2023) ...............................15

*In re Pioneer Corp. for an Ord. Permitting Issuance of Subpoenas to Take Discovery in a Foreign Proceeding*,
  No. MC 18-0037 UA (SS), 2018 WL 2146412 (C.D. Cal. May 9, 2018) ...........................................................................................................17, 19

*In re Ex Parte Application of Qualcomm Inc.*,
  162 F. Supp. 3d 1029 (N.D. Cal. 2016)...........................................................26

*Qualcomm Inc.*,
  No. 18-MC-80134-NC, 2018 WL 6660068 (N.D. Cal. Dec. 19, 2018) ...........................................................................................................16, 17

*In re Ex Parte Application of Samsung Elecs. Co., Ltd.*,
  No. 12-80275 LHK (PSG), 2013 WL 12335833 (N.D. Cal. Jan. 23, 2013) ...............................................................................................................26

-iii-

TABLE OF AUTHORITIES

*In re Schlich*,
    893 F.3d 40 (1st Cir. 2018) ..............................................................................17

*Siemens AG v. W. Digital Corp.*,
    No. 8:13-cv-01407-CAS-(AJWx), 2013 WL 5947973 (C.D. Cal.
    Nov. 4, 2013) ...................................................................................................21

*In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-
    80048-MEJ, 2016 WL 1161568 (N.D. Cal. Mar. 24, 2016) ...........................23

*In re § 1782 Application of Xiaomi Corp.*, No. 25-mc-80143-RS, 2025
    WL 2772693 (N.D. Cal. Sept. 29, 2025) .........................................................21

**Statutes**

28 U.S.C. § 1782 ................................................................................................*passim*

TABLE OF AUTHORITIES

Respondent Aleksandra Żak ("Ms. Żak") respectfully submits this Memorandum of Points and Authorities in Opposition to Petitioner Zygmunt Solorz's ("Petitioner") *Ex Parte* Application for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (the "Application" or "App.").

## **PRELIMINARY STATEMENT**

Petitioner is a sophisticated businessman with over 30 years of experience in the media and telecommunications industry and is one of the wealthiest individuals in Europe.  On August 2, 2024, he executed six declarations that transferred certain of his rights in two Liechtenstein-based foundations—TiVi and Solkomtel—to his children, including Ms. Żak.  After executing the declarations, Petitioner sought to invalidate them on the grounds that he allegedly was not aware of their terms and felt pressured by his children to sign the declarations. Petitioner now seeks discovery from Ms. Żak "in aid of three proceedings pending in Liechtenstein . . . arising out of [this alleged] scheme to oust him from the business empire that he built."  App. at 6.  According to Petitioner, Ms. Żak "played a critical role in the events which took place on or around August 2, 2024," which are "central" to the Liechtenstein proceedings underlying the Application.  *Id.* at 13.

MEMORANDUM OF POINTS AND AUTHORITIES

What Petitioner fails to tell the Court, however, is that he already litigated this "central" issue and lost.  Though Petitioner relies on three Liechtenstein proceedings to support his Application for discovery, he relegates to a footnote (App. at 13 n.2) the decisive proceeding in which he challenged the validity of the August 2, 2024 declarations based on the same alleged "scheme."  Worse, he omits that the court in that proceeding issued a 102-page decision in May 2025, finding that the declarations pertaining to the TiVi Foundation were valid and enforceable.  In that decision, the court determined that Petitioner was fully aware of the terms of the declarations when signing and that there was no fraud or scheme by Petitioner's children to oust Petitioner from the foundations.  In other words, the very issue Petitioner alleges is "central" to his Application already has been considered and rejected by a Liechtenstein court—the same court and the *same judge* who is currently presiding over all four of the Liechtenstein proceedings relevant to Petitioner's Application.  Now that Petitioner has lost, he brings this Application against Ms. Żak in an attempt to relitigate the same issue before this Court and harass Ms. Żak under the guise of obtaining discovery.

The Court should deny Petitioner's Application because it fails to satisfy the core requirement under 28 U.S.C. § 1782 that the requested discovery is "for use in a proceeding in a foreign or international tribunal." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).  The discovery

that Petitioner seeks from Ms. Żak cannot be "for use" in any of the Liechtenstein proceedings because the "central" issue identified by Petitioner—whether there was a "scheme" to oust Petitioner from the foundations—already has been decided against Petitioner by a Liechtenstein court.

Indeed, one of the proceedings relied upon in the Application (which challenges the validity of the declarations pertaining to the Solkomtel Foundation) presently is stayed. What is more, the court informed the parties that it would apply the factual findings from the previously decided TiVi proceeding once the stay is lifted, since both proceedings center on the alleged scheme. The remaining two proceedings referenced in the Application challenge the composition of and certain actions taken by the TiVi Foundation board in July 2025, but Ms. Żak is not the appropriate person from whom to seek evidence relevant to those issues as she has never served on the board. In any case, Petitioner effectively admits that the "core issues in dispute in *each* of the Foreign Proceedings"—"*all* of which arise from and relate to efforts by Mr. Solorz's Children . . . to gain control over the Foundations" (App. at 7 (emphasis added))—have been decided in the TiVi proceeding, which found no such scheme. Thus, the discovery Petitioner seeks cannot be "for use" in the Liechtenstein proceedings.

