Gary S. Lincenberg (SBN 123058)
　glincenberg@birdmarella.com
William E. Johnston, (SBN 287707)
　wjohnston@birdmarella.com
BIRD, MARELLA, RHOW, LINCENBERG,
DROOKS, & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Martin Weinstein (*Pro Hac Vice* pending)
　Martin.weinstein@cwt.com
Hyungjoo Han (*Pro Hac Vice* pending)
　Hyungjoo.Han@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
1919 Pennsylvania Ave NW
Washington, D.C. 20006
Telephone: (202) 862-2200

Matthew M. Karlan (*Pro Hac Vice* pending)
　Matthew.Karlan@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6000

*Attorneys for Respondent*
ALEKSANDRA ZAK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF ZYGMUNT SOLORZ FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Misc. Action No.: 2:25-mc-112<br><br>Honorable Jacqueline Chooljian<br><br>**DECLARATION OF BERNHARD MOTAL ESQ., IN SUPPORT OF OPPOSITION TO *EX PARTE* APPLICATION AND PETITION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782** |

I, Bernhard Motal, Esq., pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America, that the following is true and correct to the best of my knowledge, information, and belief:

1. I am an attorney in Liechtenstein and a Partner at the law firm Gasser Partner Attorneys-at-Law ("Gasser"). I am a member in good standing of the Liechtenstein Bar.

2. I submit this declaration in support of Respondent Aleksandra Żak's ("Ms. Żak") Memorandum of Points and Authorities in Opposition to Petitioner Zygmunt Solorz's ("Petitioner") *Ex Parte* Application and Petition for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (the "Application").

3. Gasser represents Ms. Żak in connection with three of the four[1] legal proceedings brought by Petitioner in Liechtenstein that are relevant to the Application: (i) a proceeding challenging certain declarations that Petitioner signed on August 2, 2024 transferring and waiving certain of Petitioner's rights with respect to the TiVi Foundation, captioned 06 HG.2024.210 (the "TiVi Proceeding"); (ii) a proceeding challenging certain declarations that Petitioner signed on August 2, 2024 transferring and waiving certain of Petitioner's rights with respect to the Solkomtel Foundation, captioned 06 HG.2025.22 (the

---

[1] Ms. Żak is not a party to the fourth proceeding relevant to the Application.

-1-

**DECLARATION OF BERNHARD MOTAL, ESQ., IN SUPPORT OF OPPOSITION TO PETITIONER'S *EX PARTE* 28 U.S.C. § 1782 APPLICATION**

"Solkomtel Proceeding"); and (iii) an application to remove Jaroslaw Grzesiak ("Mr. Grzesiak") from the board of the TiVi Foundation, filed in a larger ongoing proceeding captioned 06 HG.2024.133 (the "Grzesiak Removal Application"). The fourth proceeding, captioned 06 HG.2025.122, concerns Petitioner's challenge of certain resolutions passed by the board of the TiVi Foundation on July 21, 2025, removing Petitioner from the supervisory boards of four Polish businesses held by the TiVi Foundation (the "Resolution Challenge Proceeding" and, collectively, the "Liechtenstein Proceedings").

4. Judge Diana Kind of the Princely Court of Justice (*Fürstliches Landgericht*) currently presides over all of the Liechtenstein Proceedings.

5. Ms. Żak is a defendant in the TiVi Proceeding and the Solkomtel Proceeding and she is a party to the Grzesiak Removal Application. Ms. Żak is not a party to the Resolution Challenge Proceeding.

6. I have personal knowledge and familiarity with the Liechtenstein Proceedings, including their factual background and procedural postures.[2] I hereby affirm under oath that the statements made in this declaration concerning these matters are true and correct to the best of my knowledge, information, and belief.

---

[2] While Ms. Żak is not a party to the Resolution Challenge Proceeding, I have reviewed Petitioner's filing in that proceeding and am familiar with the allegations at issue therein.

