# Exhibit B



PRINCIPALITY OF LIECHTENSTEIN
PRINCELY
COURT OF JUSTICE

[stamp:] GASSER PARTNER
REC. 05/05/25 08:43 PAM

Please always quote the file number
<u>06 HG.2025.22</u>
ON 5

# DECISION

## Case

| | | |
|---|---|---|
| **Applicant:** | | Zygmunt Jozef Solorz, ▮▮▮▮▮▮▮▮▮ |
| | | represented by Schurti Partners Rechtsanwälte AG, Zollstrasse 2, Ll-9490 Vaduz |
| **Respondent:** | 1. | Solkomtel Foundation, c/o BlueRidge Management AG, Industriering 14, Ll-9491 Ruggell |
| | | represented by Ritter Schierscher RAE AG, Gewerbeweg 5, LI-9490 Vaduz |
| | 2. | Piotr Mateusz Zak, ▮▮▮▮▮▮▮▮▮ |
| | | represented by Roth + Partner Rechtsanwälte AG, Landstrasse 40, LI-9495 Triesen |
| | 3. | Aleksandra Jadwiga Zak, ▮▮▮▮▮▮▮▮▮ |
| | | represented by Gasser Partner Rechtsanwälte, Feldkircher Strasse 31, P.O.Box 246, LI-9494 Schaan |



Page2

    4.    Tobias Markus Solorz, ▬▬▬▬▬▬▬▬▬▬

represented by Marxer & Partner Rechtsanwälte, Heiligkreuz 6, P.O. Box 484, LI-9490 Vaduz

**on the grounds of:**　　　Foundation supervision

**The present proceedings are suspended pursuant to Art. 25 para. 2 lit. a AussStrG (*Ausserstreitgesetz* [Special Non-Contentious Civil Proceedings Act] until the final decision of proceedings 06 HG.2024.210.**

**The proceedings will only be resumed upon request.**

## Grounds

With the motion received by hg on August 29, 2024 (which has since been transferred to non-contentious proceedings with legal finality), the Applicant requests that the Princely Court of Justice as the foundation supervisory court, pass the following decision in accordance with Art. 552 § 35 para. 1 in conjunction with § 29 para. 3 PGR (*Personen- und Gesellschaftsrecht* [Liechtenstein Persons and Companies Act]):

1    It is hereby established with binding effect between the parties that

a.    the articles of association of the Solkomtel Foundation, FL-0002.419.785-2, which are not filed with the commercial register, in the version of the notarial deed dated August 19, 2024, recorded and certified by notary Mag. Alexander Winkler, notary public with registered office in 1180 Vienna, Weimarer Straße 5, under GZ 1562, in accordance with Appendix ./AA, which forms an integral part of this judgment, are valid and legally effective;

b.    the plaintiff has all rights vis-à-vis the first defendant as founder, primary beneficiary, or trustee in the articles of association in the version of the notarial deed dated August 19, 2024,

 Page3

recorded and certified by Mag. Alexander Winkler, notary public with registered office in 1180 Vienna, Weimarer Strasse 5, ref. no. 1562, in accordance with Appendix ./AA, as well as the bylaws amended on June 15, 2023, certified by the court on June 20, 2023 at the Princely Court of Justice of Vaduz by the certifying officer Beatrix Maier, in accordance with Appendix ./ C, both of which form an integral part of this judgment, including in particular

i.  the right to issue one or more bylaws or regulations and to determine the beneficiaries (Art. 5 para 1 and para 2 of the articles of association);

ii. the right to appoint or dismiss members of the foundation board and the Chairman of the foundation board (Art. 6 para. 2 lit. a of the articles of association)

iii. the right to be the sole trustee of the foundation and, in this capacity, to exercise the rights set out in the articles of association and bylaws, in particular to supervise the foundation board, to have its proposals implemented by the foundation board, to make all decisions of the foundation board subject to its approval as trustee, and to inspect all foundation documents (cf. Art. 9. para. 1 of the articles of association, point B), in particular III. and point IV. sub 1) of the bylaws);

iv. the right to amend the foundation's deed of foundation, the articles of association, and the bylaws during his lifetime (Art. 13 para. 2 point 1 of the articles of association).

in eventu

The articles of association of the first defendant, Solkomtel Foundation, which are not filed with the Commercial Register, FL-0002.419.785-2, in the version dated August 2, 2024, which were amended by the plaintiff's statements

regarding the amendment of the articles of association (certified in Deed A No. 6219/2024), regarding the "circular resolution" (certified in Deed A No. 6227/2024), and on the statement pursuant to Article 13 (2) 2. of the articles of association (certified in Deed A No. 6229/2024),

certified under the aforementioned deed number by Dariusz Wierzchucki, notary in Warsaw, on this day, are declared legally invalid.

