# Exhibit C

PRINCIPALITY OF LIECHTENSTEIN
PRINCELY
COURT OF JUSTICE

[stamp:] GASSER PARTNER REC. 08/18/25 08:55 AM

Please always quote the file number
<u>06 HG.2025.22</u>
ON 12

# DECISION

The Princely Court of Justice in Vaduz, through the Judge of the Princely Court of Justice, Diana Kind, in the

## Non-Contentious Matter

| | | |
|---|---|---|
| **Applicant:** | | Zygmunt Jozef Solorz, ▮▮▮ |
| | | represented by Schurti Partners Rechtsanwälte AG, Zollstrasse 2, LI-9490 Vaduz |
| **Respondents:** | 1. | Solkomtel Foundation, c/o BlueRidge Management AG, Industriering 14, Ll-9491 Ruggell |
| | | represented by Ritter Schierscher RAE AG, Gewerbeweg 5, LI-9490 Vaduz |
| | 2. | Piotr Mateusz Zak, ▮▮▮ |
| | | represented by Roth + Partner Rechtsanwälte AG, Landstrasse 40, LI-9495 Triesen |
| | 3. | Aleksandra Jadwiga Zak, ▮▮▮ |
| | | represented by Gasser Partner Rechtsanwälte, Feldkircher Strasse 31, P.O. Box 246, LI-9494 Schaan |

|   |   |   |
|---|---|---|
| | 4. | Tobias Markus Solorz, |

represented by Marxer & Partner Rechtsanwälte, Heiligkreuz 6, P.O. box 484, Ll- 9490 Vaduz

**on the grounds of:**   Foundation supervision
(Value in dispute: CHF 100,000.00)

regarding the appeal lodged by the Respondent as per 4 against the decision of the Princely Court of Justice dated April 29, 2025 (ON 5)

## decided the following

1. **The appeal is upheld in part and the contested decision is amended to read as follows:**

   **The proceedings in question, 06 HG.2025.22, will be stayed until a final decision has been made on the (decisive) facts of the case in proceedings 06 HG.2024.210. The proceedings will only be resumed upon request.**

2. **The costs are offset against each other.**

## Grounds

1. The Court of Justice stayed the present proceedings "until the final conclusion of proceedings 06 HG.2024.210" with its decision of April 29, 2025, which is now being appealed. The main reason given for this was that both proceedings essentially raised the same legal issues.

242

Page3

**2.** The Respondent as per 4's appeal, which was lodged on June 2, 2025, and was therefore timely, is directed against this decision, which was delivered on April 14, 2025. (ON 6), culminating in a request to have the contested decision set aside without substitution, or, in the alternative, to have it amended such that the proceedings are only stayed until a final and binding decision is reached on the (essential) facts in case 06 HG.2024.210. In his response to the appeal (ON 11), Respondent as per 2) joins this appeal.

In his response to the appeal (ON 10), the applicant contests this appeal and requests that it be dismissed subject to a fee.

**3. The appeal has been proven to hold merit.**

3.1 Pursuant to Article 50 of the AussStrG (*Ausserstreitgesetz* [Special Non-Contentious Civil Proceedings Act]), the court of first instance may itself grant an appeal if it is directed against a procedural decision, provided that this decision is independently appealable. The decision ordering the stay of proceedings or refusing to continue the stayed proceedings is independently appealable (para 26(4) AussStrG). The court of first instance can grant the appeal itself.

3.2 When deciding whether to stay proceedings, the court must evaluate all circumstances from the point of view of expediency. A stay is particularly justified if the preliminary ruling proceedings are expected to be concluded in the near future, if the stay will avoid extensive and costly evidence-taking, and/or if it will improve the overall efficiency of the proceedings.

3.3 In this case, the appellant Tobias Solorz rightly argued that the facts addressed in parallel proceedings 06 HG.2024.210 concerning the TiVi Foundation are essentially the same as those in the present case, but that there is at least one difference in that the articles of association of the Solkomtel Foundation dated June 15, 2023, applicable before August 2, 2024, do not do not allow for the revocation of the declaration of death (as is the case with the TiVi Foundation). This means that, in TiVi case 06 HG.2024.210, it is possible that certain legal issues that are no longer relevant to the present proceedings will continue to be debated long after the fundamental facts of the case have been clarified. The stay of the

243

Page4

present proceedings until the final conclusion of the TiVi proceedings was therefore excessive. However, the stay is appropriate for the purpose of obtaining evidence or a final decision on the facts (relevant to the decision).

