# EXHIBIT A

Amy Jane Longo (SBN 198304)
Amy.Longo@ropesgray.com
ROPES & GRAY LLP
10250 Constellation Blvd.
Los Angeles, California 90067
Tel: 310-975-3000
Fax: 310-975-3400

David B. Hennes (admitted *pro hac vice*)
Andrew S. Todres (admitted *pro hac vice*)
David.Hennes@ropesgray.com
Andrew.Todres@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: 212-596-9000
Fax: 212-596-9090

Isaac C.H. Sommers (admitted *pro hac vice*)
Isaac.Sommers@ropesgray.com
ROPES & GRAY LLP
2099 Pennsylvania Ave NW
Washington, DC 20006
Tel: 202-508-4600
Fax: 202-508-4650

*Attorneys for Petitioner*
ZYGMUNT SOLORZ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF ZYGMUNT SOLORZ FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | No.: 2:25-mc-00112-MEMF-JC<br><br>**SUPPLEMENTAL DECLARATION OF SIMON OTT ESQ., IN SUPPORT OF APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**<br><br>Courtroom: 8B<br>Hon. Maame Ewusi-Mensah Frimpong<br>Hon. Jacqueline Chooljian<br>Initial Petition Filed: Oct. 29, 2025 |

SUPPLEMENTAL DECLARATION OF SIMON OTT, ESQ., IN SUPPORT OF APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

I, Simon Ott, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America, that the following is true and correct:

1. I am a lawyer in Liechtenstein and a Partner at the law firm Schurti Partners.[1] I have been practicing law for over ten years. I am a member of the Liechtenstein Bar Association and a Board Member of the Association of Criminal Defence Attorneys in Liechtenstein (VLS).

2. I submit this declaration in further support of both Mr. Solorz's Petition and the concurrently filed Reply Memorandum of Points and Authorities.

3. I am personally familiar with the Foreign Proceedings, including the underlying factual background and applicable Liechtenstein law. I hereby affirm under oath that the statements made in this declaration concerning these matters are true and correct to the best of my knowledge, information, and belief.

4. The purpose of this declaration is to provide the Court with additional details concerning the Foreign Proceedings, as well as Liechtenstein law and court procedures regarding evidentiary and discovery-related matters, and to correct or clarify misleading and inaccurate statements from the Motal Declaration (ECF No. 22-1).

## UPDATE REGARDING FOREIGN PROCEEDINGS

5. On December 2, 2025, Mr. Solorz formally withdrew the Solorz Removal Application (Case No. 06 HG.2025.122). On December 5, 2025, Mr. Solorz also formally withdrew the Grzesiak Dismissal Motion (Docket Entry #60 in Case No. 06 HG.2024.133). As a result, Mr. Solorz no longer seeks documents in aid of those proceedings. The other Foreign Proceeding, which Mr. Solorz continues to seek documents in aid of—the Solkomtel Application—remains pending. The formal

---

[1] All defined terms in this Supplemental Declaration are as defined in my original Declaration (ECF No. 3).

1
SUPPLEMENTAL DECLARATION OF SIMON OTT, ESQ., IN SUPPORT OF APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

17

withdrawal of the other two proceedings does not affect the still-pending Solkomtel Application, as the proceedings are legally and factually independent.[2]

6. Although the Motal Declaration states that oral evidentiary hearings in the Grzesiak Dismissal Motion were scheduled for December 3 & 4, 2025 (*see* Motal Decl. ¶¶ 45, 51), those evidentiary hearings were cancelled and postponed by the Liechtenstein court on December 1, 2025—and, as previously noted, the Grzesiak Dismissal Motion was then withdrawn. With respect to the separate Solkomtel Application, the parties will be free to submit documentary evidence for the Court's consideration in respect of the parties' claims and defenses after the proceeding has resumed.

**THE MOTAL DECLARATION DOES NOT REFUTE THAT THE DISCOVERY SOUGHT IS NOT AVAILABLE—AND IS CAPABLE OF BEING INTRODUCED—IN THE FOREIGN PROCEEDINGS**

7. *Unavailability of Discovery from Ms. Żak in Liechtenstein.* Although, as the Motal Declaration notes, parties to proceedings in Liechtenstein (including Ms. Żak) may be "called to testify" (Motal Decl. ¶ 45) at future hearings in Liechtenstein, and while there is no question that Ms. Żak may *voluntarily* testify, because Liechtenstein courts do not have U.S.-style discovery, there is no procedural mechanism available in the Liechtenstein courts to *compel* Ms. Żak to produce documents, whether in those hearings or otherwise—even if she is "called" to testify. *See* Ott Decl. ¶¶ 40-41. And, in any event, Liechtenstein courts lack the authority to compel persons who reside in the United States (including Ms. Żak) to produce documents in proceedings pending in Liechtenstein. *See* Ott Decl. ¶ 41. The Motal Declaration does not dispute these clear and well-settled Liechtenstein law principles.

