Gary S. Lincenberg (SBN 123058)
  glincenberg@birdmarella.com
William E. Johnston, (SBN 287707)
  wjohnston@birdmarella.com
BIRD, MARELLA, RHOW, LINCENBERG,
DROOKS, & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Martin Weinstein (Admitted *Pro Hac Vice*)
  Martin.weinstein@cwt.com
Hyungjoo Han (Admitted *Pro Hac Vice*)
  Hyungjoo.Han@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
1919 Pennsylvania Ave NW
Washington, D.C. 20006
Telephone: (202) 862-2200

Matthew M. Karlan (Admitted *Pro Hac Vice*)
  Matthew.Karlan@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6000

*Attorneys for Respondent*
ALEKSANDRA ZAK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF ZYGMUNT SOLORZ FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Misc. Action No.: 2:25-mc-112 <br><br> Honorable Jacqueline Chooljian <br><br> **RESPONDENT'S SUR-REPLY IN OPPOSITION TO PETITIONER'S *EX PARTE* APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782** |

Respondent Aleksandra Żak ("Ms. Żak") respectfully submits this Sur-Reply in Opposition to Petitioner's Application.[1]

### **INTRODUCTION**

Having previously failed to disclose to this Court that a court in Liechtenstein had already issued a 102-page decision rejecting Petitioner's central contention that there was a nefarious "scheme" by his Children to oust Petitioner from the Foundations, Petitioner's reply brief doubles down on his strategy of obfuscation and selective disclosure. Petitioner's failure to disclose fully the current status of the Liechtenstein Proceedings, his affirmative misstatements concerning Ms. Żak's position in this case, and the appeal court's December 18, 2025 decision (served on Ms. Żak on December 23, 2025) in the TiVi Proceeding require this brief response.

*First*, seeking to minimize his own decision to withdraw two of the three purportedly meritorious proceedings on which his original Application was based, Petitioner's brief largely relegates to passive-voice footnotes that two of the three proceedings "have been withdrawn." (Reply at 1 n.2; *see also id.* at 5 n.4, 12.) To be clear, there is no mystery about what became of these proceedings: it was *Petitioner* who withdrew them. And the reasons he did so—which are nowhere disclosed by Petitioner—plainly undermine his Application for discovery, even as to the sole remaining Liechtenstein Proceeding. On November 28, 2025, the TiVi Foundation filed an audit report in the Resolution Challenge Proceeding that directly contradicts Petitioner's position in that Proceeding and the Grzesiak Removal Application. Critically, the audit report, supported by documentary

---

[1] Capitalized terms used, but not otherwise defined, herein have the definitions set forth in Ms. Żak's Memorandum of Points and Authorities in Opposition to Petitioner's *Ex Parte* Application for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (the "Opposition" or "Opp.").

-1-

evidence, revealed that it was Petitioner—not his Children—who was engaged in a scheme to steal assets from the Foundations and to divert them to other entities. Immediately after Petitioner's actions were exposed, Petitioner withdrew the Resolution Challenge Proceeding and the Grzesiak Removal Application on December 2 and 5, respectively.

*Second*, as to the sole remaining Liechtenstein Proceeding, Petitioner affirmatively misrepresents Ms. Żak's position—and does so *ad nauseum*. Six times—starting on the very first page of his reply brief—Petitioner misquotes Ms. Żak's use of the word "presumably," attempting to suggest to the Court, falsely, that Ms. Żak is merely "presuming" or speculating about what will happen when the current stay is lifted in the Solkomtel Proceeding. *See* Reply at 1, 2, 4, 5, 8 (misquoting Ms. Żak's use of the word "presumably"); *id.* at 1, 2, 4, 10 (accusing Ms. Żak of "speculation" over what the Lichtenstein court will do upon lifting the stay). But as to the Solkomtel Proceeding—which is now the only proceeding remaining at issue—there is no need to "presume" anything, and Ms. Żak is not doing so. Rather, the Liechtenstein court was explicit: in a written order, it made clear that the Solkomtel Proceeding "will be stayed until a final decision has been made on the (decisive) facts of the case" in the TiVi Proceeding because "the facts addressed in [the TiVi Proceeding] are essentially the same as those in the present case" and a stay of the Solkomtel Proceeding "is appropriate for the purpose of obtaining evidence or a final decision on the facts (relevant to the decision)." Dkt. 22-4 (Motal Decl., Ex. C) at 2–4.[2]

