

Amy Jane Longo (SBN 198304)
Amy.Longo@ropesgray.com
ROPES & GRAY LLP
10250 Constellation Blvd.
Los Angeles, California 90067
Tel: 310-975-3000
Fax: 310-975-3400

David B. Hennes (admitted *pro hac vice*)
Andrew S. Todres (admitted *pro hac vice*)
David.Hennes@ropesgray.com
Andrew.Todres@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: 212-596-9000
Fax: 212-596-9090

Isaac C.H. Sommers (admitted *pro hac vice*)
Isaac.Sommers@ropesgray.com
ROPES & GRAY LLP
2099 Pennsylvania Ave NW
Washington, DC 20006
Tel: 202-508-4600
Fax: 202-508-4650

*Attorneys for Petitioner*
ZYGMUNT SOLORZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF ZYGMUNT SOLORZ FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | ) No.: 2:25-mc-00112-MEMF-JC<br>)<br>) **RESPONSE TO RESPONDENT'S**<br>) **OBJECTIONS TO THE**<br>) **FEBRUARY 3, 2026 REPORT AND**<br>) **RECOMMENDATION**<br>)<br>) Courtroom: 8B<br>) Hon. Maame Ewusi-Mensah<br>) Frimpong<br>) Hon. Jacqueline Chooljian<br>) Initial Petition Filed:  Oct. 29, 2025<br>) |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

I.      FACTUAL BACKGROUND .........................................................................3

        A.      The Parties......................................................................................3

        B.      The Solkomtel Proceeding .............................................................4

        C.      The R&R and Relevant Principles of Liechtenstein Law and
                Procedure........................................................................................5

II.     LEGAL STANDARD .....................................................................................7

III.    ARGUMENT...................................................................................................8

        A.      The R&R Correctly Concluded that the Petition Satisfies the
                Statutory "For Use" Requirement. ................................................9

        B.      The R&R Carefully Evaluated Each of the Discretionary *Intel*
                Factors and Appropriately Recommended that Discovery
                Proceed. .......................................................................................12

                1.  The First *Intel* Factor Does Not Weigh Against Discovery
                    Because the Liechtenstein Court Cannot Effectively
                    Compel Ms. Żak to Produce Documents...................................13

                2.  The Second *Intel* Factor Does Not Weigh Against Discovery
                    Because the Solkomtel Court Can Consider New Evidence
                    Obtained Through a Section 1782 Petition................................15

                3.  The Fourth *Intel* Factor Does Not Weigh Against Discovery,
                    Particularly Because Judge Chooljian Recommended that
                    the Subpoena Be Narrowed to Reduce Any Burden. ..................16

CONCLUSION.......................................................................................................17

RESPONSE TO RESPONDENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re 507 Summit LLC*,
    2023 WL 7354643 (C.D. Cal. July 11, 2023), *report and recommendation adopted sub nom. 507 Summit LLC v. Chien*, 2023 WL 7345786 (C.D. Cal. Nov. 6, 2023) ..............................................................16

*507 Summit LLC v. Roth Cap. Partners, LLC*,
    2023 WL 9319003 (C.D. Cal. Dec. 7, 2023) (granting Section 1782 discovery)...........................................................................................................17

*Advanced Micro Devices, Inc. v. Intel Corp.*,
    292 F.3d 664 (9th Cir. 2002), *aff'd*, 542 U.S. 241 (2004).............................8, 12

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*,
    793 F.3d 1108 (9th Cir. 2015) .......................................................................9, 12

*In re al Ibrahim*,
    2022 WL 18674434 (C.D. Cal. Oct. 31, 2022), *report and recommendation adopted sub nom. In re Ibrahim*, 2022 WL 16973297 (C.D. Cal. Nov. 16, 2022) ...................................................................14

*In re Ex Parte Apple Inc.*,
    2015 WL 5838606 (S.D. Cal. Oct. 7, 2015)........................................................12

*In re Application of AIS GmbH Aachen Innovative Sols. & Abiomed Eur. GmbH*,
    2017 WL 3115228 (N.D. Cal. July 21, 2017) ....................................................11

*In re Batbold*,
    2021 WL 4596536 (S.D.N.Y. Oct. 6, 2021), *aff'd*, 2023 WL 2088524 (S.D.N.Y. Feb. 17, 2023).................................................................11

*In re CI Invs. Inc.*,
    2023 WL 8643965 (S.D.N.Y. Dec. 14, 2023)......................................................11

*CPC Patent Techs. PTY Ltd. v. Apple, Inc.*,
    34 F.4th 801 (9th Cir. 2022) ...............................................................................7

*de Leon v. Clorox Co.*,
    2020 WL 4584204 (N.D. Cal. Aug. 10, 2020)....................................................14

RESPONSE TO RESPONDENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

*financialright GmbH v. Robert Bosch LLC,*
 294 F. Supp. 3d 721 (E.D. Mich. 2018) .......................................................11, 13

*In re Gliner,*
 133 F.4th 927 (9th Cir. 2025) ...........................................................................8

*Intel Corp. v. Advanced Micro Devices, Inc.,*
 542 U.S. 241 (2004).................................................................................*passim*

*In re Inv. Bank PSC,*
 567 F. Supp. 3d 449 (S.D.N.Y. 2021) ...............................................................11

*Khrapunov v. Prosyankin,*
 931 F.3d 922 (9th Cir. 2019) .............................................................................8