Even if Petitioner somehow could satisfy the threshold statutory requirements (and he cannot), the Court nonetheless should decline to exercise its

discretion to grant the Application under the *Intel* factors. *First*, Petitioner concedes that Ms. Żak is a participant in two of the three Liechtenstein proceedings, through which Petitioner has opportunities to obtain evidence from Ms. Żak, including calling her to testify in court. *Second*, the nature and status of the proceedings weighs against discovery because one of the proceedings is stayed and the other two have evidentiary hearings scheduled on December 3 and 4, 2025, mere days from now, leaving no time to obtain and use any discovery sought here. *Third*, the fact that Petitioner is attempting to seek discovery in the United States without seeking to obtain evidence in Liechtenstein, and on an issue that already has been decided against him by a court in Liechtenstein, suggests improper conduct by Petitioner. *Fourth*, and finally, Petitioner's proposed discovery requests constitute nothing more than a fishing expedition that is unduly burdensome and intrusive to Ms. Żak.

Accordingly, Ms. Żak respectfully requests that the Court deny Petitioner's Application in its entirety.

## **BACKGROUND**

## I.    THE PARTIES AND RELEVANT ENTITIES

### A.    The Parties

Petitioner, a Polish businessman involved in the Polish media and telecommunications industry, is one of the wealthiest people in Europe.

-4-

Declaration of Simon Ott Esq. ("Ott Decl.") (Dkt. 3) ¶ 6.[1]   In 2012 and 2013, Petitioner contributed a significant portion of his businesses and other assets to two Liechtenstein foundations: the TiVi Foundation and the Solkomtel Foundation (the "Foundations").   Declaration of Bernhard Motal ("Motal Decl.") ¶ 9; Ott Decl. ¶ 6.   Petitioner is the founder, curator, and first beneficiary of the Foundations during his lifetime.  Motal Decl. ¶ 9.

Petitioner is the father to three adult children: Ms. Żak (Respondent), Piotr Żak, and Tobias Solorz (the "Children").  Id. ¶ 8; Ott Decl. ¶ 7.  The Children are secondary beneficiaries of the Foundations.  Motal Decl. ¶ 13.

**B.    The Foundations and the Declarations**

The  Foundations  are  a  type  of  private-benefit  foundation  under Liechtenstein  law  referred  to  as  "family  foundations,"  which  typically  are established  for  asset  protection  and  long-term  succession  planning.   Id.  ¶ 10. Indeed, Petitioner established the TiVi Foundation in 2012 and the Solkomtel Foundation in 2013 as part of his long-term succession plan to secure the position of the Children and their descendants, and to ensure continued operation of the businesses held by the Foundations.  Id. ¶ 12.  It was Petitioner's express will and

---

[1] Mr. Ott is a Partner at the law firm representing Petitioner in the Liechtenstein Proceedings.  See Ott. Decl. ¶¶ 1, 3.  Citation to his declaration is not an admission that all statements contained therein are accurate.   In particular, Mr. Ott's declaration contains a recitation of purported facts of which he lacks personal knowledge.  See id. ¶¶ 13–19.

-5-

wish for the Children to gradually assume responsibility and control within the companies held by the Foundations and become the beneficiaries of the Foundations' assets upon Petitioner's passing or incapacitation. *Id.* ¶¶ 12–13.

The Foundations are managed and represented by their respective foundation council, which is the executive body that is responsible for ensuring that the foundation fulfills its purpose (the "Board"). *Id.* ¶ 11. Ms. Żak has never served on the Board of either Foundation. *Id.* ¶ 14.

On August 2, 2024, Petitioner executed a set of documents pertaining to his legal succession in the presence of a notary public, including a will and six declarations (the "Declarations") concerning the Foundations. *Id.* ¶ 15. Three of the Declarations pertain to the TiVi Foundation (the "TiVi Declarations") and the other three pertain to the Solkomtel Foundation (the "Solkomtel Declarations").

Under the terms of the Declarations, Petitioner waived his right, as founder, to amend the statutes and bylaws of the Foundations. *Id.* ¶ 16. Signing the Declarations also triggered the succession mechanism provided for in the Foundations' statutes, which authorizes the Children to appoint or dismiss members of the Board for each of the Foundations. *Id.*

MEMORANDUM OF POINTS AND AUTHORITIES

## II. THE LIECHTENSTEIN PROCEEDINGS

Shortly after signing the Declarations, Petitioner sought to invalidate them.[2] *Id.* ¶ 18.  Throughout August and September 2024, Petitioner made multiple attempts to amend the statutes of the Foundations to remove the Children as secondary beneficiaries and reinstate his full rights as founder.  *Id.*  Petitioner also commenced numerous legal proceedings against the Foundations, their Board members, and the Children.  *Id.* ¶ 19.

Four legal proceedings in Liechtenstein brought by Petitioner are particularly relevant to the Application: (i) a proceeding challenging the TiVi Declarations (the "TiVi Proceeding"); (ii) a proceeding challenging the Solkomtel Declarations (the "Solkomtel Proceeding"); (iii) an application to remove Jarosław Grzesiak from the TiVi Foundation Board (the "Grzesiak Removal Application"), filed in a larger proceeding challenging the composition of the TiVi Foundation Board; and (iv) a proceeding challenging the TiVi Foundation Board resolutions removing Petitioner from the supervisory boards of four companies (the "Resolution Challenge Proceeding" and, collectively, the "Liechtenstein Proceedings").  *Id.* ¶¶ 3, 19.  Judge Diana Kind of the Princely Court of Justice currently presides over all of the Liechtenstein Proceedings.  *Id.* ¶ 4.