-2-

**DECLARATION OF BERNHARD MOTAL, ESQ., IN SUPPORT OF OPPOSITION TO PETITIONER'S *EX PARTE* 28 U.S.C. § 1782 APPLICATION**

## The Foundations in Dispute

7. Petitioner is a Polish businessman who, according to publicly available sources and Petitioner's own submissions in the Liechtenstein Proceedings,[3] has achieved great financial success through his entrepreneurial ventures in the Polish media and telecommunications industry.

8. To my knowledge, Petitioner is the father to three adult children: Ms. Żak (Respondent), Piotr Żak, and Tobias Solorz (the "Children").

9. According to his own pleading in the proceeding captioned 06 HG.2024.133, Petitioner has contributed a significant portion of his business and other assets to two Liechtenstein foundations: the TiVi Foundation and the Solkomtel Foundation (together, the "Foundations"). Petitioner is the founder, curator, and first beneficiary during his lifetime of the Foundations.

10. The Foundations are a type of private-benefit foundation under Liechtenstein law referred to as "family foundations." They are explicitly referred to as family foundations in the Foundations' statutes.[4] A family foundation is typically established for asset protection and long-term succession planning.

---

[3] Due to time constraints and cost, Ms. Żak provides certified English translations of key court decisions from the Liechtenstein Proceedings. However, Ms. Żak is able to provide certified English translations of any other documents referenced herein upon the Court's request. References to personally identifiable information that appear in the exhibits have been redacted.

[4] Article 2 of the original and current statutes of the Foundations.

-3-

DECLARATION OF BERNHARD MOTAL, ESQ., IN SUPPORT OF OPPOSITION TO PETITIONER'S *EX PARTE* 28 U.S.C. § 1782 APPLICATION

11. According to applicable statutory law, a family foundation is managed and represented by its foundation council as executive body. The foundation council is also responsible for ensuring that the foundation fulfills its purpose.[5] A foundation council is comparable to a board of directors in a corporation and the terms "foundation council" and "board" are used interchangeably herein.

12. Petitioner established the TiVi Foundation in 2012 and the Solkomtel Foundation in 2013 as part of his long-term succession plan. It has been the expressly articulated intention of Petitioner that the Foundations should primarily serve to secure the position of the Children and their descendants, as well as to ensure continued operation of the corporate group, which is held by the Foundations. Further, it was Petitioner's express will and wish that the Children shall gradually assume responsibility and control within the companies held by the Foundations. Such intention of Petitioner is well documented through the testimonies of Petitioner as well as other witnesses during the TiVi Proceeding[6] and in Exhibit AV filed by Petitioner in the TiVi Proceeding. Exhibit AV is the transcript (verbatim record) of the video recording of a conversation between Petitioner and Dr. Nikolaus Pitkowitz ("Dr. Pitkowitz"), an Austrian attorney, who

---

[5] Article 552 § 24 of the Liechtenstein Act on Persons and Companies (*Personen- und Gesellschaftsrecht – PGR*).

[6] *See, e.g.*, TiVi Proceeding, ON 22 and 24; Exhibit AV of Petitioner.

-4-

**DECLARATION OF BERNHARD MOTAL, ESQ., IN SUPPORT OF OPPOSITION TO PETITIONER'S *EX PARTE* 28 U.S.C. § 1782 APPLICATION**

acted as Petitioner's counsel in the TiVi Proceeding and other Liechtenstein Proceedings, which was produced for use in the TiVi Proceeding and filed by Petitioner.[7] These intentions by the Petitioner have been established by the Princely Court of Justice (*Fürstliches Landgericht*) as a matter of fact in its first-instance decision in the TiVi Proceeding, dated May 21, 2025.[8]

13. Furthermore, it has been the intention of Petitioner that the Children shall become the beneficiaries of the Foundations' assets upon his passing or incapacitation and, accordingly, the Children were appointed as secondary beneficiaries of the Foundations in the By-Laws of October 29, 2018. Such intention has also been established by the Princely Court as a matter of fact in the in the TiVi Proceeding in its decision dated May 21, 2025.[9]

14. Ms. Żak currently does not serve, and has never served, on the board of either of the Foundations. As far as I am aware, Ms. Żak is not and has not been involved in the business or entrepreneurial ventures of Petitioner.