226

in eventu

The statements made by the plaintiff on August 2, 2024, to the first defendant, Solkomtel Foundation, which is not registered in the commercial register, FL- 0002.419.785-2,

regarding the amendment of the articles of association (certified in Deed A No. 6219/2024), regarding the "circular resolution" in Deed A No. 6227/2024, and those pursuant to Article 13 (2) 2. of the articles of association (certified in document A No. 6229/2024), each notarized on that day under the respective document number by Dariusz Wierzchucki, notary in Warsaw, are declared legally invalid.

2   In any case, the defendants are jointly and severally liable to the plaintiff for the costs of these proceedings within 14 days, subject to collection proceedings.

In a letter dated April 10, 2025, the court informed the parties that the proceedings 06 HG.2024.210 essentially involved the same legal issues as the present proceedings. For this reason, the court intended to suspend the present proceedings in accordance with § 25 para. 2 lit. a AussStrG. Within the deadline for comments, the Applicant stated that there were no objections to this measure. The Respondents waived their right to comment.

**Legally, the following should be considered:**

227

Pursuant to Art. 25 para 2 lit a of the AussStrG, the proceedings may be suspended in whole or in part, either ex officio or upon request, if a preliminary question concerning the existence or non-existence of a legal relationship is the subject of other pending proceedings or proceedings to be initiated ex officio before a court or administrative authority, the preliminary question cannot be resolved in the pending proceedings without considerable procedural effort, and the interruption does not cause an unreasonable delay.

During the interruption, the Court may only carry out urgently required procedural actions pursuant to Art. 26 AussStrG. In the case of Art. 25 para. 2 lit. a and b, procedural actions may be carried out by the court and the parties, provided that they do not prejudge the decision on the preliminary question. If the interruption occurs after the matter has become ready for decision, it shall not prevent the decision from being issued. The interruption suspends the running of any time limit for taking procedural action. This does not apply to time limits set by the court for urgent procedural actions regardless of the interruption. Otherwise, procedural actions during the interruption have no effect on other parties. An interrupted proceeding shall be continued by order at the request of a party if the reasons for the interruption no longer apply. A proceeding that can be initiated ex officio must also be continued ex officio by means of a decision if the interests of a party or the general public, the protection of which is the purpose of the proceeding, could otherwise be jeopardized. Upon delivery of the continuation order, interrupted deadlines shall recommence. The decision ordering the interruption of the proceedings or refusing to continue the interrupted proceedings is independently contestable.

These proceedings essentially address the same legal issues as proceedings 06 HG.2024.210. The present procedure is therefore interrupted in accordance with Art. 25 para. 2 lit pf the AussStrG until the final conclusion of proceedings 06 HG.2024.210 and will only be resumed upon request.

228

Princely District Court

Vaduz, April 29, 2025

Diana Kind

Judge of the Princely Court of Justice

I certify the foregoing to be a true and correct copy.

[seal:] PRINCELY COURT OF JUSTICE                               Sidonia Aggeler
                                                                [signature]

229



Page 7

## Information on the rights of appeal

An appeal against this decision may be lodged with the Princely Court of Appeals in Vaduz within a non-extendable period of four weeks from the service of documents. The appeal must be submitted in writing in duplicate to the Court of Justice It may also be declared orally recorded by parties who are not represented by a lawyer. The appeal must contain the name of the case, the first and last names and address of the appellant, and the name of the decision against which it is being lodged. The appeal need not contain a specific request but must adequately state the grounds on which the party considers itself aggrieved and the alternative decision it seeks (appeal request); in case of doubt, the decision against which the appeal has been lodged shall be deemed to have been contested in its entirety.