3.4 The appeal should therefore be upheld and the contested decision and ruling dismissed.

3.5 The decision on costs is based on Art. 78 AussStrG. According to para 2 of the aforementioned provision, the costs incurred by a party in pursuing or defending its legal rights must be reimbursed insofar as this party has been successful in pursuing or defending its legal rights against other parties pursuing opposing interests, and any deviation from this rule is only permissible to uphold fairness, in particular due to the factual or legal difficulties of the case or due to expenses attributable to the conduct of individual parties. In this case, the applicant and appellee are correct in stating that the stay was announced to the parties in the now corrected wording and that the parties did not comment on this within the deadline. Hence, although respondents as per 2 and 4 prevailed, it seems justified to allocate the costs of this legal dispute between the parties.

Page5

Princely Court of Justice

Vaduz, August 13, 2025

Diana Kind

Judge of the Princely Court of Justice

I certify the foregoing to be a true and correct copy.

[seal:] PRINCELY COURT OF JUSTICE

Sidonia Aggeler
[signature]

245



Page6

## Information on the rights of appeal

An appeal against this decision may be lodged with the Princely Court of Appeals in Vaduz within a non-extendable period of four weeks from the service of documents. The appeal must be submitted in writing in duplicate to the Court of Justice It may also be declared orally recorded by parties who are not represented by a lawyer.  The appeal must contain the name of the case, the first and last names and address of the appellant, and the name of the decision against which it is being lodged.  The appeal need not contain a specific request but must adequately state the grounds on which the party considers itself aggrieved and the alternative decision it seeks (appeal request); in case of doubt, the decision against which the appeal has been lodged shall be deemed to have been contested in its entirety.

[hw:] *(GS)*

Date reserved:
[hw:] *09/15/2025*

Signature [signature]

Date reserved:
[hw:] *09/15/2025*

Signature [signature]

246



9494 Schaan BZ Annahme R-Inl
98.00.949467.00777446

Recipient copy

| Acknowledgment of receipt | **Court document** to be served on: |
|---|---|
| The undersigned certifies receipt of the shipment with the following contents: 06 HG.2025.22  ON 12 with GS ON 10 & 11    (16.)  Place_____ Date ☐☐.☐☐.☐☐☐☐  Signature _____ | [seal:] 9494 SCHAAN 18-8.25-18 94 Principality of Liechtenstein  Company Gasser Partner Rechtsanwälte Feldkircher Strasse 31 P.O. Box 246 LI-9494 Schaan |
| ☐ Recipient ☐ Authorized representative ☐ Roommates ☐ Employer/Employee ☐   Initials of the deliverer _____ ☐ Refusal to accept by | Princely Court of Justice P.O. Box 684 FL-9490 Vaduz |
| ☐ Document inserted in the drop box | |

247



City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**ON 12 - Amended decision of the court (after the appeal proceedings)**" is, to the best of my knowledge and belief, a true and accurate translation from German into English.

_____
Jacqueline Yorke

Sworn to before me this
November 20, 2025

_____
Signature, Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 2027

_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001 | T 212.400.8840 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

Case 2:25-mc-00112-MEMF-JC Document 22-4 Filed 11/26/25 Page 11 of 18 Page ID #:1175



**FÜRSTENTUM LIECHTENSTEIN**
**FÜRSTLICHES LANDGERICHT**

```
GASSER PARTNER
EING. 18.08.25 08:55
```

Aktenzeichen bitte immer anführen
<u>06 HG.2025.22</u>
ON 12

# BESCHLUSS

Das Fürstliche Landgericht in Vaduz hat durch die Fürstliche Landrichterin Diana Kind in der

## Ausserstreitsache

**Antragsteller:** Zygmunt Jozef Solorz, ▬▬▬▬▬▬ ▬▬▬▬▬▬

vertreten durch Schurti Partners Rechtsanwälte AG, Zollstrasse 2, LI-9490 Vaduz

**Antragsgegner:** 1. Solkomtel Foundation, c/o BlueRidge Management AG, Industriering 14, LI-9491 Ruggell
vertreten durch Ritter Schierscher RAE AG, Gewerbeweg 5, LI-9490 Vaduz