---

[2] For the avoidance of doubt, Mr. Solorz disputes the claim that Mr. Solorz's children "were appointed as secondary beneficiaries of the Foundations in the By-Laws of October 29, 2018," Motal Decl. ¶ 13, which is being litigated in other proceedings in Liechtenstein.

8.  *Use of Section 1782 Discovery in Liechtenstein.*  As noted above, no evidentiary hearings in the Foreign Proceedings occurred on December 3 & 4, 2025, as both the Grzesiak Dismissal Motion and the Solorz Removal Application were withdrawn by Mr. Solorz, as noted above. *See supra* ¶ 5. The Solkomtel Application remains stayed, with no hearing presently scheduled. In all events, as I stated in my prior declaration, the parties to the Solkomtel Application will still have the opportunity to submit additional evidence—even after evidentiary hearings—at any point before the proceeding is decided or a written judgment is issued. *See* Ott Decl. ¶ 43 n.5. The Motal Declaration does not dispute this clear and well-settled Liechtenstein law principle.

9.  Prior to and during the evidentiary hearings in a proceeding in Liechtenstein, parties are permitted to submit evidence to the court (including newly obtained evidence pursuant to a Section 1782 application) at any time. After evidentiary hearings have occurred—and prior to the entry of a written judgment—parties can introduce newly obtained evidence by filing a motion advising the Liechtenstein court that new evidence has come to light which bears on dispositive issues in the case. The Motal Declaration does not dispute this clear and well-settled Liechtenstein law principle.

**REGARDLESS OF THE OUTCOME OF THE TIVI APPLICATION, THE PARTIES TO THE SOLKOMTEL APPLICATION WILL HAVE THE ABILITY TO SUBMIT NEW EVIDENCE IN THAT PROCEEDING ONCE THE STAY IS LIFTED**

10.  As an initial matter, while there are overlapping factual and legal issues between the TiVi Application and the Solkomtel Application, the assertion in the Motal Declaration that these proceedings "are analogues in all material respects" is inaccurate. Motal Decl. ¶ 16. There are also significant differences between the proceedings with respect to the legal and factual details at issue, especially because the Foundations' governing documents are not identical, which requires the court to

conduct an independent legal and factual assessment of any evidence that may eventually be submitted. *See* Ott Decl. ¶ 29.[3]

11. In any event, and critically, regardless of the outcome of the TiVi Application, the parties to the Solkomtel Application will have the opportunity to submit new evidence in that proceeding upon the lifting of the stay. *See* Ott Decl. ¶¶ 29-30; *supra* ¶¶ 8-9. Likewise, it is also possible that additional factual development in the Solkomtel Application may lead the Liechtenstein court to form new conclusions of law with respect to the various matters under dispute. The Motal Declaration does not dispute these facts.

12. Instead, citing an August 13, 2025 order relating to the stay in the Solkomtel Application, the Motal Declaration states that the Court in the Solkomtel Application supposedly "made clear" that it would "apply its factual findings from the TiVi [Application] to the Solkomtel [Application] once a final and binding decision has been rendered on the decisive factual issues" in the TiVi Application. Motal Decl. ¶ 34.

13. It is not "clear" from the Court's order that it will in fact do so—but even if it does, the Court in the Solkomtel Application is not *limited* to considering only the factual findings from the TiVi Application, as the Solkomtel Application will have its own independent evidentiary record and hearings upon the lifting of the stay, and the parties will be free to introduce and rely on both evidence presented in the TiVi Proceeding as well as any additional evidence, whether obtained through this Petition

---

[3] Specifically, the TiVi Application addresses the enforceability of actions taken by Mr. Solorz to *revoke* instruments that his children induced him to execute in order to cede certain control over the *TiVi Foundation*. In contrast, the Solkomtel Application addresses the enforceability of actions taken by Mr. Solorz to issue new legal documents to *supersede* the instruments that his children had induced him to execute in order to cede control over the *Solkomtel Foundation*. While the difference between "revoking" a legal instrument and issuing a "superseding" legal instrument may appear inconsequential, it is, in fact, legally significant under Liechtenstein law, and has led to the presentation of different facts and arguments between the two proceedings.

or otherwise. And the Liechtenstein court will be obligated to assess the Solkomtel Application (and any supporting evidence) on its own independent merits in order to reach a legal conclusion specific to that proceeding.