On December 18, 2025, the appeal court in the TiVi Proceeding issued a decision, fully affirming the trial court's decision in favor of the Children and the

---

[2] Ms. Zak's use of the word "presumably" applied to two different, unstayed proceedings that Petitioner previously relied upon in his Application, but Petitioner has now withdrawn those two proceedings.

-2-

TiVi Foundation, and effectively foreclosing any opportunity for Petitioner to continue relitigating Petitioner's allegations of a "scheme" to oust him from the Foundations—the issue that Petitioner has argued is "central" to the Application. The decision was served on Ms. Żak on December 23, 2025.

In short, none of the Section 1782 cases cited by Petitioner addresses remotely similar circumstances. Certainly none of Petitioner's cases stands for the proposition that this Court should ignore the Liechtenstein court's clear directive, and assume that it did not mean what it said when it stayed the Solkomtel Proceeding pending resolution of the TiVi Proceeding.

## ARGUMENT

### I. Petitioner's Withdrawal of Two of the Three Liechtenstein Proceedings Fundamentally Undermines His Application.

On October 29, 2025, Petitioner filed the Application to seek discovery from Ms. Żak "in aid of *three* proceedings pending in Liechtenstein . . . arising out of [an alleged] scheme to oust him from the business empire that he built." App. at 6 (emphasis added). According to Petitioner, Ms. Żak "played a critical role in the events which took place on or around August 2, 2024," which are "central" to the Liechtenstein Proceedings that purportedly formed the basis for the Application. *Id.* at 13. On November 26, 2025, Ms. Żak filed an Opposition because the Application does not satisfy the "for use" statutory requirement under Section 1782 and the *Intel* discretionary factors weigh against granting the Application. Dkt. 22. Within approximately one week after Ms. Żak's filing of her Opposition, Petitioner dismissed *two out of the three* Liechtenstein Proceedings upon which Petitioner relied to support his request for discovery from Ms. Żak in the United States.

On December 2, 2025, Petitioner withdrew the Resolution Challenge Proceeding (Supplemental Declaration of Bernhard Motal, Esq. ("Motal Supp.

-3-

Decl.") ¶ 17; Dkt. 26-1 (Ott. Supp. Decl.) ¶ 5, in which Petitioner sought to invalidate the TiVi Foundation Board's July 21, 2025 resolutions removing Petitioner from the supervisory board of four companies held by the TiVi Foundation. Dkt. 22-1 (Motal Decl.) ¶¶ 46–47. Petitioner withdrew the Resolution Challenge Proceeding after the TiVi Foundation filed with the court in Liechtenstein an audit report (the "Audit Report") finding that there was evidence that Petitioner was improperly attempting to siphon corporate assets and divert those assets for his personal benefit. Motal Supp. Decl. ¶¶ 18–26.

Three days later, on December 5, 2025, Petitioner withdrew the Grzesiak Removal Application (Motal Supp. Decl. ¶ 17; Ott. Supp. Decl. ¶ 5) in which Petitioner sought to remove his longtime friend from the TiVi Foundation Board. Motal Decl. ¶¶ 36, 40. The Audit Report also contradicts Petitioner's November 26, 2025 submission in the Grzesiak Removal Application, in which the Petitioner argued at length that there was no danger to the TiVi Foundation's assets and that he never planned to dispose of or withdraw the assets of the TiVi Foundation to the Foundation's detriment. Motal Supp. Decl. ¶¶ 13, 19.