*In re Ex Parte LG Elecs. Deutschland GmbH,*
 2012 WL 1836283 (S.D. Cal. May 21, 2012) ....................................................12

*Matter of Lufthansa Technick AG,*
 2019 WL 280000 (W.D. Wash. Jan. 22, 2019) ..................................................14

*Lufthansa Technik AG v. Thales Avionics, Inc.,*
 2024 WL 3996618 (C.D. Cal. Aug. 2, 2024) .....................................................12

*Moore v. Verizon Comm'ns Inc.,*
 2014 WL 588035 (N.D. Cal. Feb. 14, 2014).......................................................7

*O'Bannon v. Nat'l Collegiate Athletic Ass'n,*
 2016 WL 1255454 (N.D. Cal. Mar. 31, 2016), *aff'd*, 739 F. App'x
 890 (9th Cir. 2018) ...........................................................................................7

*Palantir Technologies, Inc. v. Abramowitz,*
 415 F. Supp. 3d 907 (N.D. Cal. 2019)...............................................................14

*Qualcomm Inc.*, 2018 WL 6660068 (N.D. Cal. Dec. 19, 2018) .............................10

*In re Sergeeva,*
 2013 WL 12169388 (N.D. Ga. Nov. 22, 2013), *objections overruled*,
 2015 WL 12866970 (N.D. Ga. Feb. 6, 2015)..............................................10, 11

*United States v. Google LLC,*
 690 F. Supp. 3d 1011 (N.D. Cal. 2023)..............................................................15

*United States v. Raddatz,*
 447 U.S. 667 (1980)...........................................................................................7

RESPONSE TO RESPONDENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

**Statutes**

28 U.S.C. § 636(b)(1) ...............................................................................................7

28 U.S.C. § 1782(a) ..................................................................................................8

**Other Authorities**

THE ASSET TRACING AND RECOVERY REVIEW 234 (Robert Hunter ed.,
8th ed. 2020),
https://gasserpartner.com/storage/publikationen/artikel-
2020/the_asset_tracing_and_recovery_review__edition_8_-
_liechtenstein.pdf................................................................................................13

RESPONSE TO RESPONDENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Pursuant to Federal Rule of Civil Procedure 72(b)(2), Petitioner Zygmunt Solorz respectfully submits this Response to Respondent Aleksandra Żak's Objections to Report and Recommendation of United States Magistrate Judge (the "Objections") (Dkt. 39).[1]

## PRELIMINARY STATEMENT

In a carefully considered, highly detailed, and well-reasoned twenty-one-page Report and Recommendation ("R&R"), Magistrate Judge Chooljian correctly recommended that the Court grant Mr. Solorz leave to serve a narrowly tailored Section 1782 subpoena on Ms. Żak, a U.S. resident, to obtain evidence for use in a foreign proceeding pending in Liechtenstein (the "Solkomtel Proceeding") (Case Number 06 HG.2025.22).  That recommendation is based on well-settled U.S. law and undisputed declarations from Liechtenstein counsel regarding Liechtenstein law.  That evidence demonstrates that the information Mr. Solorz seeks in aid of the Solkomtel Proceeding "would be capable of being admitted for use" in that proceeding, and that Liechtenstein courts—which are amenable to Section 1782 discovery—"do[] not have 'U.S.-style' discovery procedures" or any similar laws to compel a U.S. resident like Ms. Żak to produce the type of evidence Mr. Solorz seeks through this Petition.  R&R at 11, 13.  That should be the end of the matter.  Indeed, even after multiple rounds of briefing before Judge Chooljian, including a sur-reply with an additional foreign law declaration from Liechtenstein counsel, Ms. Żak did not meaningfully contest any of these clear bases for discovery.

Now, in her third bite at the apple, Ms. Żak **still** creates no genuine dispute as to any of these core underpinnings of Judge Chooljian's R&R.  Instead, Ms. Żak's purported Objections to the R&R attempt to resurrect two primary arguments that Judge Chooljian carefully considered and appropriately rejected in the R&R.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in Mr. Solorz's Petition and Reply Brief, though some such terms have been redefined here in identical form for the convenience of the Court.

RESPONSE TO RESPONDENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

*First*, Ms. Żak again claims that Mr. Solorz has no "use" for the discovery he seeks in the Solkomtel Proceeding, which is presently stayed in favor of a related proceeding (the "TiVi Proceeding") (Case Number 06 HG.2024.210), because the Solkomtel Court indicated in an order staying the proceeding (the "Stay Order") that it may apply the facts from the TiVi Proceeding to the Solkomtel Proceeding once the stay is lifted. *See* Objections at 12-15, 19. But as Judge Chooljian correctly recognized, and Ms. Żak *still does not dispute*, even if the Solkomtel Court does apply the TiVi Proceeding factual findings to the Solkomtel Proceeding when the stay is lifted, neither the Stay Order nor Liechtenstein law would prevent the Solkomtel court from "consider[ing] additional relevant evidence before rendering a final decision" or "necessarily prohibit Petitioner from attempting to introduce newly obtained relevant evidence." R&R at 16. Accordingly, in all events, the evidence Mr. Solorz seeks through the Petition is capable of being used in the Solkomtel Proceeding.