---

[2] While this issue is not before the Court in deciding Petitioner's Application, there is a broader question here as to whether Petitioner really wants to invalidate the Declarations or if someone else is directing the legal proceedings on his behalf.

Although only the Solkomtel Proceeding, the Grzesiak Removal Application, and the Resolution Challenge Proceeding form the purported basis for Petitioner's Application, App. at 12–13, the Liechtenstein court's decision in the TiVi Proceeding is relevant to the Application and, as discussed below, further demonstrates why the Application should be denied.

## A.    The TiVi Proceeding

The TiVi Proceeding is an action brought by Petitioner on August 26, 2024 against the TiVi Foundation and the Children in the Princely Court of Justice seeking to challenge the validity of the TiVi Declarations. *Id.* ¶ 20. Petitioner's primary argument in the TiVi Proceeding is that the TiVi Declarations are invalid and unenforceable because Petitioner was misled by the Children regarding the terms of the TiVi Declarations and was unduly pressured to sign them on August 2, 2024. *Id.* ¶ 21. As a result, Petitioner argued, the waiver and transition of his rights under the TiVi Declarations were not knowing and voluntary. *Id.* In addition to submitting a written declaration, Ms. Żak testified in court in the TiVi Proceeding. *Id.* ¶ 22; Ott Decl., Ex. A.

On May 21, 2025, the court issued a 102-page written decision in favor of the Children and the TiVi Foundation, finding that there was no fraud or mistake in Petitioner's signing the TiVi Declarations and the TiVi Declarations were valid and enforceable. Motal Decl. ¶¶ 23–24; *see id.*, Ex. A. The court found Petitioner

MEMORANDUM OF POINTS AND AUTHORITIES

"was aware of the content of the provisions of the [TiVi Declarations], . . . was aware of the content and consequences of these statements, and the statement also corresponded to his intent," which Petitioner had set into motion long before August 2, 2024. *Id.*, Ex. A at 63. According to the court, Petitioner "was described by all witnesses and parties as a strong-willed and assertive person who does not allow resistance and cannot be pressured, and there is no evidence to suggest that [Petitioner's] capacity to make judgment or act was impaired on August 2, 2024." *Id.*, Ex. A at 89.

The court rejected Petitioner's claim that there was a scheme amongst the Children and others to remove Petitioner from the TiVi Foundation. *Id.* ¶ 26. Specifically, the court found that "[i]t cannot not be established that the [Children] emphasized and assured the [Petitioner] at the meetings on July 31, August 1, and/or August 2, 2024, that he would not be deprived of any rights, or that they knowingly (or unknowingly) misrepresented to the [Petitioner] that he would not be deprived of any rights." *Id.*, Ex. A at 63. The court also found that "[i]t cannot be established that [the Children] put [Petitioner] under massive pressure at the meeting on August 2, 2024, and urgently demanded that he sign the statements immediately and without further consultation with his advisors." *Id.*, Ex. A at 64. Notably, the court found it was "inconceivable that [Petitioner] should not have been familiar with the (incidentally not very extensive) [Declarations] of his 'life's

MEMORANDUM OF POINTS AND AUTHORITIES

work' (as generally claimed), or that he should have been misled in this regard or signed something that did not correspond to his will."[3]  *Id.*, Ex. A at 89

The court further found that the TiVi Declarations removed Petitioner's power to unilaterally amend the TiVi Foundation's statutes, rendering his amendments after August 2, 2024—through which Petitioner sought to rescind the waiver of his rights in the TiVi Declarations—null and void.  *Id.* ¶ 26.

On June 18, 2025, Petitioner filed an appeal of the May 21, 2025 decision. *Id.* ¶ 27.  The parties have completed briefing in the appeal and the case is pending a decision by the Princely Court of Appeals.  *Id.*

**B.    The Solkomtel Proceeding**

On August 29, 2024, Petitioner initiated the Solkomtel Proceeding against the Solkomtel Foundation and the Children.  *Id.*  ¶ 29.    The Solkomtel Proceeding—much like the TiVi Proceeding—challenges the validity and enforceability of the Solkomtel Declarations on the grounds that Petitioner was deceived and unduly pressured by the Children into signing the Solkomtel Declarations.  *Id.* ¶ 30.  Recognizing a substantial overlap in the legal and factual issues presented in the TiVi Proceeding and the Solkomtel Proceeding, on April 29, 2025, the court issued an order staying the Solkomtel Proceeding until after the conclusion of the TiVi Proceeding.  *Id.* ¶ 31; *see id.*, Ex. B.  In its order, the

---

[3] The court found that the Children "appeared credible in principle, as did the witnesses, and the court has no reason to doubt their statements."  *Id.*, Ex. A at 81.

court stated that it intends to rely on the factual record established in the TiVi Proceeding when deciding the legal questions in the Solkomtel Proceeding.  *Id.* ¶ 32.  Petitioner did not object to the stay order and, instead, agreed that a stay of the Solkomtel Proceeding was appropriate.[4]  *Id.* ¶ 33.

Because the Solkomtel Proceeding presently is stayed, there currently is no evidence taking in the Solkomtel Proceeding.  *Id.* ¶ 35.