## The Declarations

15. On August 2, 2024, Petitioner executed a comprehensive set of documents pertaining to his legal succession in the presence of a notary public.

---

[7] As far as I am aware and as can be established from recent court filings, Petitioner is no longer represented by Dr. Pitkowitz.
[8] TiVi Proceeding, ON 39.
[9] *Id.*

-5-

**DECLARATION OF BERNHARD MOTAL, ESQ., IN SUPPORT OF OPPOSITION TO PETITIONER'S *EX PARTE* 28 U.S.C. § 1782 APPLICATION**

These documents include, as relevant here, a will and six declarations (the "Declarations") concerning the Foundations. Three of the Declarations pertain to the TiVi Foundation (the "TiVi Declarations"); the other three Declarations pertain to the Solkomtel Foundation (the "Solkomtel Declarations").

16. The TiVi Declarations and the Solkomtel Declarations are analogues in all material respects. Under the terms of the Declarations, Petitioner (i) waived his right, as founder, to amend the statutes and bylaws of the Foundations, and (ii) triggered the succession mechanism provided for in the statutes that authorizes the Children to appoint or dismiss members of each of the Foundations' boards.[10]

17. Considerable aspects of the succession mechanism provided for in Article 13 of the Foundations' statutes, that were ultimately triggered by the TiVi Declarations and the Solkomtel Declarations (*e.g.*, the change of control), were extensively negotiated among Petitioner, the Children, and legal counsel for several years prior to Petitioner signing the Declarations on August 2, 2024.[11]

---

[10] The Children's right to appoint or dismiss Foundation board members is currently suspended pursuant to the interim injunctions issued by the Princely Court of Justice on October 24, 2024 (06 HG.2024.133, ON 71) for the TiVi Foundation, and on October 26, 2024 (06 HG.2024.149, ON 8) for the Solkomtel Foundation (and under subsequent amended orders issued by the court).

[11] *See* TiVi Proceeding, ON 39.

-6-

**DECLARATION OF BERNHARD MOTAL, ESQ., IN SUPPORT OF OPPOSITION TO PETITIONER'S *EX PARTE* 28 U.S.C. § 1782 APPLICATION**

**The Liechtenstein Proceedings**

18. Almost immediately after signing the Declarations on August 2, 2024, Petitioner sought to invalidate the Declarations. Throughout August and September 2024, Petitioner made multiple attempts to amend the statutes of the Foundations in an effort to remove the Children as secondary beneficiaries of the Foundations and to reinstate his full rights to the extent established prior to the Declarations taking effect.

19. Petitioner also commenced a multitude of legal proceedings in Liechtenstein and across Europe against the Foundations' board members, the Foundations themselves, and the Children. Four of those proceedings are particularly relevant to the Application: (i) the TiVi Proceeding; (ii) the Solkomtel Proceeding; (iii) the Grzesiak Removal Application; and (iv) the Resolution Challenge Proceeding.

I.    **The TiVi Proceeding**

20. The TiVi Proceeding is an action brought by Petitioner against the TiVi Foundation and the Children in the Princely Court of Justice (*Fürstliches Landgericht*) on August 26, 2024, seeking to challenge the validity of the TiVi Declarations that Petitioner signed on August 2, 2024.

21. Petitioner's primary argument in the TiVi Proceeding is that the TiVi Declarations are invalid and unenforceable because, at the time of Petitioner's

-7-

signing of the Declarations, Petitioner was allegedly misled by the Children regarding the terms of the TiVi Declarations and was unduly pressured to sign the TiVi Declarations. On this basis, Petitioner argued that the waiver and transition of his rights as effected by the TiVi Declarations were not voluntary and not given with an understanding of the implications.