Date reserved:

[hw:] *June 2, 2025*

**Signature**

[signature]

Date reserved:

[hw:] *(GS) June 2, 2025*

Signature

[signature]



Recipient copy

## Acknowledgment of receipt

The undersigned certifies receipt of the shipment with the following contents:

06 HG.2025.22
ON 5     (03.)

[seal:] [illegible] SCHAAN 5.5.25-18

Location/date:_____  ☐☐.☐☐.☐☐☐☐

Signature_____

☐ Recipient
☐ Authorized representative
☐ Roommates          Initials of the deliverer
☐ Employer/Employee
☐
                     _____
☐ Refusal to accept by

☐ Document inserted in the drop box

**Court document** to be served on:

Company
Gasser Partner Rechtsanwälte
Feldkircher Strasse 31
P.O. box 246
LI-9494 Schaan

Princely Court of Justice
P.O. Box 684
FL-9490 Vaduz

231

Case 2:25-mc-00112-MEMF-JC Document 22-3 Filed 11/26/25 Page 10 of 20 Page ID #:1154



City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**ON 05 - Original decision of the court**" is, to the best of my knowledge and belief, a true and accurate translation from German into English.

_____
Jacqueline Yorke

Sworn to before me this
November 20, 2025

_____
Signature, Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 27

_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001 | T 212.400.8840 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE



FÜRSTENTUM LIECHTENSTEIN
**FÜRSTLICHES LANDGERICHT**

GASSER PARTNER
EING. 05.05.25 08:43

Aktenzeichen bitte immer anführen
**06 HG.2025.22**
**ON 5**

# BESCHLUSS

## Rechtssache

| | | |
|---|---|---|
| **Antragsteller:** | | Zygmunt Jozef Solorz, ▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉ vertreten durch Schurti Partners Rechtsanwälte AG, Zollstrasse 2, LI-9490 Vaduz |
| **Antragsgegnerin:** | 1. | Solkomtel Foundation, c/o BlueRidge Management AG, Industriering 14, LI-9491 Ruggell vertreten durch Ritter Schierscher RAE AG, Gewerbeweg 5, LI-9490 Vaduz |
| | 2. | Piotr Mateusz Zak, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉ vertreten durch Roth + Partner Rechtsanwälte AG, Landstrasse 40, LI-9495 Triesen |
| | 3. | Aleksandra Jadwiga Zak, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉ vertreten durch Gasser Partner Rechtsanwälte, Feldkircher Strasse 31, P.O.Box 246, LI-9494 Schaan |

4. Tobias Markus Solorz, █████████████
████████████

vertreten durch Marxer & Partner
Rechtsanwälte, Heiligkreuz 6, Postfach 484,
LI-9490 Vaduz

**wegen:** Stiftungsaufsicht

**Das gegenständliche Verfahren wird gemäss Art 25 Abs 2 Bst a AussStrG bis zur rechtskräftigen Erledigung des hg Verfahrens 06 HG.2024.210 unterbrochen.**

**Das Verfahren wird nur über Antrag wieder aufgenommen.**

# Begründung

Mit hg am 29.08.2024 eingegangenem (zwischenzeitlich rechtskräftig ins Ausserstreitverfahren überwiesenen) Antrag beantragt der Antragsteller, das Fürstliche Landgericht als Stiftungsaufsichtsgericht wolle gemäss Art 552 § 35 Abs 1 iVm § 29 Abs 3 PGR folgenden Beschluss fassen:

1   Es wird mit Wirkung zwischen den Parteien festgestellt, dass

a. die Statuten der beim Handelsregister nicht hinterlegten Solkomtel Foundation, FL-0002.419.785-2, in der Fassung des Notariatsaktes vom 19. August 2024, aufgenommen und beurkundet von Notar Mag. Alexander Winkler, öffentlicher Notar mit dem Amtssitz in 1180 Wien, Weimarer Straße 5, zu GZ 1562, gemäss Beilage ./AA, welche einen integrierenden Bestandteil dieses Urteils bildet, aufrecht und rechtswirksam sind;

b. dem Kläger gegenüber der Erstbeklagten sämtliche Rechte, die ihm als Stifter, Erstbegünstigter oder Kurator in den Statuten in der Fassung des Notariatsaktes