2. Piotr Mateusz Zak, ▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬

vertreten durch Roth + Partner Rechtsanwälte AG, Landstrasse 40, LI-9495 Triesen

3. Aleksandra Jadwiga Zak, ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬

vertreten durch Gasser Partner Rechtsanwälte, Feldkircher Strasse 31, P.O.Box 246, LI-9494 Schaan

|   |   |
|---|---|
| 4. | Tobias Markus Solorz, ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ |
|   | vertreten durch Marxer & Partner Rechtsanwälte, Heiligkreuz 6, Postfach 484, LI-9490 Vaduz |
| wegen: | Stiftungsaufsicht (StW: CHF 100'000.00) |

über Rekurs des Antragsgegners zu 4. gegen den Beschluss des Fürstlichen Landgerichtes vom 29.04.2025 (ON 5)

## beschlossen

1. Dem Rekurs wird teilweise Folge gegeben und der angefochtene Beschluss dahin abgeändert, dass er zu lauten hat wie folgt:

   Das gegenständliche Verfahren 06 HG.2025.22 wird bis zur rechtskräftigen Entscheidung des (entscheidungswesentlichen) Sachverhalts im Verfahren 06 HG.2024.210 unterbrochen. Das Verfahren wird nur über Antrag fortgesetzt.

2. Die Kosten werden gegeneinander aufgehoben.

## Begründung

1. Mit dem nun angefochtenen Beschluss vom 29.04.2025 unterbrach das Landgericht das vorliegende Verfahren „bis zur rechtskräftigen Erledigung des hg Verfahrens 06 HG.2024.210". Dies wurde im Wesentlichen damit begründet, dass sich in den beiden Verfahren im Wesentlichen dieselben Rechtsfragen stellten.

250

**2.** Gegen diesen am 14.04.2025 zugestellten Beschluss richtet sich der am 02.06.2025 überreichte und somit rechtzeitige Rekurs des Antragsgegners zu 4. (ON 6), der im Antrag mündet, den angefochtenen Beschluss ersatzlos aufzuheben, hilfsweise diesen dahin abzuändern, dass das Verfahren nur bis zur rechtskräftigen Entscheidung des (entscheidungswesentlichen) Sachverhalts im Verfahren 06 HG.2024.210 unterbrochen wird. In seiner Rekursbeantwortung (ON 11) tritt der Antragsgegner zu 2. diesem Rekurs bei.

In seiner Rekursbeantwortung (ON 10) tritt der Antragsteller diesem Rekurs entgegen und beantragt, diesem kostenpflichtig keine Folge zu geben.

**3.** Der Rekurs erweist sich als berechtigt.

**3.1** Nach Art 50 AussStrG kann das Gericht erster Instanz einem Rekurs selbst stattgegeben, wenn sich dieser gegen einen verfahrensleitenden Beschluss richtet, soweit dieser selbständig anfechtbar ist. Der Beschluss, mit dem die Unterbrechung des Verfahrens angeordnet oder die Fortsetzung des unterbrochenen Verfahrens verweigert wird, ist selbständig anfechtbar (Art 26 Abs 4 AussStrG). Das Erstgericht kann dem gegenständlichen Rekurs im Ergebnis selbst stattgeben.

**3.2** Das Gericht hat bei seiner Entscheidung über die Unterbrechung eines Verfahrens alle Umstände unter dem Gesichtspunkt der Zweckmässigkeit zu beurteilen. Die Unterbrechung ist insbesondere gerechtfertigt, wenn die Beendigung des präjudiziellen Verfahrens zeitnah zu erwarten ist; durch die Unterbrechung umfangreiche, aufwendige Beweisaufnahmen vermieden werden können und/oder insgesamt eine verfahrensökonomische Verbesserung erzielt wird.