14. Noticeably, the Motal Declaration does not refute—and largely declines to address—these facts and legal principles, as well as numerous others set forth in my original declaration, all of which make clear that any of the parties to the Solkomtel Application will be permitted to submit new evidence in the Solkomtel Application when the stay is lifted. Among other things, the Motal Declaration fails to refute my prior statements that:

    a. Even if the decision currently pending on appeal in the TiVi Application is affirmed, that decision "would not preclude Mr. Solorz from continuing to litigate the validity of Solkomtel Foundation Declarations when the stay of the Solkomtel Application is lifted" (Ott Decl. ¶ 29);

    b. The Solkomtel Application remains in "the trial-level court in an early stage of the proceeding," and Mr. Solorz can "introduce new evidence into that proceeding once the stay is lifted" (Ott Decl. ¶ 30);

    c. The initial decision issued in the TiVi Application (and that is now on appeal) was decided without the benefit of any evidence which Mr. Solorz's Petition might uncover (*see* Ott Decl. ¶ 28);

    d. The order staying the Solkomtel Application expressly provides that when the stay is eventually lifted, "interrupted deadlines shall recommence," Motal Decl., Ex. B (ECF No. 22-3 at 228), which necessarily includes the opportunities for parties to submit new evidence, as the Solkomtel Application remains in an "early stage of the proceeding" (Ott Decl. ¶ 30); and

    e. Liechtenstein courts "generally allow factual submissions and evidence to be presented at any time during the pendency of a proceeding of first instance [such as the Solkomtel Application]" (Ott Decl. ¶ 43 & n.5).

15.  In short, the Motal Declaration does not dispute that the Solkomtel Application was stayed in its early stages, and that when that stay is lifted, the parties will be permitted to introduce new evidence regardless of the factual findings in or outcome of the appeal in the TiVi Application.[4]

16.  Finally, Ms. Żak's Opposition and the Motal Declaration operate on the assumption that the TiVi Application—which they do not deny is "still being actively litigated in appellate proceedings," Ott Decl. ¶ 28—will be decided in Ms. Żak's favor.  That outcome is not certain.  Another possible outcome, pursuant to the applicable procedural rules, is that the appellate court will remand the TiVi Application to the court of first instance for additional fact-finding—an outcome which could result in a lift of the stay in the Solkomtel Application upon request of at

//
//
//
//
//

---

[4] Ms. Żak's statement in her Memorandum of Points and Authorities in Opposition to the Petition that, "*presumably*, the same judge . . . will apply those same [factual] findings" from the TiVi Application to the other Foreign Proceedings, is not based on any Liechtenstein legal principle or court ruling.  Opposition at 18 (emphasis added); *see* Motal Decl. ¶ 4 (noting that Judge Diana Kind is currently presiding over both the TiVi Application and the Foreign Proceedings).  There is no Liechtenstein law or procedure—or ruling in the TiVi Application or Solkomtel Application—***requiring*** the judge to apply exactly the same factual conclusions, particularly if new evidence arises that was not available at the time the court issued its stay order. *See supra* ¶ 13. In any case, the judge currently presiding over both the TiVi Application and the Solkomtel Application is resigning from the Princely District Court on December 31, 2025 (due to her elevation to the Liechtenstein appellate court), will no longer be presiding over any proceeding after that date, and is not expected to issue a decision in the stayed Solkomtel Application prior to her departure from the Princely District Court.  A new judge will therefore be presiding over the Solkomtel Application beginning in 2026.

least one of the parties. In either outcome, parties will be permitted to submit new evidence in the Solkomtel Application once the stay is lifted.

I declare under the penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this __12__ day of December 2025 in __Vaduz, Liechtenstein__.

_____
Simon Ott, Esq.

---

7
SUPPLEMENTAL DECLARATION OF SIMON OTT, ESQ, IN SUPPORT OF APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782