In the Reply, Petitioner makes passing references to the fact that two of the Liechtenstein Proceedings "have been withdrawn" (Reply at 1 n.2; *see also id.* at 5 n.4, 12) without acknowledging that *Petitioner* withdrew them. Furthermore, Petitioner neglects to inform the Court that the reason he withdrew the two proceedings was because unfavorable evidence of Petitioner's conduct that directly undermines his allegations of a "scheme" by the Children, Mr. Grzesiak, and others to oust him from the Foundations—allegations that Petitioner previously claimed were "central" to the Application—has now come to light after the TiVi Foundation's filing of the Audit Report with the Liechtenstein court. This is not a situation where Petitioner merely decided that he no longer desired to pursue an otherwise meritorious proceeding. Petitioner was forced to withdraw

-4-

the Resolution Challenge Proceeding and the Grzesiak Removal Application because his conduct was publicly exposed, and he was facing a high probability that the court in Liechtenstein would enter a judgment against him in both proceedings based on this evidence, following the hearings that were previously scheduled for December 3 and 4, 2025.

II.     **Petitioner Skews the Factual Record and Wrongly Argues that Ms. Żak is Presuming or Speculating Regarding the Effect of the Liechtenstein Court's Stay Orders in the Solkomtel Proceeding.**

The lynchpin of Petitioner's Reply is the assertion that Ms. Żak is merely "presuming" or "speculating" as to what the Liechtenstein court will do in the Solkomtel Proceeding[3] when the current stay is lifted in that proceeding. Not so. In staying the Solkomtel Proceeding pending decision on the appeal in the TiVi Proceeding, the Liechtenstein trial court made explicit that it had already considered and rejected Petitioner's allegations of a scheme by the Children to oust the Petitioner from the Foundations, an issue that Petitioner alleges is "central" to his Application, and would apply those same findings to the Solkomtel Proceeding when the stay was lifted.

On April 29, 2025, the court in Liechtenstein issued an order staying the Solkomtel Proceeding "until the final conclusion" of the TiVi Proceeding because the two Proceedings "essentially address the same legal issues." Dkt. 22-3 (Motal Decl., Ex. B), at 5. On May 21, 2025, while the court's stay order was in effect in the Solkomtel Proceeding, the court in the TiVi Proceeding issued a 102-page written decision in favor of the Children and the TiVi Foundation, finding that

---

[3] As Petitioner acknowledges in his Reply, since Petitioner has withdrawn the Resolution Challenge Proceeding and the Grzesiak Removal Application, the only proceeding for which Petitioner can seek discovery from Ms. Żak in connection with his Application is the Solkomtel Proceeding. *See* Reply at 12.

RESPONDENT'S SUR-REPLY IN OPPOSITION TO PETITIONER'S
*EX PARTE* 28 U.S.C. § 1782 APPLICATION

there was no fraud or mistake in Petitioner's signing of the TiVi Declarations—which were signed at the same time and under the same circumstances as the Solkomtel Declarations—on August 2, 2024, and that the TiVi Declarations were valid and enforceable.  Motal Decl. ¶¶ 23–24; Dkt. 22-2 (Motal Decl., Ex. A). Petitioner subsequently filed an appeal of the trial court's decision in the TiVi Proceeding.

Meanwhile, on August 13, 2025, the court issued an amended stay order stating that the Solkomtel Proceeding "will be *stayed* until a *final decision* has been made on the *(decisive) facts of the case*" in the TiVi Proceeding.  Motal Decl., Ex. C at 2 (emphasis added).  As the court further explained, "***the facts addressed in parallel proceedings*** 06 HG.2024.210 concerning the TiVi Foundation [i.e., the TiVi Proceeding] are ***essentially the same as those in the present case***" and, therefore, a stay of the Solkomtel Proceeding "*is appropriate for the purpose of obtaining evidence or a final decision on the facts (relevant to the decision)*."  *Id.* at 3–4 (emphasis added).  While the court recognized that there may be certain differences between the Foundations' respective articles of association, the court concluded that such legal issues would not affect the "fundamental facts of the case [that] have been clarified" in the TiVi Proceeding and the Solkomtel Proceeding.  *Id.* at 3.