*Second*, Ms. Żak repeats her contention that Mr. Solorz could have requested and obtained documents from Ms. Żak through Liechtenstein procedures in the Solkomtel Proceeding, and thus should not be permitted to seek Section 1782 discovery from her in the U.S. *See* Objections at 15-18, 20-22. But as Judge Chooljian correctly found, "the Liechtenstein court ultimately lacks authority to order her to produce the requested documents." R&R at 18. These documents—while available as a matter of course in U.S. discovery—are not available through any Liechtenstein discovery procedures, especially from a person who resides in the U.S. Ms. Żak provides no opinion to the contrary. At most, she points to an unsupported statement attached to her sur-reply by her Liechtenstein counsel, Bernhard Motal, claiming that in certain circumstances, a Liechtenstein court can order a party to disclose *any* type of document. *See* Objections at 16-17 (citing Motal Supp. Decl. ¶¶ 32-35). Remarkably, Mr. Motal's law firm has previously authored a publication of Liechtenstein law that confirms the opposite and also reiterates that there is no comparable provision to U.S.-style discovery for compulsory pretrial discovery in

2

Liechtenstein. And even if Mr. Motal's made-for-litigation claim were an accurate statement of Liechtenstein law—it is not—he does not dispute that such discovery cannot be effectively compelled from a person residing in the U.S., outside of the Liechtenstein court's jurisdiction, as Judge Chooljian correctly recognized. *See* R&R at 18.

Finally, Ms. Żak's effort to portray herself as a cooperative witness in Liechtenstein who stands ready to provide any relevant evidence (Objections at 16) rings hollow. If she were actually willing to provide the discovery that Mr. Solorz has requested through this Petition, she would have done so by now and not filed three separate briefs in full-throated opposition to production. That is especially so at this juncture, after Judge Chooljian recommended narrowing the scope of Mr. Solorz's proposed discovery requests in order to reduce any attendant burden on Ms. Żak—a recommendation to which Mr. Solorz does not object.

At bottom, Mr. Solorz seeks a limited set of documents that are relevant to and can be used in the Solkomtel Proceeding in Liechtenstein, and the only way he can effectively compel their production is through this Petition, which meets all of Section 1782's requirements. Accordingly, Judge Chooljian's well-reasoned R&R should be adopted in its entirety, and the narrow discovery she authorized Mr. Solorz to serve should be permitted to proceed promptly.

## I.   FACTUAL BACKGROUND[2]

### A.   The Parties

Mr. Solorz is a Polish entrepreneur who founded Poland's first private television station and many other successful businesses. *See* Petition at 6; Ott Decl. ¶ 6. He contributed his core business assets to two Liechtenstein-based "foundations" (roughly comparable to "trusts" in the U.S.) known as the "TiVi Foundation" and the

---

[2] The relevant factual background is drawn from the Petition and supporting documents and summarized only briefly here for the convenience of the Court, especially given Magistrate Chooljian's extensive recitation of the facts in the R&R.

RESPONSE TO RESPONDENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

"Solkomtel Foundation" (together, the "Foundations"). *See* Petition at 6; Ott Decl. ¶ 6. Mr. Solorz is the sole founder and sole primary beneficiary of those Foundations. Ott Decl. ¶ 6. In August 2024, Mr. Solorz's children attempted to obtain control over those Foundations by inducing him to execute certain written declarations (the "Declarations") to amend the Foundations' governing documents. *See* Petition at 6. While his children represented to him that the Declarations were intended to protect the Foundations and their family, the Declarations were actually designed to permanently strip Mr. Solorz of certain control over the Foundations and to instead transfer such control to his children. *See* Petition at 6-7; Ott Decl. ¶¶ 14-20.

After discovering that he had been misled into executing these Declarations—which did not reflect his intended plans for the Foundations—Mr. Solorz undertook prompt actions to revoke the Declarations, restore his control over the Foundations, and execute further amendments to the Foundations' governing documents (the "Corrective Actions"). *See* Petition at 7; Ott Decl. ¶ 21. Dozens of legal proceedings throughout Europe relating to the validity of the Declarations and the Corrective Actions have ensued since August 2024. *See* Petition at 7.

## B.    The Solkomtel Proceeding

One such foreign proceeding currently pending in Liechtenstein, and which is the subject of Mr. Solorz's Petition, is the Solkomtel Proceeding.[3] In the Solkomtel

---

[3] As noted in Petitioner's Reply Memorandum, because two of the three Foreign Proceedings for which the Petition initially sought discovery have been withdrawn, Mr. Solorz only seeks Section 1782 discovery in aid of the Solkomtel Proceeding. *See* Dkt. No. 26 ("Petitioner's Reply Memorandum") at 1 n.2; *see also* Objections at 9. In relation to these voluntarily withdrawn proceedings, Respondent also repeats the baseless allegation that Mr. Solorz withdrew these proceedings "because" of an "audit report" which purportedly uncovered "evidence" that Mr. Solorz was supposedly attempting to "siphon corporate assets" from certain foundations. Objections at 9; Dkt. No. 34 at 1-2, 4. As in prior briefing, Mr. Solorz vigorously disputes that claim, rejects any and all accusations of impropriety, and will defend himself as necessary in any appropriate forum. *See* Dkt. No. 30 at 5. But the matter has no bearing whatsoever on the Petition before this Court.