### C.    The Grzesiak Removal Application

On October 13, 2025, following the adverse ruling in the TiVi Proceeding, Petitioner filed the Grzesiak Removal Application seeking to remove Mr. Grzesiak, his longtime friend, from the TiVi Foundation Board.  *Id.* ¶ 36.  The Grzesiak Removal Application is part of a larger, earlier-filed proceeding brought by Petitioner against the TiVi Foundation and its Board members, challenging the composition of the TiVi Foundation Board and the rights conferred to Petitioner under the TiVi Foundation statutes.  *Id.* ¶ 37.  The Children are parties to this proceeding due to their status as secondary beneficiaries.  *Id.*

Previously, on October 26, 2024, the court issued an order directing that the three-member Board of the TiVi Foundation be comprised of one court-appointed curator who will serve as Board president and, in the event of vacancies in the two

---

[4] On August 13, 2025, the court issued an amended stay order, which reiterated that the court would apply its factual findings from the TiVi Proceeding to the Solkomtel Proceeding.  Motal Decl. ¶ 34; *see id.*, Ex. C.

MEMORANDUM OF POINTS AND AUTHORITIES

remaining Board seats, mandating that one successor be appointed by Petitioner and the other by the Children.  *Id.* ¶ 38.

On March 3, 2025, the Children appointed Mr. Grzesiak to fill a vacancy on the Board as mandated in the October 26, 2024 order.  *Id.* ¶ 39.  In response, on April 22, 2025, Petitioner filed an application for the issuance of an official order (*Amtsbefehl*), a form of interim injunctive relief, seeking to prevent Mr. Grzesiak from acting as a member of the TiVi Foundation Board (the "Request for Official Order").  *Id.* ¶ 40.  Petitioner sought to remove Mr. Grzesiak due to alleged conflicts of interest arising from, *inter alia*, Mr. Grzesiak's purportedly false testimony against Petitioner in the TiVi Proceeding.  *Id.*  Petitioner alleged that because the Children appointed Mr. Grzesiak to serve on the TiVi Foundation Board after Mr. Grzesiak provided testimony during the TiVi Proceeding that was unfavorable to Petitioner's position, Mr. Grzesiak must be involved in a scheme with the Children to remove Petitioner from the Foundations.  *Id.*

On May 27, 2025, the court denied Petitioner's Request for Official Order, including because Petitioner failed to establish that there was a conflict of interest. *Id.* ¶¶ 41–43; *see id.*, Ex. D.  The court also found that "[i]t cannot be concluded

that [Mr. Grzesiak] was 'part of the children's [alleged] plan to strip their father of his powers.'"[5]  *Id.*, Ex. D at 32.

The Grzesiak Removal Application invoked by Petitioner in the Application reasserts essentially the same arguments that Petitioner previously asserted in his unsuccessful Request for Official Order.  *Id.* ¶ 44.  The oral hearing on the Grzesiak Removal Application is scheduled for December 3 and 4, 2025, during which each side will be permitted to present evidence to the court.  *Id.* ¶ 45.

### D.    The Resolution Challenge Proceeding

On August 1, 2025, again after losing the TiVi Proceeding, Petitioner filed the Resolution Challenge Proceeding against the TiVi Foundation and its Board members, seeking to invalidate the Board's July 21, 2025 resolutions removing Petitioner from the supervisory board of four companies held by the TiVi Foundation after Petitioner sought to siphon assets from those companies to other entities controlled by Petitioner.  *Id.* ¶¶ 46–47.

In the Resolution Challenge Proceeding, Petitioner alleges that the July 21, 2025 resolutions deprived Petitioner of his statutory rights as founder of the TiVi Foundation to remain a member of the supervisory boards of the underlying

---

[5] The court found that Mr. Grzesiak's appointment was appropriate in light of the fact that Mr. Grzesiak previously had served on the TiVi Foundation Board, he was well-acquainted with the TiVi Foundation and the companies it holds, and his re-appointment "was a necessary measure to stabilize and protect the interests of the TiVi Foundation."  Motal Decl. ¶ 43; *id.*, Ex. D at 27.

MEMORANDUM OF POINTS AND AUTHORITIES

companies for his lifetime.  *Id.* ¶ 48.  Therefore, the issues pending before the court in the Resolution Challenge Proceeding are: (i) whether the TiVi Foundation Board's interests in protecting the Foundation's assets can override Petitioner's rights as founder under certain circumstances, including in cases where the founder seeks to divert the foundation's assets to its detriment; and, if so, (ii) whether such circumstances existed in the case of Petitioner.  *Id.* ¶ 49. Petitioner does not allege in the Resolution Challenge Proceeding that Ms. Żak was involved in the TiVi Foundation Board's decision to remove him from the underlying companies.  *Id.* ¶ 50.

The oral hearing for the Resolution Challenge Proceeding will be held on December 3 and 4, 2025, concurrently with the oral hearing in the proceeding that includes the Grzesiak Removal Application.  *Id.* ¶ 51.  During the oral hearing, the parties will be permitted to present evidence to the court.  *Id.*

## III.   PETITIONER'S APPLICATION

On October 29, 2025, Petitioner filed the Application to seek discovery from Ms. Żak in the United States pursuant to 28 U.S.C. § 1782.  Dkt. 1.  The proposed subpoena accompanying the Application seeks documents and communications related to Petitioner's signing of the Declarations on August 2, 2024 and the alleged scheme among the Children, Mr. Grzesiak, and others to oust Petitioner from the Foundations.  Dkt. 2-1 at 14.