22. Ms. Żak was questioned in court as a party during the oral hearing on February 4, 2025 in the TiVi Proceeding and was interrogated by Petitioner's counsel among others in the course of the hearing.

23. On May 21, 2025, the Princely Court of Justice (*Fürstliches Landgericht*) issued a decision in favor of Ms. Żak, her siblings, and the TiVi Foundation, concluding that the TiVi Declarations that Petitioner signed on August 2, 2024 were not executed via fraud or mistake such that they could be rendered invalid. A true and correct copy of the court's May 21, 2025 decision in the TiVi Proceeding (ON 39) is attached hereto as **Exhibit A**.

24. In a thorough 102-page written decision, the court in the TiVi Proceeding found that, at the time Petitioner executed the TiVi Declarations on August 2, 2024, Petitioner was aware of the content of the TiVi Declarations and of their consequences, and that the TiVi Declarations were in accordance with the intention of Petitioner.[12] Indeed, weighing the testimony of witnesses who

---

[12] Exhibit A at 93.

-8-

**DECLARATION OF BERNHARD MOTAL, ESQ., IN SUPPORT OF OPPOSITION TO PETITIONER'S *EX PARTE* 28 U.S.C. § 1782 APPLICATION**

characterized Petitioner as a strong-willed and assertive character with leadership skills, not easily swayed, and someone who makes all final decisions independently, the court found it implausible that Petitioner would let himself be deceived in such important matters. Further, the court found that by executing the TiVi Declarations, Petitioner had validly waived his founder's rights under the statutes of the TiVi Foundation, particularly the right to amend the statutes.[13] The court also found that these legal consequences were in alignment with the plans and intentions of Petitioner and that said consequences have been prepared over a longer time period prior to August 2, 2024.[14]

25. As relevant to Petitioner's Application, the court made the following specific findings:

- "It was [Petitioner's] declared intention, as he repeatedly expressed to [his Children], the members of the foundation board, and other persons involved, that the [TiVi Foundation] should serve in particular to secure [his Children] and their descendants and to ensure the continuation of the group of companies." Exhibit A at 28.

- "The [Petitioner] was aware of the content of the provisions of the articles of association that were to be deleted by the statements of amendment and, when signing the above statement concerning the amendment to the articles of association, the declaration of death and the circular resolution, was aware of the content and consequences of these statements, and the statement also corresponded to his intent." *Id.* at 63.

---

[13] *Id.* at 96.
[14] *Id.*

-9-

DECLARATION OF BERNHARD MOTAL, ESQ., IN SUPPORT OF OPPOSITION
TO PETITIONER'S *EX PARTE* 28 U.S.C. § 1782 APPLICATION

- "It cannot be established that the [Children] emphasized and assured the Applicant at the meetings on July 31, August 1, and/or August 2, 2024, that he would not be deprived of any rights, or that they knowingly (or unknowingly) misrepresented to the [Petitioner] that he would not be deprived of any rights." *Id.*

- "It cannot be established that [the Children] put [Petitioner] under massive pressure at the meeting on August 2, 2024, and urgently demanded that he sign the statements immediately and without further consultation with his advisors." *Id.* at 64.

- "As far as the [Children] are concerned, they appeared credible in principle, as did the witnesses, and the court has no reason to doubt their statements, otherwise this would be discussed below." *Id.* at 81.

- "This view of [Petitioner] is not supported by the established facts; on the contrary, when signing the statements of August 2, 2024, [Petitioner] was aware of both the content and the consequences of these statements (amendment of the articles of association, declaration of death, and circular resolution) and they corresponded to his intent.  There is therefore neither a significant fundamental error nor fraudulent intent (§§ 870 ABGB)." *Id.* at 93.