234



Seite 3

vom 19. August 2024, aufgenommen und beurkundet von Mag. Alexander Winkler, öffentlicher Notar mit dem Amtssitz in 1180 Wien, Weimarer Strasse 5, zur GZ 1562, gemäss Beilage ./AA, sowie der Beistatuten in der Fassung vom 15. Juni 2023, gerichtlich beglaubigt am 20. Juni 2023 am Fürstlichen Landgericht Vaduz durch die Urkundsperson Beatrix Maier, gemäss Beilage ./C, welche beide einen integrierenden Bestandteil dieses Urteils bilden, eingeräumt sind, aufrecht zustehen, darunter insbesondere

i.  das Recht, ein Beistatut oder mehrere Reglemente zu erlassen und die Begünstigten zu bestimmen (Art. 5 Abs. 1 und Abs. 2 der Statuten);

ii. das Recht, Mitglieder des Stiftungsrates und den Stiftungsratspräsidenten zu bestellen oder abzuberufen (Art. 6 Abs. 2 Bst. a der Statuten);

iii. das Recht, einziger Kurator der Stiftung zu sein und in dieser Funktion die Rechte gemäss den Statuten und Beistatuten auszuüben, insbesondere die Stiftungsräte zu überwachen, seine Vorschläge durch diese umsetzen zu lassen, sämtliche Beschlüsse des Stiftungsrates von seiner Zustimmung als Kurator abhängig zu machen und in alle Stiftungsdokumente Einsicht zu nehmen (vgl Art. 9. Abs. 1 der Statuten, Punkt B), insbesondere III. und Punkt IV. sub 1) der Beistatuten);

iv. das Recht, die Stiftungserklärung, die Statuten und die Beistatuten zu seinen Lebzeiten zu ändern (Art. 13 Abs. 2 Punkt 1. der Statuten).

in eventu

Die Statuten der beim Handelsregister nicht hinterlegten Erstbeklagten, der Solkomtel Foundation, FL-0002.419.785-2, in der Fassung vom 2. August 2024, die durch die Erklärungen des Klägers

über die Änderung der Statuten (beglaubigt zu Urkunde A Nr. 6219/2024), über den "Beschluss im Umlaufverfahren" (beglaubigt zu Urkunde A Nr. 6227/2024), und über die Erklärung gemäss Artikel 13 (2) 2. der Statuten (beglaubigt zu Urkunde A Nr. 6229/2024),

235

beglaubigt zur jeweils zuvor angeführten Urkundennummer durch Dariusz Wierzchucki, Notar in Warschau, an diesem Tage abgeändert wurden, werden für rechtsunwirksam erklärt.

in eventu

Die Erklärungen des Klägers jeweils vom 2. August 2024 gegenüber der beim Handelsregister nicht hinterlegten Erstbeklagten, der Solkomtel Foundation, FL-0002.419.785-2,

über die Änderung der Statuten (beglaubigt zu Urkunde A Nr. 6219/2024), über den "Beschluss im Umlaufverfahren" zu Urkunde A Nr. 6227/2024, und jene gemäss Artikel 13 (2) 2. der Statuten (beglaubigt zu Urkunde A Nr. 6229/2024), jeweils an diesem Tage zur jeweils angeführten Urkundennummer notariell beglaubigt durch Dariusz Wierzchucki, Notar in Warschau, werden für rechtsunwirksam erklärt.

2   Jedenfalls sind die Beklagten gegenüber dem Kläger zur ungeteilten Hand schuldig, die Kosten dieses Verfahrens binnen 14 Tagen bei sonstiger Zwangsfolge zu ersetzen.

Mit Schreiben vom 10.04.20252025 informierte das Gericht die Parteien darüber, dass im Verfahren 06 HG.2024.210 im Wesentlichen dieselben rechtlichen Fragestellungen wie im vorliegenden Verfahren zu klären seien. Aus diesem Grund beabsichtige das Gericht, das vorliegende Verfahren gemäss § 25 Abs. 2 lit. a AussStrG zu unterbrechen. Innerhalb der Äußerungsfrist erklärte der Antragsteller, dass keine Einwendungen gegen diese Massnahme bestehen würden. Die Antragsgegner verzichteten auf eine Stellungnahme.

**Rechtlich ist wie folgt zu erwägen:**

236

Gemäss Art 25 Abs 2 lit a AussStrG kann das Verfahren ganz oder zum Teil von Amts wegen oder auf Antrag unterbrochen werden, wenn eine Vorfrage über das Bestehen oder Nichtbestehen eines Rechtsverhältnisses den Gegenstand eines anderen anhängigen oder eines von Amts wegen einzuleitenden Verfahrens vor einem Gericht oder einer Verwaltungsbehörde bildet, die Lösung der Vorfrage im anhängigen Verfahren nicht ohne einen erheblichen Verfahrensaufwand möglich und mit der Unterbrechung keine unzumutbare Verzögerung verbunden ist.