**3.3** Gegenständlich wurde vom Rekurswerber Tobias Solorz zu Recht vorgebracht, dass im Parallelverfahren 06 HG.2024.210 betreffend die TiVi Foundation im Wesentlichen derselbe Sachverhalt wie vorliegend zu klären ist, es allerdings zumindest insofern einen Unterschied gibt, als die vor dem 02.08.2024 anwendbaren Statuten der Solkomtel Foundation

251

vom 15.06.2023 in Art 13 keine Möglichkeit für einen Widerruf der Ablebenserklärung (wie bei der TiVi Foundation) vorsehen. Es besteht daher die Möglichkeit, dass im TiVi Verfahren 06 HG.2024.210 noch lange nach der Klärung des grundlegenden Sachverhalts über bestimmte Rechtsfragen verhandelt wird, die für das vorliegende Verfahren nicht mehr relevant sind. Die Unterbrechung des gegenständlichen Verfahrens bis zum rechtskräftigen Abschluss des TiVi Verfahrens war daher überschiessend. Zweckmässig ist die Unterbrechung hingegen zur Erlangung der Beweisergebnisse resp der rechtskräftigen Entscheidung über den (entscheidungswesentlichen) Sachverhalt.

3.4   Dem Rekurs war sohin Folge zu geben und der angefochtene Beschluss wie auch dem Spruch ersichtlich abzuweisen.

3.5   Die Kostenentscheidung stützt sich auf Art 78 AussStrG. Zwar sind gemäss Abs 2 der genannten Bestimmung die zur zweckentsprechenden Rechtsverfolgung oder Rechtsverteidigung notwendigen Kosten einer Partei zu ersetzen, soweit sie mit ihrer Rechtsverfolgung oder Rechtsverteidigung gegenüber anderen Parteien, die entgegengesetzte Interessen verfolgt haben, Erfolg hatte, und ist davon nur abzuweichen, soweit dies nach Billigkeit, insbesondere wegen der tatsächlichen oder rechtlichen Schwierigkeiten der Sache oder wegen eines dem Verhalten einzelner Parteien zuzurechnenden Aufwands, erforderlich ist. Gegenständlich ist dem Antragsteller und Rekursgegner zuzustimmen, dass die Unterbrechung im nun berichtigten Wortlaut den Parteien angekündigt wurde und sich die Parteien hierzu binnen Frist nicht geäussert haben. Es scheint daher gerechtfertigt, die Kosten dieses Rechtsstreites trotz Obsiegen der Antragsgegner zu 2. und 4. gegeneinander aufzuheben.

252



Fürstliches Landgericht
Vaduz, 13.08.2025
Diana Kind
Fürstliche Landrichterin
Für die Richtigkeit der Ausfertigung

Sidonia Aggeler

253

## Rechtsmittelbelehrung

Gegen diesen Beschluss ist binnen der unerstreckbaren Frist von 4 Wochen ab Zustellung das Rechtsmittel des Rekurses an das Fürstliche Obergericht in Vaduz zulässig. Der Rekurs ist schriftlich in zweifacher Ausfertigung beim Landgericht einzubringen. Er kann von Parteien, die nicht durch einen Rechtsanwalt vertreten sind, auch mündlich zu Protokoll erklärt werden. Der Rekurs hat die Bezeichnung der Sache, Vor- und Familiennamen und Anschrift des Rekurswerbers und die Bezeichnung des Beschlusses zu enthalten, gegen den er erhoben wird. Der Rekurs muss kein bestimmtes Begehren enthalten, aber hinreichend erkennen lassen, aus welchen Gründen sich die Partei beschwert erachtet und welche andere Entscheidung sie anstrebt (Rekursbegehren); im Zweifel gilt der Beschluss, gegen den Rekurs erhoben worden ist, als zur Gänze angefochten.

(GS)

Termin vorgemerkt:
15.09.2025
Visa huc / [signature]

Termin vorgemerkt:
15.09.2025
Visa huc / [signature]

254



9494 Schaan BZ Annahme   R-Inl
98.00.949467.00777446

Kopie Empfänger

**Empfangsbestätigung**

Der Unterzeichnende bescheinigt den Empfang der Sendung mit folgendem Inhalt:

06 HG.2025.22
ON 12 mit GS ON 10 & 11   (16.)

Ort _____   Datum ☐☐.☐☐.☐☐

Unterschrift _____

☐ Empfänger
☐ Bevollmächtigter
☐ Mitbewohner
☐ Arbeitgeber/Arbeitnehmer
☐

Kurzzeichen des Zustellers

☐ Annahmeverweigerung durch _____

☐ Dokument in der Abgabeeinrichtung eingelegt

**Gerichtsurkunde** zuzustellen an:

Firma
Gasser Partner Rechtsanwälte
Feldkircher Strasse 31
P.O.Box 246
LI-9494 Schaan

Fürstliches Landgericht
Postfach 684
FL-9490 Vaduz

255