Accordingly, despite Petitioner's best efforts to distinguish the Solkomtel Proceeding from the TiVi Proceeding, both Proceedings center on Petitioner's challenge to the Declarations for the TiVi Foundation and the Solkomtel Foundation that were signed on the same day (*i.e.*, August 2, 2024), at the same time, and under the same circumstances, on the grounds that Petitioner, a sophisticated businessman, purportedly felt pressured by the Children to sign the Declarations and was not aware of their terms.  And the court in Liechtenstein has clearly stated in its stay orders that it will apply the "evidence" and "final decision

-6-

on the facts"—which includes Petitioner's challenge to the August 2, 2024 Declarations—from the TiVi Proceeding to the Solkomtel Proceeding. Motal Decl., Ex. C at 3–4.

Unable to address the plain text of the court's stay orders in the Solkomtel Proceeding in any meaningful way, Petitioner resorts to mischaracterizing Ms. Żak's arguments. First, Petitioner repeatedly misquotes Ms. Żak's use of the word "presumably" in her Opposition to falsely suggest that Ms. Żak is merely "presuming" or speculating about what will happen when the current stay is lifted in the Solkomtel Proceeding. *See, e.g.*, Reply at 1, 2, 4, 5, 8. But as discussed above, there is no reason for Ms. Żak to presume anything with respect to the Solkomtel Proceeding because the Liechtenstein court's stay orders make clear that the Solkomtel Proceeding "will be stayed until a final decision has been made on the (decisive) facts of the case," at which time the court will apply the "evidence" and "final decision on the facts" from the TiVi Proceeding to the Solkomtel Proceeding. Motal Decl., Ex. C at 2, 4. This is precisely what Ms. Żak argued in the Opposition. *See* Opp. at 18 ("The court's stay orders in the Solkomtel Proceeding specifically provide that the court intends to apply these factual findings from the TiVi Proceeding to the Solkomtel Proceeding.").

As to the other two Proceedings—the Grzesiak Removal Application and the Resolution Challenge Proceeding—Ms. Żak argued in the Opposition that the same judge would "presumably . . . apply those same findings, as appropriate, when the appeal is decided in the TiVi Proceeding" (Opp. at 18) because, by Petitioner's own admission, all four Liechtenstein Proceedings center on the same alleged "scheme" (App. at 6), which already has been considered and rejected by the Liechtenstein court. But there is no reason to presume anything now that Petitioner has withdrawn those two proceedings.

Second, Petitioner argues that the Liechtenstein court in the Solkomtel

-7-

Proceeding will be receptive to additional evidence obtained pursuant to the Application and contends that Ms. Żak does not dispute what Petitioner alleges are "controlling Liechtenstein law and procedures." Reply at 3; *see also id.* at 1, 2, 5. This, too, misstates Ms. Żak's position in the Opposition and the factual record. *See* Opp. at 3, 18, 19. As the Liechtenstein court's stay orders make clear, the Solkomtel Proceeding "will be stayed until a final decision has been made on the (decisive) facts of the case," at which time the court will apply the "evidence" and "final decision on the facts" from the TiVi Proceeding to the Solkomtel Proceeding. Motal Decl., Ex. C at 2, 4; Motal Supp. Decl. ¶¶ 59–60. Again, Petitioner makes no effort to address the Liechtenstein court's stay orders which govern here. And the cases cited in Petitioner's reply brief regarding requests for Section 1782 discovery in a stayed foreign proceeding have no bearing here because none involved a situation where a court stayed a case in explicit contemplation of applying the fact-finding from another case.[4]