4

RESPONSE TO RESPONDENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Proceeding, Mr. Solorz seeks to invalidate the Solkomtel Foundation-specific Declarations that purported to vest his children with certain control over the Solkomtel Foundation.  A related action—the "TiVi Proceeding"—raises a related challenge to a separate and distinct set of governing documents for the TiVi Foundation.  On August 13, 2025, the Liechtenstein court issued an order effectively staying the Solkomtel Proceeding in favor of the related TiVi Proceeding.  *See* Ott Decl. ¶¶ 27-30; Ott Decl., Ex. L.  The foreign court reasoned that because the Solkomtel Proceeding and the TiVi Proceeding involve "essentially the same facts" (with "at least one difference" concerning the foundations' governing documents), a stay was appropriate "for obtaining the results of the evidence or the legally binding decision on the facts of the case (which are essential for the decision)."  Ott Decl., Ex. L at 3; *see* Motal Decl., Ex. C at 2.  However, as recognized by Judge Chooljian in the R&R, and contrary to Respondent's contention, there no "express statement" that the Liechtenstein court "would apply the factual findings" from the TiVi Proceeding to the Solkomtel Proceeding.  R&R at 15 n.16.  Nor does the Stay Order in any way "prohibit Petitioner from attempting to introduce newly obtained relevant evidence."  R&R at 16.

On December 18, 2025, a Liechtenstein appellate court issued a decision affirming a prior trial court decision in the TiVi Proceeding that contained findings favorable to Ms. Żak and her siblings.  *See* Objections at 8.  The stay in the Solkomtel Proceeding has not yet been formally lifted and thus remains stayed at an early stage in a Liechtenstein court.

> **C.** **The R&R and Relevant Principles of Liechtenstein Law and Procedure**

On February 3, 2026, Magistrate Judge Chooljian issued a carefully considered and thorough R&R recommending that this Court permit Mr. Solorz to serve a narrowed version of the Subpoena appended to the Petition on Ms. Żak.  Specifically, the R&R proposes narrowing the original subpoena proposed by Mr. Solorz—which sought documents across seven topics across a default date range of June 1, 2024 to

RESPONSE TO RESPONDENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

the present (with some specific document requests dating back to, at the earliest, January 1, 2023)—to a total of three targeted requests for a shortened time period of June 1, 2024 to the present.

Magistrate Judge Chooljian's recommendation was based on the principal conclusion that the Petition met all of Section 1782's statutory requirements, including that the discovery sought was "for use" in the Solkomtel Proceeding. Judge Chooljian reached this conclusion notwithstanding the fact that the Solkomtel Proceeding was stayed pending a decision in the related TiVi Proceeding, correctly concluding that even if the TiVi Proceeding's factual findings are applied to the Solkomtel Proceeding (an "inference" which "may well be a fair one," but which the Stay Order "do[es] not expressly so state," R&R at 15 n.16), the Stay Order does not limit the Solkomtel Court to considering **only** findings from the TiVi Proceeding. Rather, even if it is "unlikely" (R&R at 15) that the Solkomtel Court will make materially different factual findings, the undisputed Liechtenstein law and procedure are clear: "factual submissions and evidence [may] be presented **at any time** during the proceeding of first instance," such that "[a]ny discovery obtained from Ms. Żak pursuant to Section 1782 **would be capable of being admitted**" to the Solkomtel Court. Ott Decl. ¶¶ 43, 45 (emphasis added). The R&R recognized this uncontested legal principle, agreeing that Liechtenstein courts "retain discretion to admit new evidence at any point before the case is decided or a written judgment is entered." R&R at 12-13 (citing Ott Decl. at 13 n.5; Ott Supp. Decl. ¶¶ 8-9).

The R&R was also based on a number of generally undisputed points of Liechtenstein law and procedure, including that:

- "Liechtenstein does not have 'U.S.-style' discovery procedures," (R&R at 11) (citing Ott Decl. ¶ 41; Ott Supp. Decl. ¶ 7; Motal Supp. Decl. ¶ 34));

- Liechtenstein courts are "amenable to receiving evidence obtained by parties through Section 1782 petitions, including from the United States," (R&R at 12 (citing Ott Decl. ¶¶ 42, 43, 48-50; Ott Decl., Ex. Q); and

- Liechtenstein courts "ultimately lack[] authority to order [Ms. Żak] to produce the requested documents," noting that Respondent failed to "specifically address [Liechtenstein] courts' authority to compel documents (indispensable or otherwise) from parties such as Respondent who reside in the United States," (R&R at 12, 18).

## II.   <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 636(b)(1), when a Magistrate Judge issues a report and recommendation on a dispositive motion, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Although district courts therefore review reports and recommendations concerning Section 1782 petitions *de novo*, *see, e.g.*, *CPC Patent Techs. PTY Ltd. v. Apple, Inc.*, 34 F.4th 801, 805 (9th Cir. 2022), the Supreme Court has made clear that because Section 636(b)(1) "provid[es] for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."  *United States v. Raddatz*, 447 U.S. 667, 676 (1980).  And, as courts in this Circuit have recognized, it is entirely "appropriate to give significant weight" to a report and recommendation in which the magistrate judge is highly familiar with the legal and factual details at issue. *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, 2016 WL 1255454, at *3 (N.D. Cal. Mar. 31, 2016), *aff'd*, 739 F. App'x 890 (9th Cir. 2018).  It is therefore appropriate for this Court, in conducting its *de novo* review, to give significant weight to, and adopt, the "well-reasoned and thorough Report and Recommendation containing specific findings and conclusions" by the Magistrate Judge, especially when there is no "compelling reason for the Court to reject the recommendation."  *Moore v. Verizon Comm'ns Inc.*, 2014 WL 588035, at *3 (N.D. Cal. Feb. 14, 2014) (overruling objections and adopting R&R).