-14-

## **LEGAL STANDARD**

Under 28 U.S.C. § 1782, the Court is authorized to order discovery only if three statutory requirements are satisfied: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov*, 931 F.3d at 925. "The party seeking the discovery bears the burden of establishing that the statutory requirements are met." *In re Oh*, No. 22-MC-1649-DMS-DDL, 2023 WL 2890155, at *1 (S.D. Cal. Apr. 11, 2023), *report and recommendation adopted*, No. 22-MC-1649, 2023 WL 4047588 (S.D. Cal. Apr. 28, 2023).

Even if the statutory requirements are met, the Court has wide discretion to deny an application under Section 1782. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). As the Supreme Court "caution[ed], . . . § 1782(a) authorizes, but does not require, a federal district court to provide judicial assistance." *Id.* at 247. In exercising its discretion, the Court may consider a wide range of factors, including: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial

-15-

MEMORANDUM OF POINTS AND AUTHORITIES

assistance"; (3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery request is "unduly intrusive or burdensome." *Id.* at 264–65. "A request should be denied if the court suspects that the request is a fishing expedition or a vehicle for harassment." *In re Hedrick House Ltd.*, No. SA MC 20-00005-DOC (DMF), 2020 WL 3965999, at *1 (C.D. Cal. Mar. 31, 2020).

## **ARGUMENT**

## I. THE APPLICATION SHOULD BE DENIED BECAUSE IT FAILS TO SATISFY THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782.

Satisfying the three statutory requirements is a gating issue under Section 1782. Here, Petitioner fails to satisfy the second requirement: that the discovery is "for use" in a proceeding before a foreign tribunal that is within reasonable contemplation. *Khrapunov*, 931 F.3d at 925.

The "for use" requirement "focuses on the practical ability of an applicant to place a beneficial document . . . before a foreign tribunal." *Qualcomm, Inc.*, No. 18-mc-80134-NC, 2018 WL 6660068, at *2 (N.D. Cal. Dec. 19, 2018). An applicant must "show that the material requested is tethered to a specific foreign proceeding and is relevant." *Id.* In other words, "[t]he applicant must be in a position to have the [tribunal] consider that evidence or have some means of injecting the evidence into the proceeding to use the evidence." *In re Pioneer*

-16-

*Corp. for an Ord. Permitting Issuance of Subpoenas to Take Discovery in a Foreign Proceeding*, No. MC 18-0037 UA (SS), 2018 WL 2146412, at *6 (C.D. Cal. May 9, 2018). "A mere showing that discovery sought would be 'useful' to applicant, without an ability to introduce the information into evidence in a foreign proceeding, is not enough." *In re China Petrochemical Dev. Corp.*, No. 3:17-cv-02138 (SRU), 2018 WL 1320665, at *2 (D. Conn. Mar. 14, 2018). Likewise, a request for discovery "that is plainly irrelevant to the foreign proceeding will fail to meet the statutory 'for use' requirement." *In re Application of 2770095 Ontario, Inc.*, No. 2:21-MC-01004-CBM-JC, 2022 WL 18277968, at *5 (C.D. Cal. Jan. 10, 2022) (Chooljian, J.) (quoting *In re Schlich*, 893 F.3d 40, 52 (1st Cir. 2018)).

The Application does not satisfy the "for use" requirement because a Liechtenstein court already decided the "central" (App. at 13) issue advanced by Petitioner in support of his requested discovery, finding that, contrary to the Application, there was no "scheme to oust [Petitioner] from the business empire that he built" (*id.* at 6). *See* Motal Decl., Ex. A at 63–64, 89. In the TiVi Proceeding, the court held that the TiVi Declarations, which were signed at the same time as the Solkomtel Declarations and contain materially the same terms, were valid and enforceable and devoid of any fraud or mistake. *Id.* ¶ 16, Ex. A at 63, 93. In so holding, the court found that Petitioner "was aware of the content of

-17-

the provisions of the [TiVi Declarations], . . . was aware of the content and consequences of these statements, and the statement also corresponded to his intent." *Id.*, Ex. A at 63. The court also found that it "cannot be established that the [Children] . . . knowingly (or unknowingly) misrepresented to [Petitioner] that he would not be deprived of any rights" or that the Children put Petitioner "under massive pressure at the meeting on August 2, 2024, and urgently demanded that he sign the statements immediately and without further consultation with his advisors." *Id.*, Ex. A at 63–64.

The court's stay orders in the Solkomtel Proceeding specifically provide that the court intends to apply these factual findings from the TiVi Proceeding to the Solkomtel Proceeding. *Id.*, Ex. D at 3–4. And, presumably, the same judge in the Grzesiak Removal Application and the Resolution Challenge Proceeding will apply those same findings, as appropriate, when the appeal is decided in the TiVi Proceeding. Accordingly, Petitioner's proposed discovery cannot be "for use" in the Liechtenstein Proceedings.

Furthermore, the Application does not satisfy the "for use" requirement in the Solkomtel Proceeding because that proceeding currently is stayed pending appeal and final resolution in the TiVi Proceeding. *Id.* ¶¶ 31–32, 34. While the case is stayed, there is no evidence taking and, thus, Petitioner has no need for the proposed discovery. *See, e.g., financialright GmbH v. Robert Bosch LLC*, 294 F.

-18-

Supp. 3d 721, 730–32 (E.D. Mich. 2018) ("for use" requirement was not satisfied given "the German and Irish courts' prior negative rulings in these lawsuits" and where one of the cases was stayed pending appeal).