26.  In so finding, the court specifically considered and rejected Petitioner's allegations that there was a scheme amongst the Children and others to remove Petitioner from the TiVi Foundation. The court further found that the TiVi Declarations duly removed Petitioner's power to unilaterally amend the TiVi Foundation's statutes, rendering his amendments after August 2, 2024—through which Petitioner sought to reinstate all of his rights and effectively 'undo' the TiVi Declarations—null and void.

27.  On June 18, 2025, Petitioner filed an appeal of the May 21, 2025

decision.[15] The parties have filed their respective submissions in the appeal and the case is pending a decision by the Princely Appeal Court (*Fürstliches Obergericht*).[16]

28. Since the TiVi Proceeding is in advanced stages of litigation, there currently is no additional discovery to be had in the proceeding.

## II.  The Solkomtel Proceeding

29. On August 29, 2024, Petitioner initiated the Solkomtel Proceeding against the Solkomtel Foundation and the Children.

30. The Solkomtel Proceeding challenges the validity and enforceability of the Solkomtel Declarations, which were signed on the same date and under the same circumstances as the TiVi Declarations. As in the TiVi Proceeding, Petitioner's primary argument in the Solkomtel Proceeding centers on an alleged scheme by the Children to deceive Petitioner regarding the terms of the Solkomtel Declarations and to unduly pressure Petitioner into signing the Solkomtel Declarations, pursuant to which Petitioner waived and effected transition of the right to appoint or dismiss board members with respect to the Solkomtel Foundation.

31. Recognizing the nearly identical nature of the Solkomtel Proceeding

---

[15] *See* TiVi Proceeding, ON 43.
[16] Execution of the court's decision and entry of judgment against Petitioner in the TiVi Proceeding is stayed while the case is pending a decision on appeal.

-11-

DECLARATION OF BERNHARD MOTAL, ESQ., IN SUPPORT OF OPPOSITION
TO PETITIONER'S *EX PARTE* 28 U.S.C. § 1782 APPLICATION

and the TiVi Proceeding, on April 29, 2025, the court stayed the Solkomtel Proceeding until after resolution of the TiVi Proceeding. A true and correct copy of the court's April 29, 2025 stay order in the Solkomtel Proceeding (ON 05) is attached hereto as **Exhibit B**.

32. In staying the Solkomtel Proceeding, the court indicated its intent to rely on the factual record established in the TiVi Proceeding, when deciding the legal questions relevant to the statutes at issue in the Solkomtel Proceeding.

33. Petitioner did not object to the court's stay order. In fact, in a July 8, 2025 filing responding to Tobias Solorz's objection to the stay of the Solkomtel Proceeding, Petitioner argued that a stay of the Solkomtel Proceeding pending the outcome of the appeal in the TiVi Proceeding was appropriate and in the interest of procedural economy given the overlapping nature of the proceedings.

34. On August 13, 2025, the court issued an amended order, which made clear that the court (i) is aware of the similarities between the TiVi Proceeding and the Solkomtel Proceeding and (ii) would apply its factual findings from the TiVi Proceeding to the Solkomtel Proceeding once a final and binding decision has been rendered on the decisive factual issues. A true and correct copy of the court's August 13, 2025 amended stay order in the Solkomtel Proceeding (ON 12) is attached hereto as **Exhibit C**.

35. Because the Solkomtel Proceeding is presently stayed, there is

-12-

currently no evidence taking or procedure for seeking discovery in the Solkomtel Proceeding.

### III. The Grzesiak Removal Application

36. On October 13, 2025, Petitioner filed the Grzesiak Removal Application seeking to remove Mr. Grzesiak from the TiVi Foundation board.[17]

37. The Grzesiak Removal Application was filed in a larger proceeding brought against the TiVi Foundation and its board members, captioned under 06 HG.2024.133, challenging the composition of the TiVi Foundation board and the rights of the parties under the TiVi Foundation statutes. Ms. Żak and her siblings are named as parties in the Grzesiak Removal Application due to their status as secondary beneficiaries of the TiVi Foundation.