Während der Unterbrechung hat das Gericht gem Art 26 AussStrG nur dringend gebotene Verfahrenshandlungen vorzunehmen. Im Fall des Art 25 Abs 2 Bst a und b können Verfahrenshandlungen des Gerichtes und der Parteien vorgenommen werden, soweit sie der Entscheidung über die Vorfrage nicht vorgreifen. Tritt die Unterbrechung ein, nachdem die Sache zur Entscheidung reif geworden ist, hindert sie die Erlassung der Entscheidung nicht. Mit der Unterbrechung hört der Lauf jeder Frist zur Vornahme einer Verfahrenshandlung auf. Dies gilt nicht für Fristen, die das Gericht für dringend gebotene Verfahrenshandlungen ungeachtet der Unterbrechung festsetzt. Sonst entfalten Verfahrenshandlungen während der Unterbrechung anderen Parteien gegenüber keinerlei Wirkung. Ein unterbrochenes Verfahren ist auf Antrag einer Partei mit Beschluss fortzusetzen, wenn die Gründe für die Unterbrechung weggefallen sind. Ein Verfahren, das von Amts wegen eingeleitet werden kann, ist von Amts wegen darüber hinaus auch dann mit Beschluss fortzusetzen, wenn ansonsten Belange einer Partei oder der Allgemeinheit gefährdet werden könnten, deren Schutz Zweck des Verfahrens ist. Mit der Zustellung des Fortsetzungsbeschlusses beginnen unterbrochene Fristen von neuem. Der Beschluss, mit dem die Unterbrechung des Verfahrens angeordnet oder die Fortsetzung des unterbrochenen Verfahrens verweigert wird, ist selbständig anfechtbar.

Im gegenständlichen Verfahren sind im Wesentlichen dieselben Rechtsfragen zu klären wie im Verfahren 06 HG.2024.210. Das

237

gegenständliche Verfahren wird daher gem Art 25 Abs 2 lit a AussStrG bis zur rechtskräftigen Erledigung des Verfahrens 06 HG.2024.210 unterbrochen und nur über Antrag wieder aufgenommen.

Fürstliches Landgericht
Vaduz, 29.04.2025
Diana Kind
Fürstliche Landrichterin
Für die Richtigkeit der Ausfertigung

Sidonia Aggeler



238

## Rechtsmittelbelehrung

Gegen diesen Beschluss ist binnen der unerstreckbaren Frist von 4 Wochen ab Zustellung das Rechtsmittel des Rekurses an das Fürstliche Obergericht in Vaduz zulässig. Der Rekurs ist schriftlich in zweifacher Ausfertigung beim Landgericht einzubringen. Er kann von Parteien, die nicht durch einen Rechtsanwalt vertreten sind, auch mündlich zu Protokoll erklärt werden. Der Rekurs hat die Bezeichnung der Sache, Vor- und Familiennamen und Anschrift des Rekurswerbers und die Bezeichnung des Beschlusses zu enthalten, gegen den er erhoben wird. Der Rekurs muss kein bestimmtes Begehren enthalten, aber hinreichend erkennen lassen, aus welchen Gründen sich die Partei beschwert erachtet und welche andere Entscheidung sie anstrebt (Rekursbegehren); im Zweifel gilt der Beschluss, gegen den Rekurs erhoben worden ist, als zur Gänze angefochten.

Termin vorgemerkt:
02.06.2025
Visa
toi [signature]

Termin vorgemerkt:
(GS) 02.06.2025
Visa
toi [signature]



98.00.949467.00732487

Kopie Empfänger

## Empfangsbestätigung

Der Unterzeichnende bescheinigt den Empfang der Sendung mit folgendem Inhalt:

06 HG.2025.22
ON 5      (03.)

Ort _____ Datum __.__.____

Unterschrift _____

☐ Empfänger
☐ Bevollmächtigter      Kurzzeichen des Zustellers
☐ Mitbewohner
☐ Arbeitgeber/Arbeitnehmer
☐

☐ Annahmeverweigerung durch

☐ Dokument in der Abgabeeinrichtung eingelegt

## Gerichtsurkunde zuzustellen an:

Firma
Gasser Partner Rechtsanwälte
Feldkircher Strasse 31
P.O.Box 246
LI-9494 Schaan

Fürstliches Landgericht
Postfach 684
FL-9490 Vaduz

240