---

[4] *See In re Inv. Bank PSC*, 567 F. Supp. 3d 449, 450 (S.D.N.Y. 2021) (petitioner indicated that he intended to assert new claims in the foreign proceeding once the stay was lifted); *In re CI Invs. Inc.*, 23 Misc. 434 (GHW) (GS), 2023 WL 8643965, at *4 (S.D.N.Y. Dec. 14, 2023) (the foreign court's stay orders did not provide that the court would apply the findings from other proceedings once the stay was lifted); *In re Batbold*, No. 21-MC-218 (RA) (OTW), 2021 WL 4596536, at *3 (S.D.N.Y. Oct. 6, 2021) (the foreign proceeding was stayed based on the foreign court's review of the "top secret" designation, which did not impact the merits of the case), *aff'd*, No. 21-MC-218 (RA) (OTW), 2023 WL 2088524 (S.D.N.Y. Feb. 17, 2023); *In re Application of AIS GmbH Aachen Innovative Sols. & Abiomed Eur. GmbH*, Case No. 5:16-mc-80094-EJD, 2017 WL 3115228 (N.D. Cal. July 21, 2017) (respondent had foregone opportunities to oppose the Section 1782 discovery application or to move to quash the subpoena, and the parties were instead in the midst of a discovery dispute when the respondent raised an argument based on the stay of the foreign proceeding for the first time; therefore, the court in that case did not engage in a fulsome analysis of the effects of the stay in the foreign proceeding under the Section 1782 statutory factors or under the *Intel* discretionary factors).

-8-

RESPONDENT'S SUR-REPLY IN OPPOSITION TO PETITIONER'S
*EX PARTE* 28 U.S.C. § 1782 APPLICATION

On December 18, 2025, the appeal court issued a decision in the TiVi Proceeding, affirming the trial court's decision finding that the TiVi Declarations that Petitioner signed on August 2, 2024 were valid and enforceable, Petitioner validly waived his rights as a founder under the statutes of the TiVi Foundation, and that there was no scheme by the Children and others to remove Petitioner from the TiVi Foundation. Motal Supp. Decl. ¶ 61. Based on the decision in the TiVi Proceeding and the stay orders in the Solkomtel Proceeding, the Liechtenstein court will apply the "evidence" and "final decision on the facts" from the TiVi Proceeding to the Solkomtel Proceeding. *Id.* ¶ 60. Thus, there is no basis for Petitioner's request for discovery proposed in his Application in connection with any of the Liechtenstein Proceedings.

## CONCLUSION

For the foregoing reasons and those set forth in the Opposition, Petitioner's Application should be denied.

Dated: December 24, 2025

BIRD, MARELLA, RHOW, LINCENBERG, DROOKS, & NESSIM, LLP

By: */s/ Gary S. Lincenberg*
Gary S. Lincenberg (SBN 123058)
William E. Johnston (SBN 287707)
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
glincenberg@birdmarella.com
wjohnston@birdmarella.com

CADWALADER, WICKERSHAM & TAFT LLP

Martin Weinstein (Admitted *Pro Hac Vice*)
Hyungjoo Han (Admitted *Pro Hac Vice*)
1919 Pennsylvania Ave NW
Washington, D.C. 20006
Martin.Weinstein@cwt.com
Hyungjoo.Han@cwt.com

-9-

RESPONDENT'S SUR-REPLY IN OPPOSITION TO PETITIONER'S
*EX PARTE* 28 U.S.C. § 1782 APPLICATION

Matthew M. Karlan (Admitted *Pro Hac Vice*)
200 Liberty Street
New York, NY 10281
Matthew.Karlan@cwt.com

*Attorneys for Respondent*
ALEKSANDRA ZAK

-10-

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Respondent Aleksandra Żak, certifies that this brief contains 2,769 words, which complies with the word limit of L.R. 11-6.1.

Dated:  December 24, 2025        Respectfully submitted,


                                */s/ Gary S. Lincenberg*
                                Gary S. Lincenberg