RESPONSE TO RESPONDENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

## III.   ARGUMENT

Section 1782 serves two purposes: to "provid[e] efficient assistance to participants in international litigation" and to "encourag[e] foreign countries by example to provide similar assistance to [U.S.] courts." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004) (citation omitted). Consistent with those aims, Section 1782 permits "liberal discovery" (*Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 669 (9th Cir. 2002), *aff'd*, 542 U.S. 241 (2004)), and district courts are granted "substantial discretion to permit" requested discovery. *Khrapunov v. Prosyankin*, 931 F.3d 922, 926 (9th Cir. 2019). In light of the purposes of Section 1782, courts consider four "non-exhaustive factors": "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) whether the discovery request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the discovery request is 'unduly intrusive or burdensome.'" *In re Gliner*, 133 F.4th 927, 932-33 (9th Cir. 2025) (quoting *Intel*, 542 U.S. at 264-65).

Although Respondent conceded that Petitioner satisfied the first and third statutory requirements, *see* R&R at 14, she contested whether the discovery Mr. Solorz seeks is "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). *See* R&R at 15. However, following a careful consideration of both parties' declarations of foreign law and extensive briefing, the R&R correctly concluded that Petitioner "satisfied the three general requirements for a Section 1782 Order" because the Liechtenstein court may still "consider additional relevant evidence before rendering a final decision once the stay is lifted." R&R at 16.

The four discretionary *Intel* factors also do not counsel against granting Mr. Solorz's Petition:   Liechtenstein courts lack authority to reach into foreign

8

jurisdictions and compel persons like Ms. Żak, a U.S. resident, to produce evidence; the Liechtenstein court has not indicated that it would oppose any introduction of new evidence in the Solkomtel Proceeding, as is permitted by Liechtenstein law; parties need not seek discovery in a foreign court before pursuing Section 1782 discovery; and the narrowed subpoena permitted by the R&R would not be overly burdensome to Respondent.   The R&R found that although the evidence was "mixed," three of these four factors were "neutral" with respect to the Petition.  R&R at 17-20.  Although a district court is "not required to address explicitly every [*Intel*] factor," *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1112 (9th Cir. 2015), Judge Chooljian nonetheless "consider[ed] all of the [*Intel*] factors . . . in light of the record" (R&R at 20) and properly applied the law to the facts.   Accordingly, Petitioner respectfully asks the Court to adopt the well-reasoned R&R in full.

**A.    The R&R Correctly Concluded that the Petition Satisfies the Statutory "For Use" Requirement.**

Although Ms. Żak does not dispute the first and third statutory requirements for Section 1782 discovery, she contends that Mr. Solorz fails to satisfy the requirement that the discovery be "for use" in a foreign proceeding solely based on Respondent's strained reading of the Liechtenstein court's Stay Order in the Solkomtel Proceeding. Objections at 12-13.  Specifically, Ms. Żak "infer[s]" (R&R at 15 n.16) that because the foreign court "has made it clear in its stay orders that it would rely on the factual record established in the TiVi Proceeding in rendering a decision in the Solkomtel Proceeding," it is therefore "inconceivable" that the Liechtenstein court would entertain new evidence that might cast the facts in a new and different light. Objections at 12-14.

Ms. Żak's objection is plainly refuted by both the plain language of the Stay Order and undisputed Liechtenstein law.  As Judge Chooljian recognized, even if it is "[]likely" that the Solkomtel Court will make "factual or legal determinations" based on findings in the TiVi Proceeding, it ***may also*** "consider additional relevant

RESPONSE TO RESPONDENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

evidence," such as evidence obtained through a Section 1782 Petition, "before rendering a final decision." R&R at 15-16. Nothing in the Stay Order expressly limits the Solkomtel Court to considering *only* the factual findings from the TiVi Proceeding.[4] Rather, as neither Ms. Żak nor her legal expert disputes, Liechtenstein courts "generally allow factual submissions and evidence to be presented at any time during the pendency of a proceeding of first instance." Ott Decl. ¶ 43. And because there is also no dispute that the Solkomtel Proceeding was stayed "in an early stage" (R&R at 15; *see* Ott Decl. ¶ 30 ("[T]he Solkomtel [Proceeding] remains pending in the trial-level court in an early stage of the proceeding.")), it therefore follows that "Mr. Solorz will have the ability to introduce new evidence into that proceeding once the stay is lifted." Ott Decl. ¶ 30. Respondent has not, and cannot, point to any Liechtenstein procedural rule or law, or any statement in the Stay Order, that says otherwise.

Accordingly, the Petition plainly satisfies the "for use" requirement of Section 1782. As Respondent's own authority makes clear, "[i]t is enough under § 1782 that *some* avenue exists for [petitioner] to introduce the evidence it seeks to discover," even where it is unclear "[h]ow the [foreign court] will apply those mechanisms." *Qualcomm Inc.*, 2018 WL 6660068, at *2 (N.D. Cal. Dec. 19, 2018) (granting motion to compel documents pursuant to Section 1782 petition) (emphasis added). There is more than "some" avenue here, as evidenced by the unrefuted Ott Declaration's plain statement that Liechtenstein courts "generally allow factual submissions and evidence to be presented *at any time* during the pendency of a proceeding of first instance." Ott Decl. ¶ 43 (emphasis added). And where, as here, the foreign court has not "unequivocally stated that it will not consider any new evidence," it is "neither necessary nor advisable" for U.S. courts to delve into a "'speculative foray' into

---

[4] Indeed, the Stay Order does not even "expressly [] state" that the TiVi Proceeding factual findings will be applied to the Solkomtel Proceeding at all. R&R at 15 n.16.