Petitioner's argument in a footnote that he "will have the ability to submit new evidence in the Solkomtel [Proceeding] once the stay is lifted" (App. at 13 n.2) is speculative at best. The Liechtenstein court stated that it intends to apply the factual findings from the TiVi Proceeding to the Solkomtel Proceeding because both proceedings concern Petitioner's challenge to the six Declarations signed on August 2, 2024. Motal Decl. ¶¶ 31–32, 34. Petitioner provides no explanation as to how the discovery requested may be introduced in light of the court's ruling. *See Pioneer*, 2018 WL 2146412 at *6 ("[E]ven if discovery is 'useful' to an applicant, the discovery will not be deemed 'for use' in a foreign proceeding unless the applicant can introduce the information as evidence in that proceeding."); *In re BonSens.org*, 95 F.4th 75, 80 (2d Cir. 2024) (The intended use must be "more than merely speculative" and "an applicant who cannot identify a 'procedural mechanism by which [to] inject the discovery . . . into foreign proceedings' will not meet the 'for use' standard.").

The mere hope of reversal of the court's decision in the TiVi Proceeding is equally speculative and unavailing. *See Hedrick House*, 2020 WL 3965999, at *2 ("[P]roceedings cannot be speculative"; "a § 1782 applicant must present to the

-19-

MEMORANDUM OF POINTS AND AUTHORITIES

district court some concrete basis from which it can be determined that the contemplated proceeding is more than just a twinkle in counsel's eye."); *BonSens.org*, 95 F.4th at 80–81 ("If an applicant's ability to initiate a proceeding in which the requested discovery may be used 'depends on some intervening event or decision,' the applicant must 'provide an objective basis on which to conclude that the event will occur or the requisite decision will be favorable.'").

With respect to the Grzesiak Removal Application and the Resolution Challenge Proceeding, Petitioner does not identify any specific categories of documents that Ms. Żak would have beyond those pertaining to the alleged "scheme to oust him from the business empire that he built" (App. at 6). And that makes sense because the other issues in dispute in those two proceedings relate to the interpretation of the TiVi Foundation's statutes and actions taken by the Board, *see* Motal Decl. ¶¶ 40, 44, 48–49, and Ms. Żak has never been a Board member for either Foundation, *id.* ¶ 14. In any event, the court has scheduled concurrent evidentiary hearings in both proceedings on December 3 and 4, 2025, which is well before any discovery could be produced by Ms. Żak pursuant to the Application "for use" in those proceedings. *Id.* ¶¶ 45, 51.

## II. THE *INTEL* FACTORS WEIGH AGAINST GRANTING THE APPLICATION.

Because Petitioner fails to satisfy the statutory requirements under 28 U.S.C. § 1782, the Court should deny the Application on that basis and need not

MEMORANDUM OF POINTS AND AUTHORITIES

engage in an analysis of the discretionary factors.  *See, e.g.*, *BonSens.org*, 95 F.4th at 81.  But even if the Court were to consider the *Intel* factors, each one weighs against granting Petitioner's Application.

### A.    Ms. Żak Is a Participant in the Liechtenstein Proceedings.

The first factor "considers whether the person from whom discovery is sought is a party to the foreign proceeding," *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 898 (N.D. Cal. July 8, 2021), in which case "the need for § 1782(a) aid generally is not as apparent." *Intel*, 542 U.S. at 264.

Petitioner admits that Ms. Żak "is a party to two of the three [Liechtenstein] Proceedings," namely the Solkomtel Proceeding and the Grzesiak Removal Application.[6]  App. at 18.  Therefore, Petitioner has an opportunity to obtain evidence from Ms. Żak in those proceedings, including calling her to testify in

---

[6] As the cases Petitioner cites make clear, the mere fact that foreign discovery procedures are more limited than those in the United States does not weigh in favor of the applicant.  *See, e.g.*, *In re § 1782 Application of Xiaomi Corp.*, No. 25-mc-80143-RS, 2025 WL 2772693, at *2 (N.D. Cal. Sept. 29, 2025) (first *Intel* factor was "neutral" because the petitioner was able to obtain some information in the German proceeding); *Siemens AG v. W. Digital Corp.*, No. 8:13-cv-01407-CAS-(AJWx), 2013 WL 5947973, at *2 (C.D. Cal. Nov. 4, 2013) (same).

MEMORANDUM OF POINTS AND AUTHORITIES

court.[7]  Motal Decl. ¶ 45.  Likewise, Petitioner can obtain evidence from Ms. Żak by calling her to testify during the upcoming oral hearing in the Resolution Challenge Proceeding.  *Id.* ¶ 51.  In any event, Petitioner's proposed discovery pertains to the "scheme" to oust Petitioner from the Foundations, an issue that already has been decided in the TiVi Proceeding, and Petitioner already had an opportunity to obtain evidence from Ms. Żak as a party to that proceeding.[8]  *Id.* ¶¶ 23–26.  Accordingly, the first factor weighs against granting the Application.

### B.    The Nature and Status of the Liechtenstein Proceedings Counsel Against Granting Discovery Here.

The second factor—considering "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign

---

[7] *Matter of Lufthansa Technik AG*, No. C11-1386-JCC, 2011 WL 13586068, at *1 (W.D. Wash. Oct. 6, 2011), is distinguishable because that was a patent case where the petitioner sought highly technical documents and there was no other means of obtaining that information.  In contrast, Petitioner largely seeks information about communications between Ms. Żak and others regarding the alleged "scheme to oust" Petitioner (App. at 6), which Petitioner can obtain from Ms. Żak through her testimony in court during the December 3 and 4, 2025 oral hearings scheduled for the Grzesiak Removal Application and the Resolution Challenge Proceeding.