38. As relevant here, on October 26, 2024, the court in the larger proceeding issued an order directing that the TiVi Foundation's board be comprised of a court appointed curator as president and, in the event of vacancies in the two remaining board seats, mandating that one successor be appointed by Petitioner and the other successor be appointed by the Children.[18]

39. Pursuant to the court's October 26, 2024 order, on March 3, 2025, Ms. Żak and her brothers appointed Mr. Grzesiak as a member to the TiVi

---

[17] *See* 06.HG.2024.133, ON 163.
[18] *See* 06.HG.2024.133, ON 71.

DECLARATION OF BERNHARD MOTAL, ESQ., IN SUPPORT OF OPPOSITION
TO PETITIONER'S *EX PARTE* 28 U.S.C. § 1782 APPLICATION

Foundation board following a vacancy on the board. The Children chose to appoint Mr. Grzesiak due to (i) him having previously served a term as a TiVi Foundation board member and (ii) his substantial knowledge of the Foundations, their structures, and internal proceedings.

40.  Thereafter, on April 22, 2025, Petitioner filed an application for the issuance of an official order (*Amtsbefehl*),[19] seeking to prevent Mr. Grzesiak from acting as a member of the TiVi Foundation board (the "Request for Official Order"). In the Request for Official Order, Petitioner requested the removal of Mr. Grzesiak from the TiVi Foundation board due to alleged conflicts of interest arising from: (i) a breakdown of a contractual and personal relationship between Petitioner and Mr. Grzesiak, who was Petitioner's longtime attorney, friend, and confidante; (ii) Mr. Grzesiak's purported false testimony against Petitioner in the TiVi Proceeding; and (iii) a pending legal dispute in Poland between Mr. Grzesiak and Petitioner involving their business relationship (initiated by Petitioner). Petitioner alleged that Mr. Grzesiak would likely take retaliatory actions if he were permitted to remain a member of the TiVi Foundation board in light of the ongoing legal disputes between Mr. Grzesiak and Petitioner. Petitioner further insinuated that because the Children appointed Mr. Grzesiak to serve on the TiVi

---

[19] An official order, which is referred to as *Amtsbefehl*, is a form of interim injunctive relief.

-14-

**DECLARATION OF BERNHARD MOTAL, ESQ., IN SUPPORT OF OPPOSITION TO PETITIONER'S *EX PARTE* 28 U.S.C. § 1782 APPLICATION**

Foundation board and Mr. Grzesiak provided unfavorable testimony against Petitioner in the TiVi Proceeding, Mr. Grzesiak must be involved in a scheme with the Children to remove Petitioner from the Foundations.

41. On May 27, 2025, the court denied Petitioner's Request for Official Order, finding it could not be established that (i) there was a conflict of interest created by Mr. Grzesiak's membership on the TiVi Foundation board, (ii) Mr. Grzesiak had taken any action to the detriment of the TiVi Foundation, and (iii) there was any hostile conduct by Mr. Grzesiak towards Petitioner. A true and correct copy of the court's May 27, 2025 decision in 06 HG.2024.133 (ON 127) is attached hereto as **Exhibit D**.

42. The court also found that the pending court proceeding between Mr. Grzesiak and Petitioner in Poland could not, alone, form the basis for dismissing Mr. Grzesiak when Petitioner initiated the proceeding. As the court reasoned, permitting such conduct would enable Petitioner to remove board members that he disliked by unilaterally initiating foreign proceedings anytime. Finally, the court found that the current composition of the TiVi Foundation board was consistent with the court's October 26, 2024 decision.[20]

43. The court further found that Petitioner's allegations that Mr. Grzesiak had given false testimony against Petitioner in the TiVi Proceeding and the

---

[20] Exhibit D at 36.

appointment of Mr. Grzesiak to the TiVi Foundation board by the Children was the result of any improper arrangement could not be established as findings of fact. To the contrary, the court found that Mr. Grzesiak's appointment was a plausible decision given that Mr. Grzesiak had previously served as a member of the TiVi Foundation board. Accordingly, because Mr. Grzesiak was well-acquainted with the structure, purpose, and organization of the TiVi Foundation as well as with the companies it holds, his re-appointment was an objectively appropriate measure to stabilize and safeguard the TiVi Foundation's interests in light of the ongoing disputes involving Petitioner.