RESPONSE TO RESPONDENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

foreign law." *In re Sergeeva*, 2013 WL 12169388, at *4-5 (N.D. Ga. Nov. 22, 2013) ("for use" statutory requirement satisfied), *objections overruled*, 2015 WL 12866970 (N.D. Ga. Feb. 6, 2015). Respondent cites no authorities to the contrary, and her repeated insistence that she has divined the Liechtenstein court's one true "intent" (Objections at 2-3, 13, 15, 19-20) hardly amounts to an "unequivocal[] state[ment]" that the foreign tribunal intends to depart from well-settled Liechtenstein procedural law. *In re Sergeeva*, 2013 WL 12169388, at *4.

Respondent also repeats her previously rejected argument that Mr. Solorz cannot seek discovery in aid of the Solkomtel Proceeding because it is presently stayed. Objections at 15. But that argument ignores both the plain text of the statute, which contains no such limitation, and the great weight of authority recognizing that Section 1782 discovery is proper "notwithstanding the [foreign court's] stay" of a foreign proceeding. *In re Application of AIS GmbH Aachen Innovative Sols. & Abiomed Eur. GmbH*, 2017 WL 3115228, at *5 (N.D. Cal. July 21, 2017) (affirming magistrate judge's grant of Section 1782 petition); *see* Petitioner's Reply Memorandum at 8 (collecting cases).[5]

---

[5] *See, e.g.*, *In re Batbold*, 2021 WL 4596536, at *3 (S.D.N.Y. Oct. 6, 2021) (granting Section 1782 petition and rejecting respondent's argument that stay of foreign proceedings constituted failure to satisfy "for use" requirement), *aff'd*, 2023 WL 2088524 (S.D.N.Y. Feb. 17, 2023); *In re CI Invs. Inc.*, 2023 WL 8643965, at *4 (S.D.N.Y. Dec. 14, 2023) (granting Section 1782 petition and finding "for use" requirement satisfied because although petitioners were "presumably not actively litigating" certain foreign proceedings "which [had] been stayed . . . . any evidence gathered through this proceeding can be used" once the proceedings "'resume'"); *In re Inv. Bank PSC*, 567 F. Supp. 3d 449, 450 (S.D.N.Y. 2021) (granting Section 1782 petition where petitioner "intends to use the evidence called for by the subpoenas to make new claims in a pending—albeit temporarily stayed—civil proceeding" in a foreign tribunal). Respondent's solitary citation to *financialright GmbH v. Robert Bosch LLC*, 294 F. Supp. 3d 721, 731 (E.D. Mich. 2018)—which concerned a stay for *jurisdictional* purposes—does not warrant otherwise.

RESPONSE TO RESPONDENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

**B.    The R&R Carefully Evaluated Each of the Discretionary *Intel* Factors and Appropriately Recommended that Discovery Proceed.**

Once the statutory requirements of Section 1782 are met—as they are here—the Court has considerable discretion to grant discovery, consistent with the "liberal discovery" aims of Section 1782. *Advanced Micro Devices*, 292 F.3d at 669. Although courts are "not required to address explicitly every [*Intel*] factor," *Akebia Therapeutics*, 793 F.3d at 1112, the R&R appropriately evaluated each of the *Intel* factors within the "liberal discovery frameworks of [S]ection 1782" in recommending that the Court grant Mr. Solorz's Petition in part. *Lufthansa Technik AG v. Thales Avionics, Inc.*, 2024 WL 3996618, at *16 (C.D. Cal. Aug. 2, 2024) (recommending granting Section 1782 petition in part with narrowed subpoena), *report and recommendation adopted*, 2024 WL 3993847 (C.D. Cal. Aug. 29, 2024). And because the "liberal discovery frameworks" of Section 1782 "favor broad discovery generally," it is appropriate to grant such discovery even where most of the *Intel* factors do not weigh in favor of the petition or otherwise "do not clearly dictate the manner in which the Court should exercise its discretion." *In re Ex Parte LG Elecs. Deutschland GmbH*, 2012 WL 1836283, at *3 (S.D. Cal. May 21, 2012) (granting Section 1782 petition even though only one *Intel* factor favored discovery, one weighed against, one "[did] not help to convince the Court to exercise its discretion in favor of the Applicant," and one raised "concerns regarding confidentiality"); *see In re Ex Parte Apple Inc.*, 2015 WL 5838606, at *5 (S.D. Cal. Oct. 7, 2015) (granting discovery even though only one *Intel* factor weighed in favor of granting the petition, one factor weighed against, one factor "does not support" the petition, and one factor was "neutral").

RESPONSE TO RESPONDENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

### 1.      The First *Intel* Factor Does Not Weigh Against Discovery Because the Liechtenstein Court Cannot Effectively Compel Ms. Żak to Produce Documents.

Judge Chooljian correctly determined that the first *Intel* factor—which considers whether "the person from whom discovery is sought is a participant in the foreign proceeding," *Intel*, 542 U.S. at 264—does not weigh against discovery. That is because although Ms. Żak "is a party to the Solkomtel [Proceeding]," the court in Liechtenstein, which does not have U.S.-style discovery or the effective means to compel a party outside of its jurisdiction to produce documents, "ultimately lacks authority to order her to produce the requested documents." R&R at 17-18.