[8] While Petitioner argues that the first *Intel* factor favors granting the Application because Ms. Żak is not a party to the Resolution Challenge Proceeding (App. at 20 n.4), the cases Petitioner cites are distinguishable because, here, Ms. Żak is a party to three other related Liechtenstein Proceedings which center on the same alleged "scheme" (App. at 6), and Petitioner can obtain evidence from Ms. Żak in the other Liechtenstein Proceedings.  *See, e.g.*, *In re Align Tech., Inc.*, No. 22:22-mc-00236-SB-MAA, 2022 WL 18460717, at *4–5 (C.D. Cal. Dec. 15, 2022) (the petitioner had no means of obtaining information from the respondent in connection with litigation in China), *report and recommendation adopted*, No. 2:22-MC-00236-SB-MAA, 2023 WL 405316 (C.D. Cal. Jan. 24, 2023).

-22-

MEMORANDUM OF POINTS AND AUTHORITIES

government or the court or agency abroad to U.S. federal-court judicial assistance"—similarly weighs against granting the Application. *Intel*, 542 U.S. at 264. This factor "focuses on whether the foreign tribunal is willing to consider the information sought." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d at 898. "If there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id*. (quoting *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016)).

Here, the Solkomtel Proceeding is stayed and the court has stated that it will rely on the court's factual findings in the TiVi Proceeding when the stay is lifted. Where a foreign tribunal has expressed that it will not need to engage in additional fact-finding, the court should deny the request for discovery under Section 1782.

The decision in *In re King.com Ltd.*, No. 16-MC-80070-JCS, 2016 WL 4364286 (N.D. Cal. Aug. 16, 2016), is instructive. There, the respondents sought invalidation of the petitioner's trademarks at the European Union Intellectual Property Office ("EUIPO"), and the petitioner subsequently brought suit for trademark infringement in the Republic of Malta. *Id*. at *2. The Maltese court stayed the proceedings pending the EUIPO's decision. *Id*. In granting the respondent's motion to quash a subpoena issued under Section 1782, the court

-23-

MEMORANDUM OF POINTS AND AUTHORITIES

noted that the second *Intel* factor disfavored discovery because "[a]lthough the Maltese court may typically be receptive to § 1782 assistance, the proceedings in Malta pertaining to King's application have been stayed, i.e., they are not presently *underway*. For the duration of that stay, the Maltese court has suspended the submission of evidence." *Id.* at *8 (emphasis in original). The same rationale applies here, where the Solkomtel Proceeding is stayed and no evidence is being considered.

As to the Grzesiak Removal Application and the Resolution Challenge Proceeding, the court has scheduled concurrent oral hearings for both proceedings on December 3 and 4, 2025. Motal Decl. ¶¶ 45, 51. During the oral hearing, the court will hear evidence from both sides, *id.*, well before any discovery could be produced by Ms. Żak, much less used in the foreign proceeding. Accordingly, the second factor weighs against granting the discovery sought.

## C.  Petitioner Seeks to Circumvent Liechtenstein Proof-Gathering Restrictions.

"A petitioner seeks to circumvent foreign discovery restrictions when it seeks discovery that cannot be obtained because the foreign jurisdiction prohibits the discovery of those documents." *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO(TSH), 2020 WL 820327, at *5 (N.D. Cal. Feb. 19, 2020) (citation modified). "A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to

-24-

§ 1782 can be a factor in a court's analysis." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d at 899.

The timing of Petitioner's Application and the scope of the discovery sought suggest that Petitioner is attempting to do just that.[9]  There is no indication that Petitioner made any effort to obtain evidence from Ms. Żak in the Liechtenstein Proceedings, especially in light of the upcoming oral hearings scheduled on December 3 and 4, 2025 in the Resolution Challenge Proceeding and in connection with the Grzesiak Removal Application.  While "[e]xhaustion of discovery procedures in [a] foreign tribunal may not be required" before seeking discovery under Section 1782, a party's "failure to seek discovery earlier in the foreign tribunal suggests that [the petitioner] may be trying to circumvent or shortcut the requirements of the [foreign tribunal]."  *In re Ex Parte Application of Samsung Elecs. Co., Ltd.*, No. 12-80275 LHK (PSG), 2013 WL 12335833, at *3

---

[9] Petitioner's case law on this factor is distinguishable because the court's analysis in those cases took into consideration the lack of opportunity for discovery in the foreign proceedings.  *See In re Japan Display Inc.*, No. 2:21-mc-00374-CAS-MAAx, 2021 WL 4391882, at *3 (C.D. Cal. Apr. 5, 2021) (noting that it was impossible for the petitioner to acquire information from the respondent in the Chinese proceeding); *In re McKillen*, No. 2:24-mc-62-JFW-PD, 2024 WL 3679548, at *6 (C.D. Cal. July 30, 2024) (noting that the petitioner was unable to acquire the information sought from the respondent in the French proceeding), *report and recommendation adopted*, No. 2:24-MC-00062-JFW-PD, 2024 WL 3678000 (C.D. Cal. Aug. 5, 2024).  In contrast, here, Petitioner can obtain evidence from Ms. Żak in the other Liechtenstein Proceedings, and Petitioner did, in fact, obtain evidence from Ms. Żak in the TiVi Proceeding, including by interrogating her during the oral hearing on February 4, 2025.  Motal Decl. ¶ 22.