44. On October 13, 2025, Petitioner filed the Grzesiak Removal Application, reasserting essentially the same arguments that Petitioner previously asserted in the Request for Official Order.

45. The oral hearing on the Grzesiak Removal Application, as well as on other pending claims in the larger proceeding captioned 06 HG.2024.133, are scheduled for December 3 and 4, 2025. During the oral hearing, each side will be permitted to present evidence to the court. The taking of evidence is primarily set to take place in the course of the scheduled oral hearing. Ms. Żak is called to testify as a party in the upcoming oral hearing.

IV. **The Resolution Challenge Proceeding**

46. On August 1, 2025, Petitioner filed the Resolution Challenge

DECLARATION OF BERNHARD MOTAL, ESQ., IN SUPPORT OF OPPOSITION
TO PETITIONER'S *EX PARTE* 28 U.S.C. § 1782 APPLICATION

Proceeding against the TiVi Foundation and its board members seeking to invalidate certain actions taken by the board. Ms. Żak is not a party to the Resolution Challenge Proceeding.

47.  As relevant here, on July 21, 2025, the TiVi Foundation board issued resolutions removing Petitioner from the supervisory board of four Polish companies held by the TiVi Foundation. The TiVi Foundation board issued the resolutions on the basis that Petitioner had been trying to siphon assets from the companies held by the TiVi Foundation to other corporate entities controlled by Petitioner.

48.  In the Resolution Challenge Proceeding, Petitioner alleges that the board resolutions unlawfully deprived Petitioner of his statutory rights as founder of the TiVi Foundation by removing Petitioner from the supervisory boards of the underlying companies based on—what Petitioner claimed—were unfounded charges of dissipation of the TiVi Foundation's assets by Petitioner.

49.  In particular, Petitioner argues that, under the TiVi Foundation's statutes, he was granted the right to be a member of the supervisory boards of the underlying companies for his lifetime. The TiVi Foundation board's position is that it has an obligation to protect the Foundation's assets under the Foundation's statutes and bylaws, and such obligation overrides Petitioner's right to remain on the supervisory boards. Therefore, the issues pending before the court in the

-17-

DECLARATION OF BERNHARD MOTAL, ESQ., IN SUPPORT OF OPPOSITION TO PETITIONER'S *EX PARTE* 28 U.S.C. § 1782 APPLICATION

Resolution Challenge Proceeding are: (i) whether the TiVi Foundation board's interests in protecting the Foundation's assets can override Petitioner's rights as founder under certain circumstances and, if so, (ii) whether such circumstances existed with respect to the resolutions issued by the TiVi Foundation board on July 21, 2025.

50. Petitioner does not allege in the Resolution Challenge Proceeding that Ms. Żak was involved in the TiVi Foundation board's decision to remove him from the underlying companies.

51. The oral hearing in the Resolution Challenge Proceeding is scheduled for December 3 and 4, 2025. During the oral hearing, the parties will be permitted to present evidence to the court. The taking of evidence is primarily set to take place in the course of the scheduled oral hearing. During the oral hearing, Petitioner is permitted to call Ms. Żak to testify as a witness.

\*   \*   \*   \*   \*

I declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on November 24, 2025, in Schaan, Principality of Liechtenstein

*[signature]*

Bernhard Motal, Esq.

-18-

DECLARATION OF BERNHARD MOTAL, ESQ., IN SUPPORT OF OPPOSITION TO PETITIONER'S *EX PARTE* 28 U.S.C. § 1782 APPLICATION