This fact is not—and has never been—in genuine dispute. At most, Ms. Żak tries to rely on a single, unsupported statement attached to her sur-reply by her Liechtenstein counsel, Mr. Motal, claiming that in certain circumstances, a Liechtenstein court can order a party to disclose *any* type of document. *See* Objections at 16-17 (citing Motal Supp. Decl. ¶¶ 32-35). But as an initial matter, that unsupported statement is demonstrably false and contradicted by other statements by Ms. Żak's own counsel. Indeed, not only does Mr. Motal himself concede that there are no "U.S.-style discovery" procedures in Liechtenstein (Motal Supp. Decl. ¶ 34), his own law firm and Ms. Żak's own foreign counsel, Gasser Partner Attorneys-at-Law ("Gasser"), has confirmed, in a widely distributed publication, that: "For persons familiar with US litigation, it may be difficult to accept that there is *no comparable provision for compulsory pretrial discovery under Liechtenstein law*." Thomas Nigg (Senior Partner at Gasser), *Liechtenstein*, in THE ASSET TRACING AND RECOVERY REVIEW 234, 238 (Robert Hunter ed., 8th ed. 2020), https://gasserpartner.com/storage/publikationen/artikel-

RESPONSE TO RESPONDENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

2020/the_asset_tracing_and_recovery_review__edition_8_-_liechtenstein.pdf (emphasis added).[6]

Moreover, even if Mr. Motal's belated, made-for-litigation claim in a sur-reply were an accurate statement of Liechtenstein law—it is not—he does not dispute that such discovery cannot be effectively compelled from a person residing in the U.S., outside of the Liechtenstein court's jurisdiction, as Judge Chooljian correctly recognized.  Without any basis to dispute this fact, Ms. Żak merely re-asserts another statement by Mr. Motal attached to her sur-reply—that a Liechtenstein court can "enforce[]" an order to produce documents through "coercive measures."  Objections at 17 (citing Motal Supp. Decl. ¶ 35)).  That vague and similarly unsupported statement comes nowhere close to establishing that a Liechtenstein court has the "authority" to order or compel a U.S. resident to comply with a document request.  R&R at 18.

Instead, as courts in the Ninth Circuit have recognized, when a foreign court "cannot order the discovery sought here," *Palantir Technologies, Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 913 (N.D. Cal. 2019), or where there is a "lack of an effective discovery mechanism" in the foreign tribunal, *Matter of Lufthansa Technick AG*, 2019 WL 280000, at *2 (W.D. Wash. Jan. 22, 2019), U.S. courts will often weigh the first *Intel* factor favorably or neutrally with respect to granting discovery—even where the respondent is a party to the foreign proceedings.  The same outcome is warranted here, as the R&R correctly reasoned.  R&R at 17-18.  This factor does not weigh against granting the Petition.

Finally, Judge Chooljian was correct in giving little weight to Ms. Żak's argument—repeated again here—that Mr. Solorz purportedly "made no effort to seek

---

[6] Instead, the Gasser article clarifies that there are just four "limited" circumstances not relevant here in which documents may be sought: (i) where a party "refers to [documents] previously before the court," (ii) where the party bearing the burden of proof is "entitled by law to inspect a document," (iii) where the document was "prepared for the benefit of the moving party," or (iv) where the document is "evidence for the legal relationship between the parties."  *Id.*

RESPONSE TO RESPONDENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

discovery from Ms. Żak in Liechtenstein." Objections at 17.  The law is clear:  under the first *Intel* factor, courts "are not required to find, as a condition of that discovery, that an applicant has sought the discovery in the foreign proceedings in the first instance."  *In re al Ibrahim*, 2022 WL 18674434, at *4 (C.D. Cal. Oct. 31, 2022) (recommending granting petition in part), *report and recommendation adopted sub nom. In re Ibrahim*, 2022 WL 16973297 (C.D. Cal. Nov. 16, 2022) (adopting R&R); *see, e.g.*, *de Leon v. Clorox Co.*, 2020 WL 4584204, at *8 (N.D. Cal. Aug. 10, 2020) ("There is no requirement that the party seeking discovery pursuant to section 1782 must first request discovery from the foreign tribunal.") (cleaned up).[7]  And Ms. Żak's effort to portray herself as a cooperative witness in Liechtenstein who stands ready to provide any relevant evidence (Objections at 16) rings demonstrably hollow.  If she were actually willing to provide the discovery that Mr. Solorz has requested through this Petition, she would have done so by now and not filed three separate briefs in full-throated opposition to this application.

### 2. The Second *Intel* Factor Does Not Weigh Against Discovery Because the Solkomtel Court Can Consider New Evidence Obtained Through a Section 1782 Petition.

Judge Chooljian also correctly determined that the second *Intel* factor—which evaluates "the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"—does not weigh against discovery for all of the reasons previously explained:  courts in Liechtenstein "are generally receptive to consider evidence acquired through Section 1782 requests," and whether or not the Solkomtel Court relies on the TiVi Proceeding factual findings, it is also possible that the court will "consider new relevant evidence in assessing the matter before it."  R&R at 18-19 (collecting cases); *see also* Section III.A, *supra*; *United States v. Google LLC*,

---

[7] This argument, which was carefully considered by Judge Chooljian, was also the subject of extensive briefing.  *See* Opposition Brief at 21-22 & nn.7-8; Ott Decl. ¶¶ 40-43; Supp. Ott Decl. ¶ 7; Petitioner's Reply Memorandum at 8-9 (collecting cases)).