MEMORANDUM OF POINTS AND AUTHORITIES

(N.D. Cal. Jan. 23, 2013); *see also In re Degitechnic*, No. C07-414-JCC, 2007 WL 1367697, at *5 (W.D. Wash. May 8, 2007) ("The current eleventh-hour discovery application seeking discovery never sought in France certainly appears to be a circumvention attempt on [applicant's] part.").

Moreover, as discussed above, the Solkomtel Proceeding currently is stayed in its entirety. *See In re King.com Ltd.*, 2016 WL 4364286, at *8 ("In light of these [stay orders] by the Maltese court, this Court concludes the instant application is an effort to circumvent the ruling of that forum."). And even if the stay were lifted, the court in the Solkomtel Proceeding has made clear that it will be relying on the factual record established in the TiVi Proceeding.

### D. The Discovery Sought Would Be Highly Burdensome to Ms. Żak.

The final discretionary factor under *Intel* considers whether the discovery requested is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. "Requests are unduly burdensome where they are not narrowly tailored, request confidential information, and appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1042–43 (N.D. Cal. 2016). "[U]nduly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 265.

Petitioner's requests will unduly burden Ms. Żak. First, Petitioner has made no showing that he has attempted to limit the burden on Ms. Żak by seeking the

materials from other sources, including other parties to the Liechtenstein Proceedings that are within the jurisdiction of the Liechtenstein courts. Indeed, several of Petitioner's requests seek communications between Ms. Żak and other parties to the Liechtenstein Proceedings. *See* Dkt. 2-1 at 14. Moreover, Petitioner's requests are needlessly overbroad in that each asks for "all" documents for each topic, and Petitioner has made no attempt to show that these documents cannot be obtained from other sources, or even that Ms. Żak would have such documents in her possession. *See id.*; *2770095 Ontario, Inc.*, 2022 WL 18277968, at *7–8 (denying Section 1782 application due to "vast overbreadth" of matters sought by the application).

Further, Petitioner seeks categories of documents pertaining to issues that already have been considered and decided by the court in the TiVi Proceeding. For example, Requests 1 and 2 seek documents related to the Declarations that Petitioner signed on August 2, 2024, which concern factual matters that were already decided by the court in the TiVi Proceeding. Such redundant requests on matters that already have been considered and decided by the court in Liechtenstein make clear that the Application constitutes a fishing expedition intended to harass Ms. Żak. *See, e.g.*, *In re Kivisto*, 521 F. App'x 886, 888 (11th Cir. 2013) (affirming denial of application for discovery under Section 1782 where the district court properly found that the application was made in bad faith

-27-

and as a means to harass following petitioner's previously unsuccessful legal challenges in the foreign tribunal).[10]

While Petitioner asserts that any arguments that Ms. Żak may have as to the intrusiveness of or the burden posed by the proposed discovery requests are best addressed at the motion-to-quash stage (App. at 24–25), courts still must consider the burden and intrusive nature of the requests when deciding whether the Section 1782 application is appropriate in whole or in part.[11]  *Intel*, 542 U.S. at 265; *2770095 Ontario, Inc.*, 2022 WL 18277968, at *8 ("When a party chooses to serve overly broad discovery, it runs the risk that the discovery will be denied outright without an opportunity to narrow it." (citation modified)).

## CONCLUSION

For the foregoing reasons, Petitioner's Application pursuant to 28 U.S.C. § 1782 should be denied.

---

[10]  Petitioner also unnecessarily disclosed Ms. Żak's personal information throughout the Application and in the accompanying Ott Declaration, including Ms. Żak's home address, her place of employment, financial information regarding her business, and links to tax filings for her business.  There was no legitimate basis for Petitioner to publicly disclose such personal information of a private individual, in violation of L.R. 5.2-1.

[11]  The proposed subpoena is unduly burdensome and intrusive, and a further "trimming" of Petitioner's proposed discovery requests is appropriate and necessary in the event the Court grants the Application.  Accordingly, Ms. Żak respectfully reserves her right to move to quash or modify the subpoena, as appropriate and necessary.

MEMORANDUM OF POINTS AND AUTHORITIES

1    Dated:  November 25, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BIRD, MARELLA, RHOW, LINCENBERG, DROOKS, & NESSIM, LLP

By: */s/ Gary S. Lincenberg*
Gary S. Lincenberg (SBN 123058)
William E. Johnston (SBN 287707)
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
glincenberg@birdmarella.com
wjohnston@birdmarella.com

CADWALADER, WICKERSHAM & TAFT LLP

Martin Weinstein (*Pro Hac Vice* pending)
Hyungjoo Han (*Pro Hac Vice* pending)
1919 Pennsylvania Ave NW
Washington, D.C. 20006
Martin.Weinstein@cwt.com
Hyungjoo.Han@cwt.com

Matthew M. Karlan (*Pro Hac Vice* pending)
200 Liberty Street
New York, NY 10281
Matthew.Karlan@cwt.com

*Attorneys for Respondent*
ALEKSANDRA ZAK

-29-

MEMORANDUM OF POINTS AND AUTHORITIES

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Respondent Aleksandra Żak, certifies that this brief contains 6,802 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 26, 2025        Respectfully submitted,

                                      */s/ Gary S. Lincenberg*
                                      Gary S. Lincenberg