690 F. Supp. 3d 1011, 1020 (N.D. Cal. 2023) (weighing second *Intel* factor in favor of discovery where it was not "expressly [] clear that [the foreign court] would not accept [any new] evidence.").[8]

### 3. The Fourth *Intel* Factor Does Not Weigh Against Discovery, Particularly Because Judge Chooljian Recommended that the Subpoena Be Narrowed to Reduce Any Burden.

Finally, the R&R properly reasoned that—"given this Court's narrowing of the Proposed Subpoena"—the discovery Mr. Solorz seeks is not "unduly intrusive or burdensome," and may, in any event, be further narrowed "at a later juncture" if necessary. R&R at 20. Ms. Żak's objections to these findings—that the narrowed subpoena is still too broad as to time period and risks "pulling in irrelevant, personal, and private documents" unrelated to the parties' dispute—are unpersuasive. Objections at 21. As an initial matter, these are exactly the types of objections that can be raised at a later juncture, which is why the fourth *Intel* factor rarely counsels in favor of denying a Section 1782 petition outright. *See*, *e.g.*, *In re 507 Summit LLC*, 2023 WL 7354643, at *2 (C.D. Cal. July 11, 2023) & Case No. 2:23-mc-00048, ECF No. 1-17 at 9-14 (recommending granting Section 1782 petition in part and finding "no indication" that Section 1782 petition was "intrusive or burdensome" where subpoena comprised both forty-one different document requests and deposition testimony, noting that respondents are free to "seek[] relief from the subpoena(s) under the Federal Rules of Civil Procedure"), *report and recommendation adopted sub nom.*

---

[8] Ms. Zak's Objections do not contain argument regarding the third *Intel* factor, which Judge Chooljian determined to be inconclusive. *See* R&R at 19 (describing the "evidence in the record" on the third factor as "mixed but tend[ing] to weigh against granting the Petition"). Accordingly, Mr. Solorz does not address the third factor here, other than to note that the R&R does not identify any potentially applicable foreign proof-gathering restriction other than fact that the Solkomtel Proceeding is presently stayed; however, as detailed in Section III.A, *supra*, courts routinely permit Section 1782 discovery in aid of stayed foreign proceedings.

16

*507 Summit LLC v. Chien*, 2023 WL 7345786 (C.D. Cal. Nov. 6, 2023) (adopting R&R); *see also* Pet. at 23-25 (collecting cases).  Indeed, as Judge Chooljian correctly found, Ms. Żak did not even submit a declaration attesting to any burden—and she still has not done so here.  R&R at 20.

Her objections are also substantively meritless.  ***First***, despite the Court's narrowing the time period of the subpoena from Petitioner's originally requested period (a range of various dates for different documents, the earliest of which was January 1, 2023 to the present) to a more limited period (June 1, 2024 to the present), R&R at 21, Ms. Żak contends that the discovery period should *terminate* as of August 2, 2024 (Objections at 21)—the exact day on which Mr. Solorz executed the Declarations that his children induced him to sign.  Ms. Żak's position that the relevant time period for discovery should cut off on the very day that the most critical event at issue in the case occurred is nonsensical.  ***Second***, Ms. Żak's apparent concern over the possibility "of pulling in irrelevant, personal, and private documents" (Objections at 21) is hardly a basis to deny the Petition—that risk exists in every case and is appropriately mitigated through standard discovery practice.

Of course, as is customary, counsel for Mr. Solorz and Ms. Żak will meet-and-confer in good faith to develop an appropriate search protocol appropriately tailored to the relevant issues in the case, and Ms. Żak will not be required to produce a "personal" or "private" document that is irrelevant to the case.  To the extent any other issues arise, then as is again customary in Section 1782 discovery, the Court will retain jurisdiction of the matter, and Ms. Żak will have ample opportunity "to challenge the intrusiveness of the requests via a motion to quash or modify the subpoena."  *507 Summit LLC v. Roth Cap. Partners, LLC*, 2023 WL 9319003, at *3 (C.D. Cal. Dec. 7, 2023) (granting Section 1782 discovery).

## CONCLUSION

For these reasons, Petitioner respectfully requests that the Court adopt

RESPONSE TO RESPONDENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Magistrate Judge Chooljian's Report and Recommendation in full.


Dated: March 3, 2026             Respectfully submitted,


/s/ *Amy Jane Longo*
Amy Jane Longo (SBN 198304)
Amy.Longo@ropesgray.com
ROPES & GRAY LLP
10250 Constellation Blvd.
Los Angeles, California 90067
Tel: 310-975-3000
Fax: 310-975-3400

David B. Hennes (admitted *pro hac vice*)
Andrew S. Todres (admitted *pro hac vice*)
David.Hennes@ropesgray.com
Andrew.Todres@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: 212-596-9000
Fax: 212-596-9090

Isaac C.H. Sommers (admitted *pro hac vice*)
Isaac.Sommers@ropesgray.com
ROPES & GRAY LLP
2099 Pennsylvania Ave NW
Washington, DC 20006
Tel: 202-508-4600
Fax: 202-508-4650

*Attorneys for Petitioner*
ZYGMUNT SOLORZ

RESPONSE TO RESPONDENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Petitioner Mr. Zygmunt Solorz, certifies that this brief contains 5,697 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 3, 2026                    Respectfully submitted,


                                        /s/ Amy Jane Longo
                                        _____
                                        Amy Jane Longo

RESPONSE TO RESPONDENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION